A CERTIFIED TRUE COPY
ATTEST
By Debbie Nguyen on Aug 17, 2010
FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 17, 2010

FILED
CLERK'S OFFICE

# IN RE: GOOGLE INC. STREET VIEW ELECTRONIC COMMUNICATIONS LITIGATION

MDL No. 2184

## TRANSFER ORDER

**Before the entire Panel**: Plaintiffs in one District of District of Columbia action have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of District of Columbia. Plaintiffs in the other District of District of Columbia action and a potentially-related action support the motion. Plaintiffs in the Northern District of California and Southern District of Illinois actions and another potentially-related action, as well as defendant, Google, Inc. (Google), suggest centralization in the Northern District of California. Plaintiffs in the Eastern District of Pennsylvania and the District of Oregon actions suggest centralization in the Northern District of California or, alternatively, the District of Oregon. Plaintiff in the District of Massachusetts action suggests centralization in the District of Massachusetts.

This litigation currently consists of eight actions listed on Schedule A and pending in six districts as follows: two actions each in the Northern District of California and the District of District of Columbia, and one action each in the Southern District of Illinois, the District of Massachusetts, the District of Oregon, and the Eastern District of Pennsylvania.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that Google intentionally intercepted electronic communications sent or received over class members' open, non-secured wireless networks. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We are persuaded that the Northern District of California is an appropriate transferee forum for this litigation. The sole defendant, Google, is headquartered there, and most relevant documents

---

[1] The parties have notified the Panel that five additional related actions are pending, four actions in the Northern District of California and one action in the Eastern District of Pennsylvania. These actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

and witnesses are likely located there. Moreover, most responding parties support centralization in this district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable James Ware for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

IT IS FURTHER ORDERED that this litigation is renamed "In re: Google Inc. Street View Electronic Communications Litigation."

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Robert L. Miller, Jr.        Kathryn H. Vratil
David R. Hansen              W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.        Barbara S. Jones

IN RE: GOOGLE INC. STREET VIEW ELECTRONIC COMMUNICATIONS LITIGATION

MDL No. 2184

## SCHEDULE A

<u>Northern District of California</u>

Matthew Berlage, et al. v. Google, Inc., C.A. No. 5:10-2187
B. Stokes v. Google, Inc., C.A. No. 5:10-2306

<u>District of District of Columbia</u>

Jeffrey Colman v. Google, Inc., C.A. No. 1:10-877
Patrick Keyes, et al. v. Google, Inc., C.A. No. 1:10-896

<u>Southern District of Illinois</u>

John E. Redstone, et al. v. Google, Inc., C.A. No. 3:10-400

<u>District of Massachusetts</u>

Galaxy Internet Services, Inc. v. Google, Inc., C.A. No. 1:10-10871

<u>District of Oregon</u>

Vicki Van Valin, et al. v. Google, Inc., C.A. No. 3:10-557

<u>Eastern District of Pennsylvania</u>

Stephanie Carter, et al. v. Google, Inc., C.A. No. 2:10-2649