1  Jeffrey L. Kodroff
   SPECTOR ROSEMAN KODROFF & WILLS, PC
2  1818 Market Street, Suite 2500
3  Philadelphia, PA 19103
   Telephone:  215-496-0300
4  Facsimile:  215-496-6611

5  Daniel A. Small
   COHEN MILSTEIN SELLERS & TOLL, PLLC
6  1100 New York Avenue, NW, Suite 500W
7  Washington, DC 20005
   Telephone:  202-408-4600
8  Facsimile:  202-408-4699

9  *Plaintiff Co-Lead Counsel*

10 Elizabeth J. Cabraser (California State Bar No. 83151)
   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
11 275 Battery Street, 29th Floor
   San Francisco, CA 94111-3339
12 Telephone:  415-956-1000
13 Facsimile: 415-956-1008

14 *Plaintiffs' Liaison Counsel*

15
                    UNITED STATES DISTRICT COURT
16
                   NORTHERN DISTRICT OF CALIFORNIA
17
                        SAN JOSE DIVISION
18

19 IN RE: GOOGLE, INC. STREET VIEW          Case No. 5:10-MD-02184 JW (HRL)
   ELECTRONIC COMMUNICATIONS
20 LITIGATION
                                            **PLAINTIFFS' MOTION TO EXCLUDE
21                                          DEFENDANT GOOGLE, INC.'S
                                            EXPERT REPORT FROM ITS
22                                          MOTION TO DISMISS**

23
                                            Hearing Date: March 21, 2011
24                                          Time: 9:00am
                                            Before: Honorable James Ware
25

26

27

28
   909403.1                        - 1 -              Case No. 5:10-md-02184 JW (HRL)

   PLAINTIFF'S MOTION TO EXCLUDE GOOGLE, INC.'S EXPERT REPORT FROM ITS MOTION TO DISMISS

# **TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION ........................................................................................................... 1

STATEMENT OF ISSUE TO BE DECIDED ..................................................................... 1

MEMORANDUM OF POINTS & AUTHORITIES ............................................................ 1

     I.      Introduction ................................................................................................... 1

     II.     Facts ............................................................................................................. 2

     III.    Argument ...................................................................................................... 4

          A.     Google's Expert Report Cannot Be Considered By This Court At The Pleading Stage Of This Litigation.......................................... 4

               1.     Google Hired And Paid Stroz Friedberg To Draft An Expert Report. ......................................................................... 5

               2.     Google's Expert Report Cannot Be Considered By The Court. .......................................................................................... 5

          B.     The Stroz Friedberg Report Was Not Incorporated Into Plaintiffs' Operative Complaint and Cannot be Considered by the Court in Ruling on Google's Motion to Dismiss. ...................................... 7

     IV.    Conclusion ................................................................................................... 9

1

### TABLE OF AUTHORITIES

2

**Page**

3

### CASES

4

*Collins v. Palczewski*
  841 F.Supp. 333 (D. Nev. 1993) .................................................................................. 7

5

6

*Cory Van Rijn, Inc. v. California Raisin Advisory Board*
  697 F.Supp. 1136 (E.D. Cal. 1987) .......................................................................... 7

7

*Daubert v. Merrell Dow Pharms, Inc.*
  509 U.S. 579 (1993) .......................................................................................... 4, 6

8

*DeMarco v. Depotech Corp.*
  149 F.Supp.2d 1212 (S.D. Cal. 2001) ............................................................... 1, 4, 5, 6

9

10

*Everest & Jennings, Inc. v. Am. Motorists Ins. Co.*
  23 F.3d 226 (9th Cir. 1994) ....................................................................................... 7

11

*G&C Autobody, Inc. v. Geico General Insurance Company*
  No. C06-04898, 2008 WL 687371 (N.D. Cal. March 11, 2008) ................................... 8

12

13

*Godfrey v. Lafavor*
  No. J05-005 CV JWS, 2005 WL 2340714 (D. Alaska Sept. 16, 2005) ......................... 8

14

*Jamison v. Slater*
  No. CV 06-1524-PHX-SMM, 2007 WL 1101263 (D. Ariz. April 12, 2007) .................. 7

15

16

*Kumho Tire Co. v. Carmichael*
  526 U.S. 137, 147, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) ..................................... 6

17

*Lee v. City of Los Angeles*
  250 F.3d 668 (9th Cir. 2001) ................................................................................ 7, 8

18

19

*Lumberman's Mutual Casualty Co. v. DFG Restaurants*
  SACV 05-01190-CJC, 2008 WL 5429585 (C.D. Cal. June 16, 2008) .......................... 5

20

*McGlinchy v. Shell Chemical Co.*
  845 F.2d 802 (9th Cir. 1988) .................................................................................... 7

21

*Ritter v. Small*
  No. 08-3074, 2008 WL 4766740 (N.D. Cal. Oct. 31, 2008) ....................................... 7

22

23

*Settlemyers v. PLAYLV Gaming Operations, LLC*
  No. 2:09-CV-02253, 2010 WL 3070426 (D. Nev. Aug. 3, 2010) ................................ 8

24

*Smith v. Fitter*
  No. CV 07-5712, 2008 WL 4861514 (C.D. Cal. Nov. 8, 2008) ................................... 8

25

26

*United States v. Ritchie*
  342 F.3d 903 (9th Cir. 2003) ............................................................................. 1, 7, 8

27

28

909403.1                                    - ii -                    Case No. 5:10-md-02184 JW (HRL)

PLAINTIFF'S MOTION TO EXCLUDE GOOGLE, INC.'S EXPERT REPORT FROM ITS MOTION TO DISMISS

**TABLE OF AUTHORITIES**
(Continued)

**Page**

**STATUTES**

Fed. R. Civ. P. 12(d) ........................................................................................................ 7

Fed. R. Civ. P. 26(a)(2) ................................................................................................... 5

**OTHER AUTHORITIES**

California Business and Professional Code § 17200 ....................................................... 1

Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2511 ............................ 1

Title III of the Omnibus Crime Control and Safe Streets Act of 1969 .......................... 1

PLAINTIFF'S MOTION TO EXCLUDE GOOGLE, INC.'S EXPERT REPORT FROM ITS MOTION TO DISMISS

**Page**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION**

Please take notice that on March 21, 2011, at 9:00 a.m. before the Honorable James Ware,
Plaintiffs will and hereby do move to exclude Google, Inc's ("Google") expert report from its
Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint ("Complaint").  Plaintiffs'
motion is based on this notice, the accompanying memorandum of points and authorities, the
pleadings on file in this action, argument of counsel and any other matters that the Court deems
appropriate.

**STATEMENT OF ISSUE TO BE DECIDED**

May Google reference and attach an expert report in support of its Motion to Dismiss
Plaintiffs' Complaint, and where the expert report was not referenced in the Complaint?

**MEMORANDUM OF POINTS & AUTHORITIES**

**I.      Introduction**

Expert reports attached to a motion to dismiss cannot be considered at the pleading stage
of litigation.  *See DeMarco v. Depotech Corp.*, 149 F.Supp.2d 1212, 1221 (S.D. Cal. 2001).
Furthermore, courts cannot consider matters outside the complaint on a motion to dismiss unless
the document is referred to extensively in the complaint or the document forms the basis of the
plaintiff's complaint.  *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

In blatant disregard of these maxims, Google has attached to its Motion to Dismiss the
expert report of Stroz Friedberg in attempt to refute Plaintiffs' allegations in Complaint[1] that it
collected electronic communications from Wi-Fi networks which were not configured to be
readily accessible to the general public.[2]  Furthermore, even though this expert report is not

---

[1] Plaintiffs bring claims under Title III of the Omnibus Crime Control and Safe Streets Act of
1969 (also known as the Wiretap Act), as amended by the Electronic Communications Privacy
Act of 1986, 18 U.S.C. § 2511, *et seq.*, various state wiretap statutes, and the California Business
and Professional Code § 17200, *et seq.*

[2] The Wiretap Act, 18 U.S.C. § 2511(2)(g)(i), exempts from violation the interception of
electronic communications made through a system that is "configured so that such electronic
communication is readily accessible to the general public."  Thus, Google is attempting to use the
opinions contained in its expert report to show that it collected payload data over networks that
were configured to be readily accessible to the general public.

909403.1                                    - 1 -                        Case No. 5:10-md-02184 JW (HRL)

PLAINTIFF'S MOTION TO EXCLUDE GOOGLE, INC.'S EXPERT REPORT FROM ITS MOTION TO DISMISS

1  mentioned anywhere in the Complaint, Google relies on the report and draws factual inferences

2  therefrom.  Therefore, Google's expert report must be excluded.

3  **II.    Facts**

4         Google created Google Street View which offers panoramic views of homes, offices and

5  other buildings along many streets around the world.  *See* D. 54 ¶ 54. The photographs were taken

6  from Google Street View Vehicles, which were each equipped with nine directional cameras. *See*

7  D. 54 ¶ 55.  However, before the vehicles began photographing the various structures, Google

8  designed and developed sophisticated technology that also allowed it to access individuals'

9  private electronic data transmitted over WiFi networks.  *See* D. 54 ¶¶ 5, 61.  Google then

10 embedded this technology onto its vehicles, and as the vehicles drove through neighborhoods

11 taking pictures, they also stealthily collected individuals' payload data.  *See* D. 54 ¶ 65.  Such

12 payload data included personal e-mails, passwords, videos, audio, documents, and Voice Over

13 Internet Protocol. *See* D.54 ¶ 4.

14        After Google's privacy violation was exposed in April 2010, various governmental

15 agencies from around the world began investigating Google's interception and collection of

16 payload data from its Google Street View Vehicles, *see* D.54 ¶¶ 69-71; 78-109, and May 2010

17 commenced the beginning of multiple lawsuits filed against Google as a result.[3]  Reacting to the

18 investigations and multiple lawsuits and anticipating further investigations and lawsuits, Google

19 and its counsel hired Stroz Friedberg to draft an expert report contradicting the accusations that

20 were being made against Google, namely that Google intercepted and collected payload data over

21 networks that were not configured to be reasonably accessible by the general public. *See* D. 61-4;

22 D. 54 ¶5.  Google's expert report, which is dated June 3, 2010, contains various opinions

23 concluding, not surprisingly, that Google did not improperly intercept and collect payload data.

24        There is no question that this report is nothing but a paid expert report.  First, the report

25 states that:

26 ───────────────

[3] By orders of the Judicial Panel on Multidistrict Litigation, all the related actions against Google
27 were transferred to this Court for coordinated or consolidated pretrial proceedings.  Pursuant to
this Court's October 8, 2010 Order, Plaintiffs filed a master Consolidated Class Action Complaint
28 that supersedes all prior complaints against Google based on privacy violations. *See* D.54 ¶1.

909403.1                                  - 2 -                    Case No. 5:10-md-02184 JW (HRL)

1

> Stroz Friedberg was *retained* by Perkins Coie, on behalf of Google,
> to evaluate the source code of an executable deployed on the

2

> vehicles otherwise collecting data for Google's Street View service
> offerings……Stroz Friedberg is being *compensated* on a time and

3

> material basis.

4   D. 61-4 ¶ 2. (Emphasis added).[4]  Thus, there is no dispute that Google and its then litigation

5   counsel hired and paid Stroz Friedberg to draft this expert report.

6        Second, the report makes clear that Google hired and paid Stroz Friedberg to issue an

7   opinion as to whether the sophisticated technology designed and developed by Google intercepted

8   and collected payload data from Wi-Fi networks which were not configured to be readily

9   accessible to the public.  According to the report:

10

> We were asked to provide a third party assessment of the
> functionality of the source code for a Google project named

11

> "gstumbler" and its main binary executable, "gslite," with particular
> focus on the elements of wireless network traffic that the code

12

> captured, analyzed, parsed, and/or wrote to disk.

13

> ***

14

> Stroz Friedberg…has been asked by Google and Perkins Coie to
> render a neutral, *technical opinion* regarding the functionality of the

15

> gstumbler.

16   D. 61-4 ¶ 2. (Emphasis added). Thus, Google and its then litigation counsel retained Stroz

17   Friedberg to issue an opinion regarding the functionality of the gstumbler, which was the source

18   code, or technology, designed by Google and embedded onto its Street View Vehicles that

19   allowed it to access individuals' private electronic data transmitted over WiFi networks, *i.e.*, the

20   gravamen of this case.

21        Lastly, the report outlines various facts and documents that Google and its then litigation

22   counsel decided to provide to Stroz Friedberg in order to reach these "paid-for" opinions and

23   conclusions.  However, none of these materials and documents have been provided to Plaintiffs,

24   and thus Plaintiffs do not know what Stroz Friedberg reviewed to form its opinions and

25   conclusions. For example, the report states that:

26

> Between May 20 and May 26, 2010, Stroz Friedberg received gslite

27

[4] Perkins Coie was Google's litigation counsel at the time Stroz Friedberg was retained as an

28   expert as well as when the report was drafted.

909403.1                                          - 3 -                          Case No. 5:10-md-02184 JW (HRL)

1

2

3

> source code from Google. The gslite source code is comprised of approximately thirty-two source code files, along with twelve additional files including configuration files, shell scripts, source code repository changelog information, binary executable, and kernel modules.

4

61-4 ¶ 3. The gslite source code and its comprising documents were never provided to Plaintiffs.

5

Furthermore, it is clear from the report that Google and its counsel decided what information to

6

give, and not to give its paid expert. Thus, there is no independent basis to confirm that Stroz

7

Friedberg was given all relevant information. For example, the report states that:

8

9

10

> *It is our understanding* that the provided source code and accompanying shell scripts represent the most current version of the gstumbler application deployed as of May 6, 2010, on vehicles otherwise capturing data for Google Street View.

D. 61-4 ¶3. (Emphasis added). Stroz Freidberg also conceded that it did not independently review

11

all relevant information and relied on Google's biased descriptions and interpretations of same.

12

The report states that:

13

14

15

16

> *We also did not independently review the Kismet program.* As noted above, 802.11 frames initially are captured by the Kismet program, an open source packet sniffing program. *It is our understanding based upon representation from Google that Kismet source code was not modified or adapted in any way as part of the gstumbler project.*

17

D. 61-4 ¶31. (Emphasis added). Thus, Stroz Friedberg relied on Google's hand picked

18

representations and facts which undermine the credibility of the report.

19

**III.** **Argument**

20

21

    **A.** **Google's Expert Report Cannot Be Considered By This Court At The Pleading Stage Of This Litigation.**

22

    Plaintiffs do not concede the admissibility of Google's expert report and reserve the right

23

to challenge the report under the standard articulated by *Daubert v. Merrell Dow Pharms, Inc.*,

24

509 U.S. 579, 592-93 (1993). Moreover, it is improper for Google to use the expert report to

25

support its Motion to Dismiss. *See DeMarco*, 149 F.Supp.2d at 1221 (expert affidavits attached

26

to a motion to dismiss cannot be considered at the pleading stage).

27

28

909403.1

- 4 -

Case No. 5:10-md-02184 JW (HRL)

PLAINTIFF'S MOTION TO EXCLUDE GOOGLE, INC.'S EXPERT REPORT FROM ITS MOTION TO DISMISS

1

**1.      Google Hired And Paid Stroz Friedberg To Draft An Expert Report.**

2      Google's expert report is the result of Google hiring and paying Stroz Friedberg to draft a

3   report containing opinions designed to help Google defend this litigation. For example, the report

4   states that "Stroz Friedberg was *retained* by Perkins Coie [Google's litigation counsel], on behalf

5   of Google, to evaluate the source code of an executable deployed on the vehicles otherwise

6   collecting data for Google's Street View service offering." *See* D.61-4, ¶ 2. (Emphasis added).

7   Significantly, the report also states that Google and Perkins Coie asked Stroz Friedberg to render

8   a "*technical opinion* regarding the functionality of gstumbler" and that Stroz Friedberg is being

9   *compensated* by Google and Perking Coie for their time and materials. *Id*. (Emphasis added).

10  The report also includes a list of "reviewed source code files and shell scripts," which were never

11  provided to the Plaintiffs. *See id*. at ¶ 3 and Appendix A.  Furthermore, the report, "based upon

12  the review of the source code," and other facts not yet provided to the Plaintiffs, analyzes the

13  information and makes findings, opinions and conclusions based thereon. *See id*. at 1-13.

14      Therefore, there can be no doubt that the report drafted by Stroz Friedberg is indeed an

15  expert report.  *See Lumberman's Mutual Casualty Co. v. DFG Restaurants*, SACV 05-01190-

16  CJC, 2008 WL 5429585 at *1 (C.D. Cal. June 16, 2008) (Stating that Fed. R. Civ. P. 26(a)(2)

17  requires that an expert report contain "'a complete statement of all opinions and the basis for

18  them,' including 'the data or other information considered by the witness in forming [the

19  opinions]'" and that the report set forth "how and why the expert reached his conclusion, and

20  underlying data or facts used to reach that conclusion.").

21      **2.      Google's Expert Report Cannot Be Considered By The Court.**

22      According to *DeMarco v. Depotech Corp.*, 149 F.Supp.2d 1212 (S.D. Cal. 2001), expert

23  reports attached to a motion to dismiss cannot be considered at the pleading stage of a litigation.

24  In DeMarco, the plaintiffs sued the defendant in a securities fraud class action. *See id*. Plaintiffs

25  attached to their complaint an affidavit prepared by an expert, which included the expert's

26  interpretation and evaluation of data and an opinion. *See id*. at 1219.  In granting the defendant's

27  motion to strike the expert report from the complaint, the Court stated that:

28          Considering an expert affidavit on a motion to dismiss, whether

909403.1                              - 5 -                  Case No. 5:10-md-02184 JW (HRL)

PLAINTIFF'S MOTION TO EXCLUDE GOOGLE, INC.'S EXPERT REPORT FROM ITS MOTION TO DISMISS

1

2
    attached to a motion to dismiss or as an exhibit to the plaintiff's
complaint, forces a district court to confront a myriad of complex
evidentiary issues not generally capable of resolution at the
pleading stage.  For example, the Supreme Court has held that rule
702 of the Federal Rules of Evidence assigns the district court the
role of "gatekeeper" with respect to expert testimony, requiring the
court to ensure that the testimony is reliable and would assist the
trier of fact.  *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137,
147, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

3

4

5

6 | *Id*. at 1221.  Furthermore, the court stated that:

7

8

9

10

11

12

13
    A complete evaluation of the relevant factors would likely require a
deposition of [the expert] and a subsequent *Daubert* hearing to
determine the admissibility of his [report].  *These additional
proceedings would be improper at the pleading stage of any civil
case*…In addition, the contents of an expert [report] are susceptible
to a panoply of evidentiary and procedural challenges not generally
applicable to allegations in a complaint, including objections based
on countless federal evidentiary rules governing admissibility and
compliance with the expert disclosure and report requirements of
Rule 26(a).  *In sum, considering an expert [report] would so
complicate the procedural posture of a motion to dismiss that it
would become virtually indistinguishable from a motion for
summary judgment*.

14 | *Id*. (Emphasis added).  Thus, the court is required to be a "gate-keeper" and perform a complete

15 | evaluation as to whether an expert report is reliable and will assist the trier of fact.  *See id.*

16 | However, this task is not to be performed during the pleading stage of litigation. *See id*.

17 |     Here, Google's expert report should be excluded because it is inappropriate for this Court

18 | to consider it at this stage of the litigation pursuant to *DeMarco*.  Specifically, without providing

19 | Plaintiffs with the documents and materials Stroz Friedberg relied upon in drafting the report, the

20 | opportunity to depose the drafters of report, and the opportunity to challenge the admissibility of

21 | the report under *Daubert*, Google boldly took these expert opinions and made factual assertions

22 | derived therefrom in its Motion to Dismiss.  Furthermore, Stroz Friedberg admittedly made these

23 | opinions and conclusions without reviewing all relevant information, but instead by relying on

24 | Google's biased factual representations. *See* D. 61-4 ¶31 ("It is our understanding based upon

25 | representation from Google that Kismet source code was not modified or adapted in any way as

26 | part of the gstumbler project). Google should not be permitted to submit its paid expert report

27 | under these self-serving and biased conditions.

28

PLAINTIFF'S MOTION TO EXCLUDE GOOGLE, INC.'S EXPERT REPORT FROM ITS MOTION TO DISMISS

1    Additionally, Google used the opinions contained in its expert report to improperly draw

2    factual inferences in its favor.  *See Ritter v. Small*, No. 08-3074, 2008 WL 4766740, at *1 (N.D.

3    Cal. Oct. 31, 2008) citing *Everest & Jennings, Inc. v. Am. Motorists Ins. Co.*, 23 F.3d 226, 228

4    (9th Cir. 1994)("[a]ll reasonable inferences are to be drawn in favor of the plaintiff.").

5    Furthermore, "[a] court is not required to accept legal conclusions in the form of factual

6    allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Jamison v.*

7    *Slater*, No. CV 06-1524-PHX-SMM, 2007 WL 1101263 at *3 (D. Ariz. April 12, 2007) citing

8    *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).  Here, the factual assertions

9    made by Google in its favor are derived from the opinions contained in its expert report and *are*

10   *not* drawn from the factual allegations in the Complaint.

11   Consequently, the report drafted by Stroz Friedberg is an expert report that cannot be

12   considered during the pleading stage of litigation and should be excluded from the Court's

13   consideration in deciding Google's Motion to Dismiss.  To do otherwise would severely prejudice

14   the Plaintiffs.

15   **B.   The Stroz Friedberg Report Was Not Incorporated Into Plaintiffs' Operative
         Complaint and Cannot be Considered by the Court in Ruling on Google's**
16       **Motion to Dismiss.**

17   According to Fed. R. Civ. P. 12(d), if, on a motion under Rule 12(b)(6), "matters outside

18   the pleadings are presented to and not excluded by the court, the motion must be treated as one

19   for summary judgment under Rule 56."  Therefore, "a district court may not consider any material

20   beyond the pleadings in ruling on a 12(b)(6) motion," *Lee v. City of Los Angeles*, 250 F.3d 668,

21   688-89 (9th Cir. 2001), and the court "retains discretion to exclude the consideration of matters

22   outside the pleadings." *Collins v. Palczewski*, 841 F.Supp. 333, 334 (D. Nev. 1993); *Cory Van*

23   *Rijn, Inc. v. California Raisin Advisory Board*, 697 F.Supp. 1136, 1138 (E.D. Cal. 1987).

24   A district court, nevertheless, may consider "certain materials attached to the complaint"

25   or "documents incorporated by reference in the complaint" without converting the motion to

26   dismiss into a motion for summary judgment.  *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

27   However, a document may only be "incorporated by reference into a complaint if the plaintiff

28   refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id*.

PLAINTIFF'S MOTION TO EXCLUDE GOOGLE, INC.'S EXPERT REPORT FROM ITS MOTION TO DISMISS

1  *See also G&C Autobody, Inc. v. Geico General Insurance Company*, No. C06-04898, 2008 WL

2  687371 at *5 (N.D. Cal. March 11, 2008) (If a document is not attached to a complaint, it can

3  only be considered if: "(1) the complaint refers to such document, (2) the document is crucial to

4  plaintiff's claim and (3) no party questions the authenticity of the copy attached to the Rule

5  12(b)(6) motion.").

6       District courts within the Ninth Circuit have repeatedly excluded documents and/or

7  exhibits because they fall outside of the pleadings. *See Lee*, 250 F.3d at 689 (court excluded

8  exhibits attached to defendant's motion to dismiss because they contained extrinsic evidence that

9  was not included in any of the allegations asserted in the complaint); *G&C*, 2008 WL 687371 at

10  *5 (court refusing to consider invoices attached to motion to dismiss because deemed extrinsic

11  evidence); *Smith v. Fitter*, No. CV 07-5712, 2008 WL 4861514 at * 3 (C.D. Cal. Nov. 8, 2008)

12  (court excluded grievance documents which were attached to defendant's motion to dismiss

13  because they concerned matters outside the complaint); *Settlemyers v. PLAYLV Gaming

14  Operations, LLC*, No. 2:09-CV-02253, 2010 WL 3070426, at *2 (D. Nev. Aug. 3, 2010) (court

15  excluded exhibits attached to defendant's motion to dismiss because exhibits were outside the

16  pleadings and lacked foundation); *Godfrey v. Lafavor*, No. J05-005 CV JWS, 2005 WL 2340714,

17  at * 2 (D. Alaska Sept. 16, 2005) (court excluded extraneous materials attached to motion for

18  judgment on the pleadings).

19       Here, Google made various factual assertions in its Motion to Dismiss that were solely

20  supported by its expert report, and attached the report as "Exhibit 4" to its Motion. See D.60,

21  Pages 2-3; D. 61-4. However, Plaintiffs did not "extensively reference" the report in the

22  Complaint as required by Ninth Circuit law in order to have a document incorporated by

23  reference in a complaint. *See Ritchie*, 342 F.3d at 908. In fact, the Complaint *did not reference

24  the report at all*. Furthermore, Plaintiff did not assert any claim whatsoever which derives its

25  basis from Google's expert report. See id. Consequently, Google's expert report cannot be

26  incorporated by reference into the Complaint pursuant to Ninth Circuit law. It remains outside of

27  the pleadings and thus should be excluded from Google's Motion to Dismiss, as well as all factual

28  assertions made by Google therein which are derived from the expert report.

909403.1       - 8 -       Case No. 5:10-md-02184 JW (HRL)

PLAINTIFF'S MOTION TO EXCLUDE GOOGLE, INC.'S EXPERT REPORT FROM ITS MOTION TO DISMISS

**IV.     Conclusion**

For the foregoing reasons, Plaintiffs' motion to exclude Google's expert report from its

Motion to Dismiss should be granted.

COHEN MILSTEIN SELLERS &
TOLL, PLLC

By:     /s/ Daniel A. Small, Esq.
        Daniel A. Small, Esq.
        1100 New York Avenue, NW
        Suite 500W
        Washington, DC 20005
        Telephone: (202) 408-4600
        Facsimile: (202 408-4699
        Email: DSmall@cohenmilstein.com


Dated: January 25, 2010

SPECTOR, ROSEMAN, KODROFF &
WILLIS, P.C.

By:     /s/ Jeffrey L. Kodroff
        Jeffrey L. Kodroff
        1818 market Street, 25th Floor
        Philadelphia, PA  19103
        Telephone: (215) 496-0300
        Facsimile: (215) 496-6611
        Email: Jkodroff@srkw-law.com

*Plaintiffs' Co-Lead Counsel*

LIEFF CABRASER HEIMANN &
BERNSTEIN , LLP
By:     /s/ Elizabeth J. Cabraser
        Elizabeth J. Cabraser
        275 Battery Street, 29th Floor
        San Francisco, CA  94111-3339
        Telephone: (415) 956-1000
        Facsimile: (415) 956-1008
        Email: ECabraser@lchb.com

*Plaintiffs' Liaison Counsel*