| | |
|---|---|
| 1 | DAVID H. KRAMER, State Bar No. 168452 |
| 2 | MICHAEL H. RUBIN, State Bar No. 214636<br>BART E. VOLKMER, State Bar No. 223732 |
| 3 | CAROLINE E. WILSON, State Bar No. 241031<br>WILSON SONSINI GOODRICH & ROSATI |
| 4 | Professional Corporation<br>650 Page Mill Road |
| 5 | Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300 |
| 6 | Facsimile: (650) 565-5100<br>Email: mrubin@wsgr.com |
| 7 | *Attorneys for Defendant Google Inc.* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE INC. STREET VIEW ELECTRONIC COMMUNICATIONS LITIGATION | CASE NO.: 5:10-md-02184 JW (HRL)<br><br>**DEFENDANT GOOGLE INC.'S RESPONSE TO BRIEF FOR *AMICUS CURIAE* ELECTRONIC PRIVACY INFORMATION CENTER IN SUPPORT OF PLAINTIFFS** |

1    On April 11, 2011, the Electronic Privacy Information Center ("EPIC") purported to file an amicus brief in support of the Plaintiffs in connection with Google's Motion to Dismiss. *See* Docket No. 78. EPIC failed to notify or request consent from Google for its filing, and also failed to ask this Court for permission to submit an amicus brief.[1] EPIC's filing came on the day the parties' supplemental briefs concerning Google's Motion to Dismiss were due, weeks after the Motion to Dismiss was fully briefed and heard. *See O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 282 F. Supp. 2d 1271, 1274 (D.N.M. 2002) (denying leave to file amicus brief where pending motions had been fully briefed and hearing had been held).

While Google has not had an opportunity to respond to the arguments made in EPIC's brief, it notes that the submission does not offer any authority on (or even speak directly to) the questions the Court asked in requesting supplemental briefing. If the Court chooses to accept the brief notwithstanding the procedural impropriety, Google would be happy to provide further responses to any questions the Court may have.

Dated: April 14, 2011    Attorneys for Defendant Google Inc.

By: ___Michael H. Rubin___
David H. Kramer
Michael H. Rubin
Bart E. Volkmer
Caroline E. Wilson
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: mrubin@wsgr.com

---

[1] Nonparties have no inherent right to file amicus briefs in district courts. *See Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999). Instead, the Court has broad discretion to permit or reject an amicus submission. *See Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1514 (9th Cir. 1987). Accordingly, a non-party seeking to file an amicus brief should seek consent from the parties or leave of Court before filing. *See* Fed. R. App. P. 29(a) (an amicus curiae "may file a brief only by leave of court or if the brief states that all parties have consented to its filing.").

GOOGLE INC.'S RESPONSE TO
BRIEF FOR AMICUS CURIAE
CASE NO. 5:10-MD-02184 JW (HRL)

-1-