**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re Google Inc. Street View Electronic Communications Litigation | NO. C 10-MD-02184 JW<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR CERTIFICATION; CERTIFYING ORDER FOR IMMEDIATE APPEAL; STAYING CASE** |

Presently before the Court is Defendant's Motion for Certification Under 28 U.S.C. § 1292(b). (hereafter, "Motion," Docket Item No. 83.) Plaintiffs have filed a timely Opposition. (Docket Item No. 89.) The Court finds it appropriate to take the Motion under submission without oral argument. See Civ. L.R. 7-1(b).

**A.    Discussion**

Defendant moves the Court to certify its June 29, 2011 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss with Leave to Amend[1] and stay the case pending appeal on the ground that the June 29 Order's interpretation of the term "radio communication" in 18 U.S.C. § 2510(16) of the Wiretap Act presents a novel question of controlling law, the immediate appeal of which would materially advance the ultimate termination of the case. (Motion at 2-6.)

Title 28 U.S.C. § 1292(b) provides, in pertinent part, that a district judge may certify an order for immediate interlocutory appeal if the judge is "of the opinion" that: (1) the order involves "a

---

[1] (hereafter, "June 29 Order," Docket Item No. 82.)

controlling question of law"; (2) there "is substantial ground for difference of opinion" as to the resolution of that question; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation[]." Certification should "be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation." U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966).

An issue involves a "controlling question of law" under § 1292(b) if the "resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982). "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." Couch v. Telescope, Inc., 611 F.3d 629, 633 (9th Cir. 2010). The controlling law is unclear where the matter certified for appeal "involves an issue over which reasonable judges might differ," and where uncertainty over the certified matters "provides a credible basis for a difference of opinion." Reese v. BP Exploration (Alaska), Inc., No. 10-35128, 2011 WL 2557238, at *5 (9th Cir. June 29, 2011) (citation omitted). Finally, to determine whether an issue on appeal would "materially advance the litigation," courts need not find "that the interlocutory appeal [would] have a final, dispositive effect on the litigation." Reese, 2011 WL 2557238, at *5. It is sufficient that a court find that a reversal of the underlying issue "may" take parties or claims out of the case. Id.

Here, in its June 29 Order, the Court explained that this case "presents a case of first impression as to whether the Wiretap Act imposes liability upon a defendant who allegedly intentionally intercepts data packets from a wireless home network," as well as a "novel question of statutory interpretation" regarding Section 2510(16).[2] (June 29 Order at 7-8.) Thus, in light of the novelty of the issues presented, the Court finds that its June 29 Order involves a controlling question of law as to which there is a credible basis for a difference of opinion, and also finds that

---

[2] When novel questions of first impression are presented, "[c]ourts traditionally will find that a substantial ground for difference of opinion exists." Couch, 611 F.3d at 633 (citation omitted). "[A] novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." Reese, 2011 WL 2557238, at *5.

2

certification of the June 29 Order for appeal would materially advance the litigation under Section 1292(b).

Accordingly, the Court GRANTS Defendant's Motion for Certification of the June 29 Order.

**B.** **Conclusion**

The Court GRANTS Defendant's Motion for Certification and certifies this case for immediate appeal pursuant to 28 U.S.C. § 1292(b).

The Court STAYS the case pending resolution of this matter on appeal. Upon resolution of the appeal, either party may move the Court to lift its stay.

Dated: July 18, 2011

JAMES WARE
United States District Chief Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

John A. Macoretta jmacoretta@srkw-law.com
David H. Kramer dkramer@wsgr.com
Bart Edward Volkmer bvolkmer@wsgr.com
Bobbie Jean Wilson BWilson@perkinscoie.com
Caroline Elizabeth Wilson cwilson@wsgr.com
Michael H. Rubin mrubin@wsgr.com
Susan D. Fahringer sfahringer@perkinscoie.com
Aaron Michael Zigler azigler@koreintillery.com
Robert A. Curtis rcurtis@foleybezek.com
Michael James Aschenbrener maschenbrener@edelson.com
Jay Edelson jedelson@edelson.com
Eric H. Gibbs ehg@girardgibbs.com
Reginald Von Terrell reggiet2@aol.com

Dated:  July 18, 2011                                   **Richard W. Wieking, Clerk**

                                                        **By:  /s/ JW Chambers          **
                                                        **       Susan Imbriani**
                                                        **       Courtroom Deputy**