| | |
|---|---|
| JEFFREY L. KODROFF<br>JOHN A. MACORETTA<br>MARY ANN GEPPERT<br>SPECTOR ROSEMAN KODROFF &<br>WILLIS<br>1818 Market Street<br>Suite 2500<br>Philadelphia, PA 19103<br>Telephone: (215) 496-0300<br>Facsimile: (215) 496-6611<br>Email: jkodroff@srkwlaw.com<br><br>DANIEL A. SMALL<br>DAVID A. YOUNG<br>COHEN MILSTEIN SELLERS & TOLL<br>1100 New York Avenue NW<br>Suite 500 West<br>Washington, DC 20005<br>Telephone: (202) 408-4600<br>Facsimile: (202) 408-4699<br>Email: dsmall@cohenmilstein.com<br><br>Interim Class & Co-Lead Counsel | MICHAEL H. RUBIN, SBN 214636<br>WILSON SONSINI GOODRICH &<br>ROSATI<br>Professional Corporation<br>One Market Plaza, Spear Tower<br>Suite 3300<br>San Francisco, CA 94105<br>Telephone: (415) 947-2000<br>Facsimile: (415) 947-2099<br>Email: mrubin@wsgr.com<br><br>DAVID H. KRAMER, SBN 168452<br>DYLAN J. LIDDIARD, SBN 203055<br>WILSON SONSINI GOODRICH &<br>ROSATI<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300<br>Facsimile: (650) 565-5100<br>Email: dkramer@wsgr.com<br>　　　　dliddiard@wsgr.com<br><br>Attorneys for Defendant<br>Google Inc. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE GOOGLE INC. STREET VIEW ELECTRONIC COMMUNICATIONS LITIGATION | CASE NO.: 3:10-md-02184-CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: February 7, 2014<br>Time: 10:00 a.m.<br>Crtrm: 6<br>Judge: Hon. Charles R. Breyer |

Pursuant to the Clerk's Notice dated January 17, 2014, Plaintiffs and Defendant Google Inc. ("Google") (together "Parties") jointly submit this Case Management Statement for the Case Management Conference scheduled for February 7, 2014:

**1.    Introduction:**

**<u>Plaintiffs' Introductory Statement:</u>**

From 2007 to 2010 Google intentionally equipped its Street View vehicles with sophisticated antennas, hardware, and software that allowed it to surreptitiously collect, analyze and store data sent and received over Wi-Fi connections contained in Plaintiffs' and class members' private homes and businesses.  The data Google collected included, among other things, personal e-mails, passwords, videos, audio, documents, and Voice Over Internet Protocol (VOIP) information (collectively, "payload data").  Google intercepted and recorded approximately 600 gigabytes of Wi-Fi data in over 30 countries.

Plaintiffs filed class actions against Google under, *inter alia*, the federal Wiretap Act, 18 U.S.C. § 2511(1)(a), which makes it unlawful for any person to "intentionally intercept[], endeavor[] to intercept, or procure[] any other person to intercept or endeavor to intercept, any . . . electronic communication."

Google moved to dismiss, arguing that payload data transmitted over unencrypted Wi-Fi networks can be intercepted with impunity under the exemption in Section 2511(2)(g)(i), which makes it lawful to intercept "electronic communications" that are "readily accessible to the general public."  Google argued that Wi-Fi transmissions are "radio communications" that, under Section 2510(16), are deemed "readily accessible to the general public" and permissible for Google to intercept so long as they are not "scrambled or encrypted."  Judge Ware denied the motion and rejected Google's argument that all transmissions by radio waves are "radio communications."  He concluded that radio communications are limited to traditional radio broadcasts, which Wi-Fi communications are not.  *See* D. 82, pg. 16-19.  On appeal, a unanimous Ninth Circuit panel also rejected Google's argument, and the Circuit declined to hear Google's appeal en banc.  *See Joffe, et al v. Google, Inc.*, No. 11-17483, ---F.3d---, 2013 WL 6905957, at *13 (9th Cir. Dec. 27, 2013) ("[W]e agree with the district court that data

-1-

transmitted over a Wi-Fi network is not a 'radio communication' under 18 U.S.C. § 2510(16)"). Consistent with Judge Ware's ruling, the Ninth Circuit concluded that "radio communications" are "auditory broadcasts," and the term is "typically surrounded by words that evoke traditional radio technologies whenever it is used in the Act." *Id.* at *7. Each of the four judges to consider Google's argument has rejected it.

Plaintiffs respectfully submit that Google's petition for certiorari is unlikely to be granted, in particular because of the absence of any circuit split and the nascent stage of this case. Even if Google's petition is denied, the stay it seeks would delay the case until at least June and longer if either or both parties request an extension of the briefing schedule. A stay would also delay analysis of the intercepted data currently in the Court's possession, the review of which would resolve any standing issues. Accordingly, these proceedings should not be stayed pending resolution of Google's petition.

Plaintiffs understand the Court's January 17, 2014 Order to require the Parties to engage substantively on each of the topics set out in Local Rule 16-9 including by proposing a schedule for all phases of the litigation. Although Google has declined to propose a full pre-trial schedule, Plaintiffs include their own proposed schedule below.

**Google's Introductory Statement:**

Between 2008 and May 2010, Google's Street View cars used off-the-shelf radio antennae and open-source software to passively collect the network-identifying information broadcast by Wi-Fi networks as the cars traveled down public roadways. Like many other companies, Google sought this basic network-identifying information because knowing the location of Wi-Fi networks helps to enable "location aware" services, which can provide users with directions and other location-specific information.

In May 2010, Google learned that its Street View cars had been collecting more than just identifying information about Wi-Fi networks. The cars had also acquired data sent over unencrypted Wi-Fi networks (so-called "payload data") if that data was being transmitted to the street at the particular moment a Street View car happened to drive by. The collection of payload data from any particular network was inherently limited, however. Because the software in the

-2-

1  Street View cars was programmed to constantly cycle through available Wi-Fi channels at a rate
2  of five times per second, any single data collection lasted only two-tenths of a second.

3  Google had no interest in acquiring payload data, and never used it in any of its products
4  or services. Upon learning of the unwanted collection, Google promptly grounded its Street
5  View cars, removed their Wi-Fi software and hardware, segregated and rendered inaccessible the
6  payload data that had been acquired, hired a third party to review what had happened, publicly
7  apologized for collecting payload data, and committed to never again collect any Wi-Fi data
8  whatsoever with its Street View vehicles. Over the past three years, the U.S. Department of
9  Justice, the Federal Trade Commission, and the Federal Communications Commission have all
10 examined Google's conduct and each has declined to take action against Google. Early last year,
11 Google resolved an inquiry by the Attorneys General of 38 states and the District of Columbia
12 that addressed their concerns and affirmed Google's commitment to never again collect payload
13 data using Street View cars.

14 Plaintiffs' lawsuit remains. Plaintiffs filed more than a dozen putative class actions
15 claiming that Google collected Wi-Fi data, but none of the named Plaintiffs have alleged facts
16 showing that Google actually acquired communications from their unencrypted Wi-Fi networks.
17 Multiple cases were consolidated in this MDL alleging violations of the Wiretap Act, 18 U.S.C.
18 § 2510 et seq., along with various state law claims. Google moved to dismiss all claims,
19 challenging the Wiretap Act claim on the ground that Wi-Fi communications were "radio
20 communications" under the Act and thus not subject to the statute's protections. In 2011, this
21 Court dismissed the state law claims, but denied Google's motion regarding the Wiretap Act
22 claim, concluding, in what it recognized was an issue of first impression, that even though Wi-Fi
23 communications are transmitted by radio, they are not "radio communications." The Court
24 certified that issue for interlocutory review and stayed the case pending resolution of the appeal.
25 Dkt. No. 90. On December 27, 2013, the Ninth Circuit affirmed, offering its own, novel
26 definition of "radio communications." Because the proper definition of radio communications is
27 not only potentially dispositive in this case, but is an issue of substantial societal importance,
28 Google intends to ask the United States Supreme Court to review the Ninth Circuit's decision.

1   In light of its forthcoming certiorari petition, which will be filed no later than its current
2   due date of March 27, 2014, Google believes that the current stay of proceedings pending appeal
3   should remain in place. Plaintiffs have not been prejudiced by the stay, and will not be
4   prejudiced by its extension. Indeed, Google voluntarily ceased the conduct at issue nearly four
5   years ago, and has affirmed its commitment not to resume it. But if the stay were to lift, the
6   question of Plaintiffs' standing needs resolution before this case proceeds further.

**2.   Jurisdiction and Service:**

**Plaintiffs' Statement:**

Plaintiffs assert that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, no issues exist regarding personal jurisdiction and venue, and Defendant has been served. Plaintiffs further assert that any challenges to standing will be resolved upon review of the intercepted data, copies of which are in the Court's possession.

**Google's Statement:**

Google does not admit that the Court has subject-matter jurisdiction in light of serious questions regarding Plaintiffs' standing to bring this action. Plaintiffs' Complaint fails to properly allege standing, and the standing issue therefore could be resolved simply on the pleadings. However, in the interests of obtaining a conclusive standing determination, Google proposes that upon a lift of the stay, targeted jurisdictional discovery occur focused on whether any communications from Plaintiffs' unencrypted Wi-Fi networks were actually acquired by Google.

**3.   Legal Issues:**

**Plaintiffs' Statement:**

a.   Whether Google violated 18 U.S.C. § 2511 et seq.;

b.   Whether class certification is appropriate pursuant to Fed. Civ. R. 23; and

c.   Legal issues related to statutory and punitive damages and equitable relief under 18 U.S.C. § 2520.

**Google's Statement:**

a.   Whether Plaintiffs can establish that they have standing under Article III to

maintain this action by demonstrating that their Wi-Fi transmissions were among those actually acquired by Google;

b. Whether Plaintiffs' Wi-Fi transmissions were "intercepted" within the meaning of 18 U.S.C. § 2510(4), and in particular, whether any of the payload data Google acquired consisted of the "contents" of communications within the meaning of 18 U.S.C. § 2510(8);

c. Whether Plaintiffs' Wi-Fi transmissions made over unencrypted wireless networks and received on public roadways were "readily accessible to the general public" under 18 U.S.C. § 2511(2)(g)(i);

d. Whether Google "intentionally" intercepted Plaintiffs' electronic communications made through unencrypted Wi-Fi connections, under 18 U.S.C. § 2511(1)(a); and

e. To what relief, if any, Plaintiffs are entitled.

4. **Facts:**

**Plaintiffs' Statement:**

a. Whether Google intentionally intercepted electronic communications sent or received over class members' unencrypted wireless networks;

b. The number of class members' wireless electronic communications intercepted by Google;

c. Whether electronic communications made through an unencrypted wireless network are "readily accessible to the general public" under the ordinary meaning of that phrase (*see* 18 U.S.C. § 2511(2)(g)(i)); and

d. The identification of class members.

**Google's Statement:**

a. Whether Google acquired payload data transmitted from a Wi-Fi network belonging to one or more of the named Plaintiffs;

b. Whether any payload data that Google acquired from a Wi-Fi network belonging to a named Plaintiff constitutes that Plaintiff's own communications;

    c.    Whether any payload data that Google acquired revealed to Google the substance, meaning, or import of a communication by a named Plaintiff;

    d.    Whether Google intended to acquire the contents of any of the Plaintiffs' Wi-Fi communications;

    e.    Whether Google was a party to any of the Plaintiffs' Wi-Fi communications that were intercepted;

    f.    Whether a communication was "readily accessible to the general public," the resolution of which may include inquiry into, *inter alia*:

- the technical characteristics and standards governing Wi-Fi transmissions;
- the marketing and promotion of Wi-Fi technology and networking devices to the public;
- the socially beneficial services and research that require the ability to monitor traffic on open and unencrypted Wi-Fi networks;
- the equipment that Plaintiffs used to transmit any electronic communications at issue, including routers, repeaters, and amplifiers;
- the disclosures that were provided to Plaintiffs regarding the accessibility of the data transmitted over their Wi-Fi networks if left open;
- the distance traveled by transmissions over a Plaintiff's open and unencrypted Wi-Fi network; and
- the hardware and software equipment Google used to receive transmissions from open and unencrypted Wi-Fi networks; and

    g.    Whether any Plaintiff suffered harm or Google earned any benefit as a result of the alleged interception of their Wi-Fi transmissions.

**5.    Motions:**

**Plaintiffs' Statement:**

Plaintiffs understand the Clerk's Notice setting a deadline for the filing of this statement and a date for a case management conference to lift the earlier stay, at least in part. To the extent that any portion of the stay remains in effect, Plaintiffs will promptly move the Court to lift it.

1 They also anticipate filing motions for class certification and for summary judgment.

2 **Google's Statement:**

3 Google intends to file a motion challenging Plaintiffs' Article III standing to pursue this
4 matter. If the case proceeds beyond the jurisdictional stage, Google anticipates filing a motion
5 for summary judgment on the merits of Plaintiffs' Wiretap Act claims.

6 **6.  Amendments of Pleadings:**

7 The Parties do not anticipate the amendment of any pleadings at this time.

8 **7.  Evidence Preservation:**

9 All Parties represent that they are preserving evidence relevant to the issues reasonably
10 evident in this action, including as contemplated by the Court's order of June 4, 2010, in No.
11 5:10-cv-02187-JW.

12 **8.  Disclosures:**

13 **Plaintiffs' Statement:**

14 Plaintiffs are prepared to exchange initial disclosures within twenty (20) days of entry of
15 a Case Management Order.

16 **Google's Statement:**

17 Google proposes that the timing of initial disclosures be addressed in conjunction with
18 other issues at a Rule 26(f) conference.

19 **9.  Discovery:**

20 **Plaintiffs' Statement:**

21 No discovery has occurred. To the extent that any portion of the earlier stay remains in
22 effect, Plaintiffs will promptly move the Court to lift it and propose that full discovery
23 commence immediately. Plaintiffs oppose the bifurcation of discovery between jurisdictional
24 and merits discovery.

25 Plaintiffs have attempted to confer with Google regarding the parameters of discovery.
26 However, Google refuses to discuss such parameters at this time. Plaintiffs anticipate that
27 discovery will include document requests, interrogatories, and depositions related to the purpose,
28 creation, and use of the hardware and software utilized to obtain the electronic communications

-7-

at issue; the sophistication and availability of such (or comparable) hardware and software; the Google personnel with knowledge of the intention or plan to collect or the collection of such communications; any third parties or agents utilized by Google to obtain or analyze the electronic communications; the status and disposition of the original electronic communications obtained by each Google Street View Vehicle; and the purpose or reasons behind the collection of the electronic communications at issue. In addition, the Plaintiffs will seek access to the intercepted data, copies of which are in the Court's possession. Further, Plaintiffs will seek expert discovery and may issue third party subpoenas. More specifically:

    a. *Written Discovery:* Each side may serve thirty (30) interrogatories on any opposing Party, including subparts. There should be no limit on the number of requests for admission or requests for production.

    b. *Depositions:* Each Party may take 175 hours of deposition testimony (e.g., twenty-five depositions of seven hours each), or more upon receiving permission from the Court or consent of the opposing party. Rule 30(b)(6) depositions count against a party's limit, and no party is precluded from also taking the deposition of a Rule 30(b)(6) designee in his or her individual capacity. Expert depositions do not count toward each Party's deposition cap. Third party depositions also do not count toward each Party's cap. For third parties, the noticing party will be allowed six hours of examination and the non-noticing party one hour, unless both parties notice the deposition, in which case each will be allowed 3.5 hours of examination.

    c. *Expert Discovery:* Expert testimony will likely be necessary on issues relating to the Plaintiffs' motions for class certification, the Parties' motions for summary judgment, and at trial. Plaintiffs' proposed schedule for expert discovery is set forth below.

    d. *Electronically Stored Information and Form of Document Production:* Plaintiffs propose that the Parties meet and confer regarding ESI issues and the form of document production, and submit a joint (or competing, if necessary) ESI

1    stipulation and production protocol within thirty (30) days of the entry of a Case
2    Management Order.

3  **Google's Statement:**

4  Discovery in this case was stayed by this Court's November 22, 2010 Order. Dkt. No. 57. The entire case was stayed by the Court's July 18, 2011 Order, which clearly states that "[u]pon resolution of the appeal, either party may move the Court to lift its stay." Dkt. No. 90. Plaintiffs have filed no such motion and no order lifting the stay has issued. Because of these events, the Rule 26(f) conference has yet to occur in this case. Plaintiffs' proposed partial discovery plan is not tailored to this case, does not justify its significant deviations from the presumptive discovery limits, and is (admittedly) incomplete. Nevertheless, Google did not refuse discussion with Plaintiffs. Rather, Google proposed that, in the event the stay lifts, this case resume where it left off and the Parties hold a Rule 26(f) conference to discuss the issues Plaintiffs raise and those they acknowledge remain to be discussed. Among the issues that should be discussed is the process by which targeted jurisdictional discovery should be conducted. Google further proposes that no later than thirty (30) days following that, the Parties provide the Court with the Parties' stipulations and any competing proposals on disputed matters.

17  **10.   Class Actions:**

18  **Plaintiffs' Position:**

19  Pursuant to L.R. 16-9(b), Plaintiffs assert the following:

20  a.   A class action is maintainable under Federal Rule of Civil Procedure 23(a) and
21       (b)(2) and (3);

22  b.   The proposed class is identified as "[a]ll persons in the United States whose
23       electronic communications sent or received on wireless internet connections were
24       intercepted by Defendant's Google Street View vehicles from May 25, 2007
25       through the present." *See* Consolidated Class Action Complaint, Dk. No. 54.

26  c.   The elements of numerosity, commonality, typicality, and adequacy of counsel
27       for certification under Rule 23(a) are fulfilled. Additionally, Rule 23(b)(2) and
28       (3) are fulfilled, as Google acted on grounds that apply generally to the class and

-9-

     so final injunctive relief is appropriate respecting the class as a whole, and questions of law and fact common to members of the class predominate over any questions affecting only individual members. Plaintiffs intend to factually support their motion for class certification with documents obtained during the discovery phase of this litigation and likely with expert opinion.

  d. Plaintiffs intend to move for class certification within ten (10) months after entry of the Case Management Order.

**Google's Position:**

In response to Plaintiffs' L.R. 16-9(b) statement, Google believes that a class action cannot be maintained in this case under any paragraph of Federal Rule of Civil Procedure 23, because, *inter alia*:

  a. Plaintiffs lack standing to bring this action, whether as a class action or individually;

  b. A class is not ascertainable;

  c. In light of the diverse factual and legal issues identified above, questions of fact and law affecting individual class members predominate over common questions of fact and law;

  d. In light of the diverse factual and legal issues identified above, Plaintiffs and class members are not all uniformly situated, so it is likely that the claims of the representative Plaintiffs are not typical of the claims of the class and that the representative Plaintiffs will not fairly and adequately protect the interests of the class;

  e. No injunctive relief is available; and

  f. In light of the foregoing, Plaintiffs cannot establish facts showing that they may sue as representatives of the class, that Google acted on grounds that apply generally to class members, or that common law or fact questions predominate, whether through discovery, expert opinion, or otherwise.

**11. Related Cases:**

The cases presently in MDL 2184 are listed in Appendix A to this statement.

**12. Relief:**

**Plaintiffs' Position:**

Plaintiffs seek relief and statutory damages pursuant to 18 U.S.C. § 2520, calculated as the greater of $100 each day that each class member's data was intercepted or $10,000 per class member. As an alternative to the above, Plaintiffs seek all profits made by Google and its agents as a result of the violations alleged above if those profits exceed the individual damage calculations. Plaintiffs also seek declaratory and injunctive relief enjoining Defendant and its agents from continuing the conduct at issue in the future, as well as punitive damages.

**Google's Position:**

Plaintiffs are not entitled to any relief in this case because they lack standing and because their Wiretap Act claims fail on the merits. But even if Plaintiffs were are able to demonstrate that their communications were collected in violation of the Wiretap Act, they nevertheless will be unable to show that they have been harmed by Google's conduct or that Google received any benefit. Plaintiffs will likewise be unable to demonstrate any basis for punitive damages. With respect to injunctive relief, Google voluntarily ceased the conduct in question almost four years ago and committed never to repeat it, and its agreement with the Attorneys General further precludes any resumption. Accordingly, there is no basis for an injunction.

**13. Settlement and ADR:**

**Plaintiffs' Position:**

Plaintiffs are willing to explore reasonable and prudent approaches to settlement and ADR at this time, including the discussion of potential ADR options.

**Google's Position:**

Google is willing to explore reasonable and prudent approaches to settlement and ADR, and proposes that specific approaches be addressed in conjunction with other issues at a Rule 26(f) conference.

**14. Consent to Magistrate Judge:**

The Parties do not consent to a magistrate judge.

-11-

15. **Other References:**

The Parties do not believe the case is suitable for binding arbitration, and the Parties do not consent to the appointment of a special master.

16. **Narrowing of Issues:**

The Parties respectfully submit that it is premature to consider narrowing of issues at this time.

17. **Expedited Schedule:**

The case is not susceptible to expedited procedures.

18. **Scheduling:**

**Plaintiffs' Position:**

The Plaintiffs propose the following schedule.

a. The stay entered on November 22, 2010 is immediately lifted.

b. Fact discovery commences upon entry of the Case Management Order ("CMO Entry").

c. Initial disclosures due within twenty (20) days of the CMO Entry.

d. Parties serve document requests within twenty (20) days of the CMO Entry.

e. Google answers the Consolidated Class Action Complaint within thirty (30) days of the CMO Entry.

f. Parties file a proposed confidentiality order, jointly if possible, within thirty (30) days of the CMO entry.

g. Parties substantially complete document production within ninety (90) days of the CMO Entry.

h. Fact discovery to conclude nine (9) months after the CMO Entry.

i. Opening class certification brief, and any expert reports in support thereof, due within ten (10) months after CMO Entry.

j. Opposition to class certification, and any expert reports in support thereof, due two (2) months after the class certification brief is filed.

      k.      Reply in support of class certification, and any rebuttal expert reports in support thereof, due one (1) month after the opposition to class certification is filed.

      l.      Plaintiffs' merits expert report(s) due one (1) month after completion of class certification briefing.

      m.      Defendant's merits expert report(s) due two (2) months after Plaintiffs' merits expert report(s).

      n.      Plaintiffs' merits expert rebuttal report(s) due one (1) month after Defendant's merits expert report(s).

      o.      Summary judgment briefing commences within one (1) month after Plaintiffs' merit expert rebuttal report(s). Opposition briefs will be due two (2) months after opening summary judgment briefs are filed. Replies will be due one (1) month after opposition briefs are filed.

**Google's Position:**

Google proposes that the case schedule be addressed in conjunction with other issues at a Rule 26(f) conference.

**19.**    **Trial:**

**Plaintiffs' Position:**

Plaintiffs expect a trial in this matter to last 2 to 3 weeks, and that the case will be tried to a jury.

**Google's Position:**

Google proposes that trial issues be addressed in conjunction with other issues at a Rule 26(f) conference.

**20.**    **Disclosure of Non-party Interested Entities or Persons:**

Other than putative class members and Parties in the cases in this MDL, the Parties are not aware of any persons, firms, partnerships, corporations, or other entities with a financial interest in the subject matter in controversy or in a party to the proceeding or any other kind of interest that could be substantially affected by the outcome of the proceeding.

**21.**    **Other Matters:**

-13-

**Plaintiffs' Position:**

Plaintiffs respectfully submit that their proposed schedule ensures and facilitates the just, speedy, and inexpensive disposition of this matter.

**Google's Position:**

Google believes that the just, speedy, and inexpensive disposition of this matter can best be facilitated by keeping in place the stay of proceedings, including discovery, pending resolution of Google's forthcoming certiorari petition. If the stay is lifted or if Google's petition is denied, Google submits that the named Plaintiffs' standing to sue should be determined before allowing any other aspect of the case to proceed.

DATED:  January 31, 2014         SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
                                 Jeffrey L. Kodroff
                                 John A. Macoretta
                                 Mary Ann Geppert

                                 By:  /s/  Jeffrey L. Kodroff

                                 *Plaintiffs' Co-Lead Counsel*

DATED:  January 31, 2014         COHEN MILSTEIN SELLERS & TOLL PLLC
                                 Daniel A. Small
                                 David A. Young

                                 By:  /s/ Daniel A. Small

                                 *Plaintiffs' Co-Lead Counsel*

DATED:  January 31, 2014         WILSON SONSINI GOODRICH & ROSATI, P.C.
                                 David H. Kramer
                                 Michael H. Rubin
                                 Dylan J. Liddiard

                                 By:  /s/ Michael H. Rubin
                                         Michael H. Rubin

                                 *Attorneys for Defendant*
                                 *Google Inc.*

## APPENDIX A: MDL CASE LISTING

The following cases are presently in MDL 2184 (listed in order filed in original district):

- *Van Valin, et al. v. Google Inc.*, CAN 3:10-3641 (filed May 17, 2010)
- *Berlage, et al. v. Google Inc.*, CAN 3:10-2187 (filed May 20, 2010)
- *Galaxy Internet Services, Inc. v. Google Inc.*, CAN 3:10-3640 (filed May 24, 2010)
- *Stokes v. Google Inc.*, CAN 3:10-2306 (filed May 26, 2010)
- *Colman v. Google Inc.*, CAN 3:10-3637 (filed May 26, 2010)
- *Redstone, et al. v. Google Inc.*, CAN 3:10-3639 (filed May 28, 2010)
- *Keyes, et al. v. Google Inc.*, CAN 3:10-3638 (filed May 28, 2010)
- *Carter, et al. v. Google Inc.*, CAN 3:10-3642 (filed June 2, 2010)
- *Mulholland v. Google Inc.*, CAN 3:10-4269 (filed June 10, 2010)
- *Reyes v. Google Inc.*, CAN 3:10-3215 (filed July 22, 2010)
- *Locsin, et al. v. Google Inc.*, CAN 3:10-3272 (filed July 26, 2010)
- *Benitti v. Google Inc.*, CAN 3:10-3297 (filed July 27, 2010)
- *Sedita, et al. v. Google Inc.*, CAN 3:10-3286 (filed July 27, 2010)
- *Carney v. Google Inc.*, CAN 3:10-3715 (filed August 20, 2010)
- *Joffe v. Google Inc.*, CAN 3:10-4007 (filed September 9, 2010)
- *Myhre v. Google Inc.*, CAN 3:10-5667 (filed September 9, 2010)
- *Davis, et al. v. Google Inc.*, CAN 3:10-4079 (filed September 10, 2010)
- *Marigza et al. v. Google Inc.*, CAN 3:10-4084 (filed September 10, 2010)
- *Costanza et al. v. Google Inc.*, CAN 3:11-3081 (filed November 24, 2010)
- *Lacerte v. Google Inc.*, CAN 3:11-1697 (filed March 16, 2011)
- *Akinyemi v. Google Inc.*, CAN 3:13-5293 (filed October 21, 2013)

**CERTIFICATION**

I, Michael H. Rubin, am the ECF User whose identification and password are being used to file the Joint Case Management Statement. In compliance with L.R. 5-1(i)(3), I hereby attest that Daniel A. Small and Jeffrey L. Kodroff have concurred in this filing.

DATED: January 31, 2014            By:  /s/ Michael H. Rubin
                                        Michael H. Rubin

*Attorneys for Defendant Google Inc.*