**SPECTOR ROSEMAN KODROFF & WILLS, PC**
Jeffrey L. Kodroff, Esq.
jkodroff@srkw-law.com
John A. Macoretta, Esq.
jmacoretta@srkw-law.com
Mary Ann Geppert, Esq.
mgeppert@srkw-law.com
1818 Market St., Ste. 2500
Philadelphia, PA  19103
Tel. 215-496-0300
Fax. 215-496-6611

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Daniel A. Small, Esq.
dsmall@cohenmilstein.com
David A. Young, Esq.
dyoung@cohenmilstein.com
1100 New York Avenue, NW, Suite 500W
Washington, DC 20005
Tel. 202-408-4600
Fax. 202-408-4699

*Plaintiffs' Co-Lead Counsel*

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Elizabeth J. Cabraser, Esq. (SBN: 083151)
ecabraser@lchb.com
Michael W. Sobol (SBN: 194857)
msobol@lchb.com
Nicole D. Sugnet (SBN: 246255)
nsugnet@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel. 415-956-1000
Fax. 415-956-1008

*Plaintiffs' Liaison Counsel*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: GOOGLE INC. STREET VIEW ELECTRONIC COMMUNICATIONS LITIGATION | Case No.  3:10-md-02184-CRB<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO GOOGLE'S MOTION FOR ADMINISTRATIVE RELIEF TO ENFORCE THE COURT'S FEBRUARY 7, 2014 ORDER** |

**INTRODUCTION**

Google intentionally intercepted payload data from potentially millions of unsuspecting people across the United States. On June 29, 2011, Judge Ware ruled that Plaintiffs stated a claim that Google's *undisputed* actions violated the Electronic Communications Privacy Act ("ECPA"). On September 10, 2013, the Ninth Circuit Court of Appeals affirmed. On February 7, 2014, this Court ordered the parties to engage in discovery to determine whether the Plaintiffs are among the individuals from whom Google stole data, and thus have standing to serve as Class Plaintiffs.

To this end, on February 11, 2014, Plaintiffs served Google with discovery focused solely on standing, *i.e.*, the data Google surreptitiously intercepted from class members and recorded, and the information necessary to understand and intelligently evaluate whether that data contains Plaintiffs' communications.[1] Before even responding to these narrowly tailored discovery requests,[2] much less meeting and conferring on its objections, Google filed a motion which ironically seeks to prevent the Class Counsel appointed by this Court from analyzing the data that Google stole from the very individuals Class Counsel were appointed to represent. *See* Fed. R. Civ. P. 23(g)(4).

The tactics Google is using in an effort to prevent Plaintiffs from adequately determining the issue of standing is almost as disturbing as its intentional interception of the payload data itself, for it comes at the expense of the legitimate discovery process outlined by the Federal Rules of Civil Procedure. Instead of responding to Plaintiffs' requests, Google proposed that it turn over the intercepted data to one of five "neutral" third parties—*of Google's own choosing*—who would then conduct limited searches for any communications of the named Plaintiffs based on a search protocol that must be agreed to in advance by Google. Google fails to cite any statute, rule, or precedent that supports this type of restrictive discovery. Google's Motion is

---

[1] Plaintiffs' requests are solely limited to the data recorded by the Street View vehicles and evidence necessary to determine where it is located and to understand its structure and content. No other type of discovery is being sought. *See* Exhibit A to Rubin Declaration. It is only through a thorough review of this data that Plaintiffs may adequately determine whether they have standing to serve as class representatives. Thus, contrary to what Google would have the Court believe, Plaintiffs are not engaging in any sort of "fishing expedition." *See* Google Motion, at 4.

[2] Google is not required to respond to Plaintiffs' discovery requests until March 17, 2014.

1  nothing more than a bald attempt to circumvent the Federal Rules for its own tactical advantage
2  and to avoid producing all relevant discovery that will allow the parties and the Court fairly to
3  resolve the standing issue.  The motion should be denied as substantively wrong and procedurally
4  premature.

## PROCEDURAL DISCOVERY HISTORY

Shortly after the Ninth Circuit affirmed this Court's decision, on February 7, 2014, the Court permitted "limited discovery on the issue of standing."  Dkt. No. 108.  On February 11, 2014, Plaintiffs served Google with discovery requests pertaining to the location, network, and payload data collected by Google, and evidence shedding light on the data's structure, meaning, and content.  *See* Exhibit A to Rubin Decl., Dkt. No. 109-2.  Google has not yet responded to Plaintiffs' requests.  Instead, on February 21, 2014, Google sent Plaintiffs a letter simply stating that it did not believe the requests were "limited to the threshold jurisdictional questions confronting the parties and the Court" and attaching a proposed stipulation outlining a process for jurisdictional discovery.  Google's proposal is extraordinary, requiring Plaintiffs to abandon their right (and Class Counsel's obligation) to make their own evaluation of all relevant evidence in favor of a binding determination by one of five "neutral" third-parties chosen by Google to review the data under a patently insufficient search method and scope.  *See* Exhibit B to Rubin Decl., Dkt. No. 109-3.[3]  On March 3, 2014, the parties met and conferred with respect to Google's proposal only, as Google was unwilling to also discuss Plaintiffs' discovery requests.  Rather than agreeing to Google's proposal, Plaintiffs asked Google to respond to the discovery requests in accordance with the Federal Rules of Civil Procedure.  Instead, Google filed the instant Motion on March 7, 2014.

---

[3] This is not Google's first attempt to avoid liability for its Wi-Fi interception misconduct by refusing to turn over relevant information.  In 2012, the Federal Communications Commission fined Google $25,000 because it "deliberately impeded and delayed the Bureau's investigation by failing to respond to requests for material information and to provide certifications and verifications of its responses…Google apparently willfully and repeatedly violated Commission orders to produce certain information and documents that the Commission required for its investigation."  Notice of Apparent Liability for Forfeiture, DA 12-592 (April 13, 2012).

1  **ARGUMENT:  Google's Motion Is No More Than an Attempt to Circumvent the Discovery Process Provided by the Federal Rules of Civil Procedure.**

2

3   The Ninth Circuit has long held that "the broad right of discovery is based on the general

4  principle that litigants have a right to every man's evidence, and that wide access to relevant facts

5  serves the integrity and fairness of the judicial process by promoting the search for the truth."

6  *Rivera v. Nibco, Inc.*, 384 F.3d 822, 824 (9th Cir. 2004) (quoting *Shoen v. Shoen*, 5 F.3d 1289,

7  1292 (9th Cir. 1993)) (internal quotation marks and citations omitted).  "'Relevancy' is defined to

8  include both directly relevant material and material likely to lead to the discovery of admissible

9

10  evidence.'"  *In re Toyota Motor Corp. Sec. Litig.*, No. CV 10-922, 2012 WL 3791716, at *4

11  (C.D. Cal. Mar. 12, 2012) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351

12  (1978)).  "[F]or purposes of discovery, relevancy is to be interpreted very broadly."  *Id.* (citing

13  *Oppenheimer Fund*, 437 U.S. at 351, n. 12).

14   Likewise, this Court has been clear on the discovery process called for by the Federal

15  Rules of Civil Procedure:

16
17   The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties
18   about discovery *responses.  Discovery requests and responses normally are exchanged between the parties without any copy sent
19   to the court….Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even
20   consider asking the court to intervene in the discovery process*. The court does not have enough time or resources to oversee all
21   discovery, and therefore requires that the parties present to it only their very specific disagreements.  And to promote the goal of
22   addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet
23   and confer to try to resolve their disagreements before seeking court intervention.
24

25  *Page v. Acosta*, No. C 08-5707, 2009 WL 1357453, at *3 (N.D. Cal. May 13, 2009) (emphasis

26  added); *see also Quiroz v. Cate*, No. C 11-0016, 2012 WL 3236490, at *6 (N.D. Cal. Aug. 6,

27  2012); *Hicks v. Evans*, No. C08-1146, 2012 WL 2838685, at *1 (N.D. Cal. July 10, 2012).  In

28  filing its Motion for Administrative Relief rather than responding to Plaintiffs' discovery

1  requests, Google blatantly ignores the law of this Circuit and the Federal Rules of Civil
2  Procedure.  Google's tactic brings a dispute to the Court before it is ripe, with the goal of
3  improperly granting Google the first and last word.  Google's strategy is designed to limit
4  Plaintiffs' opportunity to fully explain the propriety of its discovery requests, and to address any
5  specific objections Google might have (but has so far declined to make).

6  Accordingly, the propriety of Plaintiffs' discovery requests and the insufficiency of any
7  objections should be fully briefed, if ultimately necessary, on a motion to compel.[4]  But for now,
8  Plaintiffs highlight a couple of deficiencies in Google's proposal.  For example, Google proposes
9  that it alone will determine, without cross-examination, what data to search and then provide such
10 data to a third party of its choosing.  Plaintiffs, however, are entitled to inquire as to all the
11 locations where Plaintiffs' intercepted communications may exist, to investigate the manner in
12 which it was collected and the impact of that on what was recorded, and to devise and perform
13 their own searches for Plaintiffs' communications.  Google cannot cite, nor does there exist, any
14 case law in this Circuit or elsewhere that permits a party to deny its opponent discoverable
15 evidence by instead turning such evidence over to a third party, of its own choosing, for
16 potentially dispositive evidentiary analysis.[5]  Rather, the adversarial nature of litigation dictates
17 the contrary.  *See The Estate of Christopher G.L. Wallace v. City of Los Angeles*, 229 F.R.D. 163,
18 165 n. 5 (C.D. Cal. July 6, 2005) ("A party's obligation in responding to discovery is not to pick
19 and choose which items of evidence it believes will be most valuable to the opposing side.");
20 *Haeger v. Goodyear Tire and Rubber Co.*, 906 F. supp. 2d 938, 941 (D. Ariz. 2012) ("Litigation
21 is not a game.  It is the time-honored method of seeking the truth, finding the truth, and doing
22 justice.  When a corporation and its counsel refuse to produce directly relevant information an
23 opposing party is entitled to receive, they have abandoned these basic principles in favor of their
24 own interests.").

25 Google's proposal is also inadequate because it assumes standing can be determined

---

[4] If Plaintiffs' requests were inappropriate, Google could have filed a motion for a protective order rather than the present motion. However, knowing that its position is weak, it chose not to do so.

[5] Plaintiffs have indicated their willingness to enter into a confidentiality stipulation to assure that the intercepted communications are protected from disclosure.

solely by examining Plaintiffs' communications on their own network. However, if a Plaintiff sent an e-mail to a friend, and that e-mail was intercepted while being transmitted over the friend's Wi-Fi network, Google's proposal undeniably would fail to locate it. Simply put, searching for Plaintiffs' intercepted communications is not the simple mechanical endeavor Google would have this Court believe.[6]

The Federal Rules clearly state that Plaintiffs are entitled to all data relevant to Plaintiffs' standing, not simply the data Google unilaterally determines is appropriate. *See Rivera v. Nibco, Inc.*, 384 F.3d at 824. Google has not put forth any case law to the contrary. Google's motion should be denied and it should, in accordance with the Federal Rules of Civil Procedure, provide the data recorded by its Street View vehicles, data that indisputably contains the intercepted communications of the class members. To the extent Google has any responses and/or objections to Plaintiffs' other requests, it should serve them pursuant to the Federal Rules which would then be followed by a meet and confer conference between the parties. It is only then that any specific disagreements may be determined, and if necessary, brought to the Court's attention.

## **CONCLUSION**

For the foregoing reasons, Google's motion should be denied.

---

[6] In making its proposal, Google disclosed to Plaintiffs for the first time that some of the intercepted data remains on the drives that were in its Street View vehicles, and was not turned over to the Oregon district court pursuant to that court's order. Plaintiffs are entitled to determine through discovery where all the intercepted data is (or was), whether it continues to exist, and whether it has been modified in any way. Litigation does not require accepting the other side's say-so regarding what the evidence, once developed, will show. *See* Rubin Decl. Ex. B, at 3-4 (Google's proposal that it would deposit with the neutral not only the hard drives that were produced to the Oregon district court, but also "any Street View car disk that was in circulation in the United States prior to May 15, 2010 but never processed and therefore may contain Basic Network Information along with Payload Data").

| | | |
|---|---|---|
| 1 | Dated: March 13, 2014 | Respectfully submitted, |
| 2 | | By: */s/   Jeffrey L. Kodroff* |
| 3 | | SPECTOR ROSEMAN KODROFF & WILLS, PC |
| | | Jeffrey L. Kodroff, Esq. |
| 4 | | jkodroff@srkw-law.com |
| | | John A. Macoretta, Esq. |
| 5 | | jmacoretta@srkw-law.com |
| | | Mary Ann Geppert, Esq. |
| 6 | | mgeppert@srkw-law.com |
| | | 1818 Market St., Ste. 2500 |
| 7 | | Philadelphia, PA  19103 |
| | | Tel. 215-496-0300 |
| 8 | | Fax. 215-496-6611 |

COHEN MILSTEIN SELLERS & TOLL PLLC
Daniel A. Small, Esq.
dsmall@cohenmilstein.com
David A. Young, Esq.
dyoung@cohenmilstein.com
1100 New York Avenue, NW, Suite 500W
Washington, DC 20005
Tel. 202-408-4600
Fax. 202-408-4699

*Plaintiffs' Co-Lead Counsel*

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Elizabeth J. Cabraser, Esq. (SBN: 083151)
ecabraser@lchb.com
Michael W. Sobol (SBN: 194857)
msobol@lchb.com
Nicole D. Sugnet (SBN: 246255)
nsugnet@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel. 415-956-1000
Fax. 415-956-1008

*Plaintiffs' Liaison Counsel*

**ATTESTATION**

I, Nicole D. Sugnet, am the ECF user whose identification and password are being used to file this Opposition to Motion for Administrative Relief.  I hereby attest that Jeffrey L. Kodroff has concurred in this filing.

 */s/ Nicole D. Sugnet*