# EXHIBIT 1

**SPECTOR ROSEMAN KODROFF & WILLS, PC**
Jeffrey L. Kodroff, Esq.
jkodroff@srkw-law.com
John A. Macoretta, Esq.
jmacoretta@srkw-law.com
Mary Ann Geppert, Esq.
mgeppert@srkw-law.com
1818 Market St., Ste. 2500
Philadelphia, PA 19103
Tel. 215-496-0300
Fax. 215-496-6611

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Daniel A. Small, Esq.
dsmall@cohenmilstein.com
David A. Young, Esq.
dyoung@cohenmilstein.com
1100 New York Avenue, NW, Suite 500W
Washington, DC 20005
Tel. 202-408-4600
Fax. 202-408-4699

*Plaintiffs' Co-Lead Counsel*

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Elizabeth J. Cabraser, Esq. (SBN: 083151)
ecabraser@lchb.com
Michael W. Sobol (SBN: 194857)
msobol@lchb.com
Nicole D. Sugnet (SBN: 246255)
nsugnet@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel. 415-956-1000
Fax. 415-956-1008

*Plaintiffs' Liaison Counsel*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: GOOGLE INC. STREET VIEW ELECTRONIC COMMUNICATIONS LITIGATION | Case No. 3:10-md-02184-CRB<br><br>**PLAINTIFFS' NOTICE PURSUANT TO FED. R. CIV. P. 30(B)(2) AND 30(B)(6) AND FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS PURSUANT TO RULE 34** |

- 1 -

PLAINTIFFS' NOTICE PURSUANT TO RULE 30(B)(2) AND
30(B)(6) AND FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 3:10-MD-02184-CRB

1     Pursuant to Fed. R. Civ. P. 30(b)(2), 30(b)(6), and 34, Plaintiffs Benjamin Joffe, *et al.*,
2 ("Plaintiffs") hereby notify Defendant Google, Inc. ("Google") that:
3     1.     Google must produce for inspection and copying the documents and electronically
4 stored information described herein, at the offices of Lieff, Cabraser, Heimann & Bernstein, LLP,
5 275 Battery Street, 29th Floor, San Francisco, California, 94111, within 30 days of the service of
6 these requests.  In accordance with Rule 34(b), Google shall provide written responses to the
7 following requests and shall produce the requested documents as they are kept in the ordinary and
8 usual course of business or shall organize and label the documents to correspond with the
9 categories in this request; and
10    2.     Google must designate one or more of its officers, directors, managing agents or
11 other persons who consent to testify on its behalf, regarding information known or reasonably
12 available to Google concerning the topics designated herein.  The deposition will be held at the
13 offices of LIEFF CABRASER HEIMANN & BERNSTEIN, LLP, 275 Battery Street, 29th Floor,
14 San Francisco, CA 94111-3339.  The deposition will be taken before an officer legally authorized
15 to administer oaths and shall be recorded stenographically and by videotape for possible use at
16 trial.  The deposition will begin on [Friday April 11, 2014 at 10:00 a.m.].

## INSTRUCTIONS

18    1.     Pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, if You
19 withhold the production of any document which is responsive to the following requests on the
20 grounds that the document is privileged or otherwise protected, You shall state in a privilege log
21 the nature of the claim of privilege or protection; and describe generally the type and nature of
22 the document; the date of the document; the identity of the author(s), the addressee(s), and any
23 recipient(s) of the document; the document's present location; and any other information that will
24 enable Plaintiffs and the Court to assess the applicability of the privilege or protection.
25    2.     You are required to produce all the requested documents which are in Your
26 possession, custody or control, including (by way of illustration only and not limited to)
27 documents in the possession, custody or control of Your affiliates, Your merged and acquired
28 predecessors, Your present and former directors, officers, partners, employees, accountants,

1  attorneys or other agents, Your present and former independent contractors over which You have
2  control, and any other Person acting on Your behalf.

3      3. If a Document responsive to these requests was at any time in Your possession,
4  custody or control but is no longer available for production, as to each such Document state the
5  following information:

6          a. Whether the Document is missing or lost;
7          b. Whether the Document has been destroyed;
8          c. Whether the Document has been transferred or delivered to another person
9  and, if so, at whose request;
10         d. Whether the Document has been otherwise disposed of; and
11         e. The circumstances surrounding the disposition of the Document and the
12 date of its disposition.

13     4. These Requests shall be deemed continuing so as to require supplemental
14 responses as You or Your attorneys obtain further information or materials from the time Your
15 answers are served until the time of trial.

16 **DEFINITIONS**

17     1. "Google," "You," and "Your" means Defendant, Google Inc., and its parents,
18 subsidiaries, divisions, affiliates, officers, directors, employees, dealers, and agents.

19     2. "Person" means any natural person, public or private corporation (whether or not
20 organized for profit), governmental entity, partnership, association, cooperative, joint venture,
21 sole proprietorship, or other legal entity. With respect to a business entity, the term "person"
22 includes without limitation any natural person or entity acting formally or informally as an
23 employee, officer, agent, attorney or other representative of the business entity.

24     3. Unless otherwise specified, the "Time Period" refers to the period beginning on
25 January 1, 2007 through the present time.

26     4. The terms "Document" or "Documents" are defined as broadly as permitted under
27 Federal Rule of Civil Procedure 34. They include, without limitation, any Electronically Stored
28 Information ("ESI") and/or typewritten, handwritten, graphic, photographic, printed or otherwise

1  recorded matter or recording of symbols in tangible form, however produced or reproduced, of
2  every kind and regardless of where located, which is in Your possession, custody, or control; or
3  in the possession, custody or control of any servant or agent or of Your attorneys.  The terms
4  include the following: electronically recorded information such as electronic mail ("email"),
5  html files, databases, data collected or recorded by Your Street View Vehicles, data processing
6  cards or tapes, computerized data, computer diskettes, or information otherwise contained on a
7  computer's hard drive, disks or backup tapes; video tapes, audio tapes, or any information
8  maintained on digital, electronic, magnetic or other media; and any other summary, schedule,
9  memorandum, note, statement, letter, telegram, interoffice communication, report, diary,
10  worksheet, list, graph, chart, or index, tape record, partial or complete report of telephone or oral
11  conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing
12  or recording.  The terms "document" and "documents" include all originals and copies, no
13  matter how prepared, and all drafts prepared in connection with such documents, whether or not
14  used, as well as the file in which the documents are maintained.  A draft or non-identical copy of
15  a document, including a copy or duplicate of a document that has any nonconforming notes,
16  marginal annotations or other markings, and any preliminary version, draft or revision of the
17  foregoing, is a separate document within the meaning of these terms.

18       5.     "Electronically Stored Information" ("ESI") is defined as broadly as permitted
19  under Federal Rules of Civil Procedure 26 and 34 and includes, without limitation, the
20  following:

21       a.     Activity listings of electronic mail receipts and/or transmittals;
22       b.     Output resulting from the use of any software program, including without
23  limitation word processing documents, spreadsheets, database files, charts, graphs and outlines,
24  electronic mail, instant messaging or chat programs (such as, but not limited to, Skype, Microsoft
25  Instant Messenger, Google Chat, Yahoo Messenger, and AOL Instant Messenger), mobile
26  messaging (such as, but not limited to, text messages, Apple iMessage, or Blackberry Instant
27  Messenger), bulletin board programs, online or intranet forums, operating systems, source code,
28

1  PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside
2  and regardless of whether such electronic data exist in an active file, deleted file, or file fragment;
3              c.      Any and all items stored on computer memories, hard disks, floppy disks,
4  CD-ROM, magnetic tape, or on any other vehicle for digital data storage and/or transmittal,
5  including without limitation USB flash memory drives, memory cards (e.g. non-volatile Secure
6  Digital cards), a smartphone or personal digital assistant (e.g., iPhone, Blackberry, Windows
7  Phone, Android, or other device), or a tablet computer such as an iPad, Android or Windows
8  tablet; and
9              d.      ESI must be processed and produced in a manner that preserves all
10 metadata.
11     6.      The term "communication" means the transmittal of information in any form,
12 including, but not limited to, facts, thoughts, ideas, intentions, desires, inquiries, shapes, sounds,
13 letters, words and numbers, by any means or media whatsoever, including, but not limited to,
14 statements, codes, actions or signals, whether verbal or non-verbal and whether written or oral.
15     7.      The terms "concerning," "pertaining to," "relating to," "regarding" or "referring
16 to" (including other tense forms of those terms) mean describing, evidencing, constituting,
17 reflecting, showing, comprising, considering, discussing, regarding, setting forth, studying,
18 analyzing, commenting upon, recommending, alluding to, or mentioning, in whole or in part.
19     8.      The singular includes the plural and the plural includes the singular.
20     9.      The conjunctions "and" and "or" shall be interpreted conjunctively and shall not
21 be interpreted disjunctively to exclude any information otherwise within the scope of a request.
22     10.     The words "any" or "all" mean all documents or items so described.
23     11.     Use of the present tense in any request includes the period of time or any portion
24 thereof from January 1, 2007 through the present.
25     12.     The term "Complaint" refers to the Consolidated Class Action Complaint filed by
26 Plaintiffs on November 8, 2010.
27     13.     "Street View Data" means all data collected or recorded by Google's Street View
28 vehicles operating in the United States from January 1, 2007 through November 8, 2010,

including but not limited to all data collected or recorded by the software and hardware described in the June 3, 2010 report prepared by Stroz Friedberg for Google and Perkins Coie.

**FORMAT OF PRODUCTION**

Plaintiffs request that You meet and confer regarding the production format(s) for all data or documents maintained in electronic form. Unless otherwise requested, all such data or documents are to be produced in an agreed-upon, computer searchable format.

**DOCUMENTS TO BE PRODUCED**

**REQUEST FOR PRODUCTION NO. 1:**

All Street View Data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**


**REQUEST FOR PRODUCTION NO. 2:**

All software and hardware used to collect and record Street View Data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**


**REQUEST FOR PRODUCTION NO. 3:**

All data and documents correlating or associating Street View Data with the name of a Person, with geographic coordinates or with physical addresses or locations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**


**REQUEST FOR PRODUCTION NO. 4:**

All documents relating to the operation of the software and hardware used by Google's Street View Vehicles to collect and record Street View Data, including all documents explaining how the software and hardware collects, parses, and stores Street View Data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

**REQUEST FOR PRODUCTION NO. 5:**

All documents relating to the structure, configuration and format of the Street View Data, including field types and data definitions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**


**REQUEST FOR PRODUCTION NO. 6:**

Any and all documents relating to the named Plaintiffs in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**


**REQUEST FOR PRODUCTION NO. 7**:

Any and all documents relating to any changes or differences between the Street View Data that was collected and recorded by Street View Vehicles and the data produced to Plaintiffs (e.g., in response to Request No. 1).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:


## TOPICS FOR DEPOSITION

1. The structure, configuration, and format of the Street View Data, including field types and data definitions;

2. The function and operation of the software and hardware used to collect and record Street View Data;

3. All document retention or destruction policies that would relate to any of the Requested Documents;

4. The method of search made by Google for the Requested Documents;

5. Any changes or differences between the Street View Data that was collected and recorded by Street View Vehicles and the data produced to Plaintiffs (e.g., in response to Request No. 1).

6. The completeness of Google's production of the Requested Documents as of the date of the deposition;

| | | |
|---|---|---|
| 1 | 7. | The identity of the custodian(s) of the Requested Documents; and |
| 2 | 8. | The authenticity of the Requested Documents. |

Dated: February 11, 2014

Respectfully submitted,

By: /s/   Jeffrey L. Kodroff

SPECTOR ROSEMAN KODROFF & WILLS, PC
Jeffrey L. Kodroff, Esq.
jkodroff@srkw-law.com
John A. Macoretta, Esq.
jmacoretta@srkw-law.com
Mary Ann Geppert, Esq.
mgeppert@srkw-law.com
1818 Market St., Ste. 2500
Philadelphia, PA  19103
Tel. 215-496-0300
Fax. 215-496-6611

COHEN MILSTEIN SELLERS & TOLL PLLC
Daniel A. Small, Esq.
dsmall@cohenmilstein.com
David A. Young, Esq.
dyoung@cohenmilstein.com
1100 New York Avenue, NW, Suite 500W
Washington, DC 20005
Tel. 202-408-4600
Fax. 202-408-4699

Plaintiffs' Co-Lead Counsel

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Elizabeth J. Cabraser, Esq. (SBN: 083151)
ecabraser@lchb.com
Michael W. Sobol (SBN: 194857)
msobol@lchb.com
Nicole D. Sugnet (SBN: 246255)
nsugnet@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel. 415-956-1000
Fax. 415-956-1008

Plaintiffs' Liaison Counsel

- 8 -

PLAINTIFFS' NOTICE PURSUANT TO RULE 30(B)(2) AND
30(B)(6) AND FIRST SET OF REQUESTS FOR PRODUCTION
CASE NO. 3:10-MD-02184-CRB

**CERTIFICATION OF SERVICE**

I hereby certify that on **February 11, 2014**, I served Plaintiffs' Notice Pursuant to Fed. R. Civ. P. 30(B)(2) and 30(B)(6) and First Set of Requests for Production of Documents Pursuant to Rule 34 to Michael Rubin, Wilson Sonsini Goodrich & Rosati, P.C., 650 Page Mill Road, Palo Alto, CA 94304-1050, attorney for the Defendant Google Inc., via email and regular mail.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing is willfully false, I may be subject to punishment.

**Dated:** February 11, 2014

/s/ Jeffrey L. Kodroff
Jeffrey L. Kodroff, Esquire