EXHIBIT 2

MICHAEL H. RUBIN, SBN 214636
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza, Spear Tower
Suite 3300
San Francisco, CA 94105
Telephone:  (415) 947-2000
Facsimile:   (415) 947-2099
Email:   mrubin@wsgr.com

DAVID H. KRAMER, SBN 168452
DYLAN J. LIDDIARD, SBN 203055
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100
Email:   dkramer@wsgr.com
          dliddiard@wsgr.com

Attorneys for Defendant Google Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE INC. STREET VIEW ELECTRONIC COMMUNICATIONS LITIGATION | CASE NO.:  3:10-md-02184-CRB |
| | **DEFENDANT GOOGLE INC.'S AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS' NOTICE PURSUANT TO FED. R. CIV. P. 30(B)(2) AND 30(B)(6) AND FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS PURSUANT TO RULE 34** |

1   Pursuant to Rules 26, 30, and 34 of the Federal Rules of Civil Procedure, the Civil Local

2   Rules for the Northern District of California, and the Court's February 7, 2014 Order (Dkt. No.

3   108) ("Order" or "February 7 Order"), Defendant Google Inc. ("Google") hereby serves amended

4   responses to Plaintiffs' Notice Pursuant to Fed. R. Civ. P. 30(b)(2) and 30(b)(6) (itself the

5   "Deposition Notice") and First Set of Requests for Production of Documents Pursuant to Rule 34

6   (the "Document Requests") as follows:

7   **PRELIMINARY STATEMENT**

8   On February 7, 2014, the Court authorized only limited discovery directed to resolving

9   the jurisdictional issue of standing. Disregarding that Order, Plaintiffs served Document

10  Requests and a Deposition Notice (collectively referred to as the "Requests") that demand wide-

11  ranging, irrelevant, and overly burdensome discovery that goes well beyond the jurisdictional

12  standing issue.

13  Google proposed a stipulation on February 21 (the "Jurisdictional Discovery Proposal" or

14  "Proposal" (Dkt. No. 109-4)) that provided an efficient and structured means of answering the

15  only relevant question at this stage in the proceedings: whether Google acquired so-called

16  "payload data" transmitted from a Wi-Fi network belonging to one or more of the named

17  Plaintiffs, which is the sole ground Plaintiffs have alleged for standing. The Proposal provides a

18  path to answer this question without venturing improperly into collateral matters or imposing an

19  undue burden on any party. Plaintiffs refused to agree to this Proposal or to propose an

20  alternative. Plaintiffs insisted upon pursuing the Requests, prompting Google to file a motion

21  with the Court on March 7, 2014 ("Google's Administrative Motion" (Dkt. No. 109)) in an effort

22  to enforce the Order.

23  The Court denied the motion without prejudice and referred this dispute and other

24  discovery matters to Magistrate Judge Maria-Elena James. After Google served its Objections

25  and Responses to Plaintiffs' Requests, the parties met and conferred regarding the Proposal and

26  Plaintiffs' Requests. Plaintiffs continued to refuse to propose revisions to the Proposal or offer an

27  alternative protocol. Nonetheless, Google repeatedly revised the Proposal to address Plaintiffs'

28  stated concerns. The current Proposal is attached as Exhibit A.

1      And while Plaintiffs agreed to defer or otherwise narrow certain Requests, they have

2 continued to demand that Google produce "All Street View Data"—even though this overbroad

3 request is contrary to the February 7 Order, the Federal Rules of Civil Procedure, and well-

4 established precedent.

5      Google now serves Amended Objections and Responses to Plaintiffs' Requests and

6 expressly reserves the right to supplement these responses at any time.

7 **GENERAL OBJECTIONS**

8      1.     Google objects to all Definitions, Instructions, and Requests to the extent they

9 seek testimony or the production of documents or other materials that exceed the scope of the

10 February 7 Order, which limits discovery only to that necessary to determine the individual

11 Plaintiffs' standing to pursue this matter and the Court's subject matter jurisdiction over the

12 matter. However, Google is willing to meet and confer with Plaintiffs after the issues raised in

13 the joint letters are resolved by the Court.

14      2.     Google objects to all Definitions, Instructions, and Requests to the extent that they

15 seek class-wide discovery when no class has been certified and the standing of the named

16 Plaintiffs has yet to be established. Such discovery at this stage in the proceedings is irrelevant,

17 overly broad, and unduly burdensome.

18      3.     To the extent that any Definition, Instruction, or Request may be construed as

19 calling for information that is subject to a claim of privilege, including, without limitation, the

20 attorney-client privilege and attorney work-product doctrine, Google hereby claims such

21 privilege and objects to the disclosure of the information. Google's responses to Plaintiffs'

22 Definitions, Instructions, or Requests should not include any information subject to such

23 privileges and doctrines and the inadvertent disclosure of privileged information shall not

24 constitute a waiver of any applicable privilege.

25      4.     No admissions (incidental, implied, or otherwise) are intended by any response

26 Google makes to any Request, including, without limitation, that any statement or

27 characterization in any of the Requests is accurate or complete. In addition, the fact that Google

28 may respond to any of the Requests should not be taken as an admission that Google accepts or

admits the existence of any documents, things, or matters presumed by such Requests. It means only that Google will perform a reasonably diligent search of the documents or things Google has agreed to produce.

5. Google's partial response to any Request is not a waiver of its objection or right to object to the Request, or any part thereof, or to any additional, supplemental, or further request or part thereof, but is instead offered in an effort to resolve a potential discovery dispute.

6. Google objects to all Definitions, Instructions, and Requests to the extent that they are inconsistent with and/or seek to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure, the Civil Local Rules for the Northern District of California, and any other applicable rules or orders.

7. Google objects to all Definitions, Instructions, and Requests to the extent that they call for testimony regarding or the production of trade secrets or other confidential business, financial, proprietary, or sensitive commercial information, or where a nondisclosure agreement limits disclosure. Google will provide such material only to the extent it can do so consistent with its legal obligations. Where appropriate, Google will provide responses once suitable means for the protection of confidential information have been entered by the Court.

8. Google objects to all Definitions, Instructions, and Requests to the extent that they seek testimony, documents, or materials that are not relevant or are otherwise not tailored to seeking discovery on whether Google acquired payload data transmitted from a Wi-Fi network belonging to one or more of the named Plaintiffs.

9. Google objects to all Definitions, Instructions, and Requests to the extent that they are vague, ambiguous, vexatious, harassing, and/or overbroad or subject Google to unreasonable and undue annoyance, oppression, embarrassment, burden, or expense.

10. Google objects to the Definitions, Instructions, and Requests to the extent that they seek the production of electronically stored information contained in sources that are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B), and to the extent that they seek the production of documents and other materials that otherwise are unduly burdensome to obtain.

11.     Google objects to the Definitions, Instructions, and Requests to the extent that they purport to require Google to testify regarding or produce documents or other materials that are not within its possession, custody, or control—including information in the custody or control of former Google directors, officers, partners, employees, accountants, attorneys or other agents, or independent contractors.

12.     Google objects to the Definitions, Instructions, and Requests to the extent that they seek the production of "all documents" "relating to" the requested categories on the grounds that such Definitions, Instructions, and Requests are overly broad, unduly burdensome, and oppressive.

13.     Google objects to the Definitions, Instructions, and Requests to the extent that they seek testimony regarding or the production of documents or other materials that are already within Plaintiffs' possession, custody, or control, available from public sources, more conveniently or less expensively obtained from another source or in another manner, or equally available to each party.

14.     Google objects to the Definitions, Instructions, and Requests to the extent that they are unreasonably cumulative or duplicative.

15.     Google objects to the Definitions, Instructions, and Requests to the extent that they use the term "Street View Vehicles" or "Street View vehicles" without defining such term. Google will define these terms to refer to Google's Street View vehicles operating in the United States from January 1, 2007 through May 15, 2010.

16.     Google objects to the Requests to the extent they seek "all data" and "all documents" in the possession of Google or require Google to provide direct access to Google's computer systems or hardware, including but not limited to Street View vehicles, hardware or software contained in or affixed to any Street View Vehicle, active or archived databases, servers, desktop computers, laptops, hard drives, tablets, cell phones, or other mobile devices as overly broad, unduly burdensome, and duplicative. Google will respond to such Requests with responsive documents or materials obtained from a reasonable subset of custodians.

17. Google objects to all Definitions, Instructions, and Requests to the extent that they call for information not yet known to Google. To the extent that Requests are premature, Google reserves the right to amend and/or supplement any of its responses as new information or discovery becomes available.

18. Google objects to all Definitions, Instructions, and Requests to the extent they assume facts not in evidence or make legal conclusions regarding matters in dispute.

19. Google objects to Plaintiffs' request for a deposition as unnecessary in light of the Proposal, and therefore irrelevant and overly burdensome under the circumstances.

## OBJECTIONS TO INSTRUCTIONS

1. Google objects to Instructions Nos. 1-3 on the grounds that Plaintiffs' specifications are unduly burdensome and exceed Google's obligations under the Federal Rules of Civil Procedure or this Court's Rules, and to the extent that they pose an unreasonable and undue annoyance, burden, and/or expense on Google, and any relevant information sought in connection with this phase of the case can be obtained in a less burdensome and expensive manner.

## OBJECTIONS TO DEFINITIONS

1. Google objects to the definition of the terms "Google," "You," and "Your" on the grounds that the definition is vague, ambiguous, and unintelligible, and that it is excessively broad and unduly burdensome because it includes companies and persons that are not parties to this lawsuit. Google will construe these terms to mean Google Inc.

2. Google objects to the definitions of the terms "concerning," "pertaining to," "relating to," "regarding," and "referring to" on the grounds that they are vague, overly broad, and unduly burdensome. Google will construe these words and phrases wherever used to call for documents or other information that directly discuss or concern a particular topic.

3. Google objects to the definitions of the terms "Document," "Documents," "Electronically Stored Information" ("ESI"), and "communication" on the grounds that they are vague, overly broad, and unduly burdensome, and to the extent that they are inconsistent with and/or seek to impose obligations that exceed those imposed by the Federal Rules of Civil

Procedure and the Local Civil Rules. In particular, Google objects to the definition of the terms "Document" and "Documents" to the extent it includes "data collected or recorded by Your Street View Vehicles," as vague, overly broad, and unduly burdensome. Google will define "data collected or recorded by Your Street View Vehicles" to mean "Street View Data" as defined by Google below.

4.    Google objects to the definition of the term "Time Period," and to the use of the present tense in any Request to include the period of time or any portion thereof from January 1, 2007 through the present, on the ground that the definition is overbroad; as Plaintiffs agree, Google ceased the conduct alleged in the Complaint by no later than May 15, 2010. Google will define "Time Period" as the period from January 1, 2007 through May 15, 2010, and for Requests that use the present tense, Google will respond with respect to that Time Period as defined by Google.

5.    Plaintiffs agreed to modify the definition of the term "Street View Data." "Street View Data" is now defined as all (1) network traffic from unencrypted wireless networks and (2) GPS and time-stamp information associated with or recorded contemporaneously to such data, that was recorded by software (*e.g.*, gstumbler, gslite, or other software performing substantially the same function as these programs) operating on Google Street View vehicles operating in the United States from January 1, 2007 through May 15, 2010.

**SPECIFIC OBJECTIONS AND RESPONSES TO THE DOCUMENT REQUESTS**

Google expressly incorporates the above general objections and the objections to Definitions and Instructions (collectively referred to as "General Objections") as though set forth fully in response to each of the following Requests.

**DOCUMENT REQUEST NO. 1:**

All Street View Data.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Google objects to this Request because it violates the February 7 Order, which limits discovery only to that necessary to determine the individual Plaintiffs' standing to pursue this matter and the Court's subject matter jurisdiction over the matter, and is overbroad, unduly

burdensome, oppressive, and harassing to the extent it seeks the production of documents and materials that are irrelevant or exceed the scope of the Order. Google also objects to this Request on the ground that it seeks class-wide discovery when no class has been certified and therefore such discovery is irrelevant, overbroad, and unduly burdensome. Google further objects to this request for the reasons set forth in Google's Administrative Motion.

Subject to these objections and Google's General Objections, Google responds as follows: Please *see* Jurisdictional Discovery Proposal attached hereto as Exhibit A.

**DOCUMENT REQUEST NO. 2:**

All software and hardware used to collect and record Street View Data.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Plaintiffs have effectively withdrawn this request. During the parties' meet and confer, Plaintiffs stated that they would "defer" this Request and, in the event that Plaintiffs seek to reinstate or otherwise seek any of the information it seeks, they would engage in a meet and confer. Google hereby notifies Plaintiffs that it objects to the Request in its current form as vague and ambiguous due to its use of the terms "software and hardware" and "collect and record." Google also objects to this Request on the ground that, as worded, it is vague, ambiguous, overbroad, unduly burdensome, and harassing; read literally, the Request seeks all Street View Vehicles in their entirety, which Google will not produce. Google further objects to this Request because it violates the February 7 Order, which limits discovery only to that necessary to determine the individual Plaintiffs' standing to pursue this matter and the Court's subject matter jurisdiction over the matter, and is overbroad, unduly burdensome, oppressive, and harassing to the extent it seeks the production of materials that are irrelevant or exceed the scope of the Order. Google also objects to this Request on the ground that it seeks class-wide discovery when no class has been certified, and therefore such discovery is irrelevant, overbroad, and unduly burdensome. Google further objects to this request for the reasons set forth in Google's Administrative Motion and in its correspondence with Plaintiffs. Google also objects to this Request to the extent it calls for the production of confidential business, financial, proprietary, or

sensitive information, trade secrets, or information subject to protection by any other applicable intellectual property rights.

**DOCUMENT REQUEST NO. 3:**

All data and documents correlating or associating Street View Data with the name of a Person, with geographic coordinates or with physical addresses or locations.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Plaintiffs have effectively withdrawn this request. During the parties' meet and confer, Plaintiffs stated that they would "defer" this Request and, in the event that Plaintiffs seek to reinstate or otherwise seek any of the information it seeks, they would engage in a meet and confer. Google hereby objects to the Request as vague and ambiguous due to its use of the terms "correlating or associating," "name of a Person," "geographic coordinates," and "physical addresses or locations." Google objects to this Request because it violates the February 7 Order, which limits discovery only to that necessary to determine the individual Plaintiffs' standing to pursue this matter and the Court's subject matter jurisdiction over the matter, and is overbroad, unduly burdensome, oppressive, and harassing to the extent it seeks the production of documents and materials that are irrelevant or exceed the scope of the Order. Google objects to this Request on the ground that it seeks class-wide discovery when no class has been certified and therefore such discovery is irrelevant, overbroad, and unduly burdensome. Google also objects to this Request to the extent it seeks the production of documents or materials subject to any privilege or immunity, including, but not limited to, the attorney-client privilege and attorney work product doctrines. Google further objects to this Request to the extent it calls for the production of confidential business, financial, proprietary, or sensitive information, trade secrets, or information subject to protection by any other applicable intellectual property rights.

**DOCUMENT REQUEST NO. 4:**

All documents relating to the operation of the software and hardware used by Google's Street View Vehicles to collect and record Street View Data, including all documents explaining how the software and hardware collects, parses, and stores Street View Data.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Plaintiffs have effectively withdrawn this request. During the parties' meet and confer, Plaintiffs stated that they would "defer" this Request and, in the event that Plaintiffs seek to reinstate or otherwise seek any of the information it seeks, they would engage in a meet and confer. Google hereby objects to the Request as vague and ambiguous due its use of the terms "operation," "software and hardware," "collect and record," and "collects, parses, and stores." Google objects to this Request because it violates the February 7 Order, which limits discovery only to that necessary to determine the individual Plaintiffs' standing to pursue this matter and the Court's subject matter jurisdiction over the matter, and is overbroad, unduly burdensome, oppressive, and harassing to the extent it seeks the production of documents that are irrelevant or exceed the scope of the Order. Google objects to this Request on the ground that it seeks class-wide discovery when no class has been certified and therefore such discovery is irrelevant, overbroad, and unduly burdensome. Google also objects to this Request to the extent it seeks the production of documents or materials subject to any privilege or immunity, including, but not limited to, the attorney-client privilege and attorney work product doctrines. Google further objects to this Request to the extent it calls for the production of confidential business, financial, proprietary, or sensitive information, trade secrets, or information subject to protection by any other applicable intellectual property rights.

**DOCUMENT REQUEST NO. 5:**

All documents relating to the structure, configuration and format of the Street View Data, including field types and data definitions.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

During the parties' meet and confer, Plaintiffs agreed to narrow this Request to Documents sufficient to show the structure, configuration, and format of the Street View Data, including field types and data definitions. Google objects to the Request as vague and ambiguous due to its use of the terms "structure, configuration and format," "field types," and "data definitions." Google objects to this Request because it violates the February 7 Order, which limits discovery only to that necessary to determine the individual Plaintiffs' standing to pursue

1  this matter and the Court's subject matter jurisdiction over the matter, and is overbroad, unduly

2  burdensome, oppressive, and harassing to the extent it seeks the production of documents that are

3  irrelevant or exceed the scope of the Order. Google objects to this Request on the ground that it

4  seeks class-wide discovery when no class has been certified and therefore such discovery is

5  irrelevant, overbroad, and unduly burdensome. Google also objects to this Request to the extent

6  it seeks the production of documents subject to any privilege or immunity, including, but not

7  limited to, the attorney-client privilege and attorney work product doctrines. Google further

8  objects to this Request to the extent it calls for the production of confidential business, financial,

9  proprietary, or sensitive information, trade secrets, or information subject to protection by any

10  other applicable intellectual property rights. Where appropriate, Google will provide responses

11  once suitable means for the protection of confidential information have been entered by the

12  Court.

13       Subject to these objections and Google's General Objections, Google responds as

14  follows: The parties have reached a compromise and Google will provide a document that

15  identifies the various fields that comprise a gstumbler file in satisfaction of this Request.

16  **DOCUMENT REQUEST NO. 6:**

17       Any and all documents relating to the named Plaintiffs in this action.

18  **RESPONSE TO DOCUMENT REQUEST NO. 6:**

19       Plaintiffs have effectively withdrawn this request. During the parties' meet and confer,

20  Plaintiffs stated that they would "defer" this Request and, in the event that Plaintiffs seek to

21  reinstate or otherwise seek any of the information it seeks, they would engage in a meet and

22  confer. Google hereby objects to this Request to the extent it seeks the production of documents

23  subject to any privilege or immunity, including, but not limited to, the attorney-client privilege

24  and attorney work product doctrines. Google objects to this Request because it violates the

25  February 7 Order, which limits discovery only to that necessary to determine the individual

26  Plaintiffs' standing to pursue this matter and the Court's subject matter jurisdiction over the

27  matter, and is overbroad, unduly burdensome, oppressive, and harassing to the extent it seeks the

28  production of documents that are irrelevant or exceed the scope of the Order. Google further

objects to this Request to the extent that it seeks information that is irrelevant to the issue of Plaintiffs' standing. Google further objects to this Request to the extent it seeks the production of documents that are already within Plaintiffs' possession, custody, or control, available from public sources, more conveniently or less expensively obtained from another source or in another manner, or equally available to each party.

**DOCUMENT REQUEST NO. 7:**

Any and all documents relating to any changes or differences between the Street View Data that was collected and recorded by Street View Vehicles and the data produced to Plaintiffs (e.g., in response to Request No. 1).

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

During the parties' meet and confer, Plaintiffs agreed to narrow this Request to Documents sufficient to show any modifications to the Street View Data between the date it was recorded on Google's Street View Vehicles and the date it is produced. Google objects to this Request as vague, ambiguous, unclear, overbroad, and unduly burdensome due to its use of the phrases "any modifications" and "recorded." Google further objects to this Request because it violates the February 7 Order, which limits discovery only to that necessary to determine the individual Plaintiffs' standing to pursue this matter and the Court's subject matter jurisdiction over the matter, and is overbroad, unduly burdensome, oppressive, and harassing to the extent it seeks the production of documents that exceed the scope of the Order or are irrelevant. Google objects to this Request on the ground that it seeks class-wide discovery when no class has been certified and therefore such discovery is irrelevant, overbroad, and unduly burdensome. Google objects to this Request to the extent it seeks the production of documents subject to any privilege or immunity, including, but not limited to, the attorney-client privilege and attorney work product doctrines. Google further objects to this Request to the extent it calls for the production of confidential business, financial, proprietary, or sensitive information, trade secrets, or information subject to protection by any other applicable intellectual property rights. Where appropriate, Google will provide responses once suitable means for the protection of confidential information have been entered by the Court.

1    Subject to these objections and Google's General Objections, Google responds as

2   follows: No such documents currently exist. Nonetheless, the parties have reached a compromise

3   and Google will provide Plaintiffs an explanation of how the data has been modified since it was

4   acquired by the Street View vehicles. This explanation will be provided after the form and nature

5   of production is resolved.

6   **SPECIFIC OBJECTIONS AND RESPONSES TO THE TOPICS FOR DEPOSITION**

7    Plaintiffs have effectively withdrawn their Deposition Notice. During the parties' meet

8   and confer, Plaintiffs stated that they would "defer" this Request and, in the event that Plaintiffs

9   seek to reinstate or otherwise seek any of the information it seeks, they would engage in a meet

10   and confer. Google hereby notifies Plaintiffs that it objects to the Deposition Notice in its current

11   form. Google also expressly incorporates the above General Objections as though set forth fully

12   in response to each of the following Topics for Deposition ("Topics") in their current form.

13   Google further reserves the right to assert additional objections with respect to the Deposition

14   Notice if Plaintiffs seek to reinstate or otherwise re-serve the Deposition Notice or any of the

15   Topics in their current form.

16   **TOPIC FOR DEPOSITION NO. 1:**

17    The structure, configuration, and format of the Street View Data, including field types

18   and data definitions.

19   **RESPONSE TO TOPIC FOR DEPOSITION NO. 1:**

20    Google objects to Plaintiffs' request for a deposition on this Topic as unnecessary in light

21   of the Proposal, and therefore irrelevant and overly burdensome under the circumstances. Google

22   objects to the Topic as vague and ambiguous due to its use of the phrases "structure,

23   configuration, and format," "field types," and "data definitions." Google objects to this Topic

24   because it violates the February 7 Order, which limits discovery only to that necessary to

25   determine the individual Plaintiffs' standing to pursue this matter and the Court's subject matter

26   jurisdiction over the matter, and is overbroad, unduly burdensome, oppressive, and harassing to

27   the extent it seeks testimony that is irrelevant or exceeds the scope of the Order. Google also

28   objects to this Topic on the ground that it seeks class-wide discovery when no class has been

certified and therefore such discovery is irrelevant, overbroad, and unduly burdensome. Google further objects to this Topic to the extent it calls for testimony regarding confidential business, financial, proprietary, or sensitive information, trade secrets, or information subject to protection by any other applicable intellectual property rights. Where appropriate, Google will provide testimony once suitable means for the protection of confidential information have been entered by the Court.

Subject to these objections and Google's General Objections, Google responds that it will not provide a witness to testify on this Topic.

**TOPIC FOR DEPOSITION NO. 2:**

The function and operation of the software and hardware used to collect and record Street View Data.

**RESPONSE TO TOPIC FOR DEPOSITION NO. 2:**

Google objects to Plaintiffs' request for a deposition on this Topic as unnecessary in light of the Proposal, and therefore irrelevant and overly burdensome under the circumstances. Google objects to the Topic as vague and ambiguous due to its use of the terms "function and operation," "software and hardware," and "collect and record." Google further objects to this Topic because it violates the February 7 Order, which limits discovery only to that necessary to determine the individual Plaintiffs' standing to pursue this matter and the Court's subject matter jurisdiction over the matter, and is overbroad, unduly burdensome, oppressive, and harassing to the extent it seeks testimony that is irrelevant or exceeds the scope of the Order. Google also objects to this Topic on the ground that it seeks class-wide discovery when no class has been certified and therefore such discovery is irrelevant, overbroad, and unduly burdensome. Google further objects to this Topic to the extent that it seeks testimony regarding information that is already available from public sources, more conveniently or less expensively obtained from another source or in another manner, or equally available to each party. Google further objects to this Topic to the extent it calls for testimony regarding confidential business, financial, proprietary, or sensitive information, trade secrets, or information subject to protection by any other applicable

1  intellectual property rights. Where appropriate, Google will provide testimony once suitable

2  means for the protection of confidential information have been entered by the Court.

3        Subject to these objections and Google's General Objections, Google responds that it will

4  not provide a witness to testify on this Topic.

5  **TOPIC FOR DEPOSITION NO. 3:**

6        All document retention or destruction policies that would relate to any of the Requested

7  Documents.

8  **RESPONSE TO TOPIC FOR DEPOSITION NO. 3:**

9        Google objects to Plaintiffs' request for a deposition on this Topic as unnecessary in light

10  of the Proposal, and therefore irrelevant and overly burdensome under the circumstances. Google

11  further objects to this Topic because it violates the February 7 Order, which limits discovery only

12  to that necessary to determine the individual Plaintiffs' standing to pursue this matter and the

13  Court's subject matter jurisdiction over the matter, and is overbroad, unduly burdensome,

14  oppressive, and harassing to the extent it seeks testimony that is irrelevant or exceeds the scope

15  of the Order. Google objects to this Topic to the extent it contains no limitation as to country,

16  territory, or jurisdiction; Google will not provide a witness to testify with regard to countries

17  other than the United States. Google objects to this Topic to the extent it seeks testimony subject

18  to any privilege or immunity, including, but not limited to, the attorney-client privilege and

19  attorney work product doctrines. Google objects to this Topic to the extent it seeks testimony

20  relating to the development of or any change(s) to any document retention or destruction policy

21  and the reason(s) (if any) for such development or change(s); such a topic would be overly broad

22  and unduly burdensome and would improperly seek privileged information.

23        Subject to these objections and Google's General Objections, Google responds that it will

24  not provide a witness to testify on this Topic.

25  **TOPIC FOR DEPOSITION NO. 4:**

26        The method of search made by Google for the Requested Documents.

27

28

**RESPONSE TO TOPIC FOR DEPOSITION NO. 4:**

Google objects to Plaintiffs' request for a deposition on this Topic as unnecessary in light of the Proposal, and therefore irrelevant and overly burdensome under the circumstances. Google objects to the Request as vague and ambiguous due to its use of the phrase "[t]he method of search." Google further objects to this Topic because it violates the February 7 Order, which limits discovery only to that necessary to determine the individual Plaintiffs' standing to pursue this matter and the Court's subject matter jurisdiction over the matter, and is overbroad, unduly burdensome, oppressive, and harassing to the extent it seeks testimony that is irrelevant or exceeds the scope of the Order.

Subject to these objections and Google's General Objections, Google responds that it will not provide a witness to testify on this Topic.

**TOPIC FOR DEPOSITION NO. 5:**

Any changes or differences between the Street View Data that was collected and recorded by Street View Vehicles and the data produced to Plaintiffs (e.g., in response to Request No. 1).

**RESPONSE TO TOPIC FOR DEPOSITION NO. 5:**

Google objects to this Topic as vague, ambiguous, unclear, overbroad, and so unduly burdensome due to its use of the phrases "[a]ny changes or differences" and "collected and recorded." Google further objects to this Topic because it violates the February 7 Order, which limits discovery only to that necessary to determine the individual Plaintiffs' standing to pursue this matter and the Court's subject matter jurisdiction over the matter, and is overbroad, unduly burdensome, oppressive, and harassing to the extent it seeks testimony that is irrelevant or exceeds the scope of the Order. Google also objects to this Topic on the ground that it seeks class-wide discovery when no class has been certified and therefore such discovery is irrelevant, overbroad, and unduly burdensome. Google further objects to this Topic to the extent it calls for testimony regarding confidential business, financial, proprietary, or sensitive information, trade secrets, or information subject to protection by any other applicable intellectual property rights.

Where appropriate, Google will provide testimony once suitable means for the protection of confidential information have been entered by the Court.

Subject to these objections and Google's General Objections, Google responds that it will not provide a witness to testify on this Topic.

**TOPIC FOR DEPOSITION NO. 6:**

The completeness of Google's production of the Requested Documents as of the date of the deposition.

**RESPONSE TO TOPIC FOR DEPOSITION NO. 6:**

Google objects to Plaintiffs' request for a deposition on this Topic as unnecessary in light of the Proposal, and therefore irrelevant and overly burdensome under the circumstances. Google objects to the Topic as vague and ambiguous due to its use of the term "completeness." Google further objects to this Topic because it violates the February 7 Order, which limits discovery only to that necessary to determine the individual Plaintiffs' standing to pursue this matter and the Court's subject matter jurisdiction over the matter, and is overbroad, unduly burdensome, oppressive, and harassing to the extent it seeks testimony that is irrelevant or exceeds the scope of the Order.

Subject to these objections and Google's General Objections, Google responds that it will not provide a witness to testify on this Topic.

**TOPIC FOR DEPOSITION NO. 7:**

The identity of the custodian(s) of the Requested Documents.

**RESPONSE TO TOPIC FOR DEPOSITION NO. 7:**

Google objects to Plaintiffs' request for a deposition on this Topic as unnecessary in light of the Proposal, and therefore irrelevant and overly burdensome under the circumstances. Google further objects to this Topic because it violates the February 7 Order, which limits discovery only to that necessary to determine the individual Plaintiffs' standing to pursue this matter and the Court's subject matter jurisdiction over the matter, and is overbroad, unduly burdensome, oppressive, and harassing to the extent it seeks testimony that is irrelevant or exceeds the scope of the Order.

1        Subject to these objections and Google's General Objections, Google responds that it will

2    not provide a witness to testify on this Topic.

3    **TOPIC FOR DEPOSITION NO. 8:**

4        The authenticity of the Requested Documents.

5    **RESPONSE TO TOPIC FOR DEPOSITION NO. 8:**

6        Google objects to Plaintiffs' request for a deposition on this Topic as unnecessary in light

7    of the Proposal, and therefore irrelevant and overly burdensome under the circumstances. Google

8    further objects to this Topic because it violates the February 7 Order, which limits discovery only

9    to that necessary to determine the individual Plaintiffs' standing to pursue this matter and the

10   Court's subject matter jurisdiction over the matter, and is overbroad, unduly burdensome,

11   oppressive, and harassing to the extent it seeks testimony that is irrelevant or exceeds the scope

12   of the Order. Google further objects to the extent this Topic calls for a legal conclusion.

13       Subject to these objections and Google's General Objections, Google responds that it will

14   not provide a witness to testify on this Topic.

15

16   Dated: June 12, 2014                WILSON SONSINI GOODRICH & ROSATI
                                       Professional Corporation

17

18                              By:   /s/ Michael H. Rubin

19                                   Michael H. Rubin
                                     Email: mrubin@wsgr.com

20                              Attorney for Defendant Google Inc.

21

22

23

24

25

26

27

28

# EXHIBIT A

JEFFREY L. KODROFF
JOHN A. MACORETTA
MARY ANN GEPPERT
SPECTOR ROSEMAN KODROFF & WILLS
1818 Market Street
Suite 2500
Philadelphia, PA 19103
Telephone:    (215) 496-0300
Facsimile:    (215) 496-6611
Email:  jkodroff@srkwlaw.com

DANIEL A. SMALL
DAVID A. YOUNG
COHEN MILSTEIN SELLERS & TOLL
1100 New York Avenue NW
Suite 500 West
Washington, DC 20005
Telephone:    (202) 408-4600
Facsimile:    (202) 408-4699
Email:  dsmall@cohenmilstein.com

Interim Class & Co-Lead Counsel

MICHAEL H. RUBIN, SBN 214636
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza, Spear Tower
Suite 3300
San Francisco, CA 94105
Telephone:    (415) 947-2000
Facsimile:    (415) 947-2099
Email:  mrubin@wsgr.com

DAVID H. KRAMER, SBN 168452
DYLAN J. LIDDIARD, SBN 203055
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:    (650) 493-9300
Facsimile:    (650) 565-5100
Email:  dkramer@wsgr.com
          dliddiard@wsgr.com

Attorneys for Defendant Google Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE GOOGLE INC. STREET VIEW ELECTRONIC COMMUNICATIONS LITIGATION | CASE NO.:  3:10-md-02184-CRB (MEJ) |
| | **JURISDICTIONAL DISCOVERY PROPOSAL** |
| | Judge:  Hon. Charles R. Breyer |

1  **<u>DEFINITIONS</u>**

2  For the purposes of this Jurisdictional Discovery Process, the following definitions shall

3  apply:

4  1.  "Basic Network Information" shall mean unique information identifying a particular

5  router, such as the router's Basic Service Set Identification (BSSID) or media access con-

6  trol (MAC) address.

7  2.  "Complaint" shall refer to the Consolidated Class Action Complaint filed November 8,

8  2010, Docket No. 54.

9  3.  "Confidential Material" shall refer to information, documents, communications, and

10  things relating to jurisdictional discovery in this action.

11  4.  "Defendant" shall refer to Google Inc.

12  5.  "Neutral" shall refer to a neutral third-party network security firm or individual to be

13  agreed upon by the Parties or appointed by the Magistrate Judge pursuant to the process

14  set forth below.

15  6.  "Party" shall refer to Google and/or its counsel on the one hand and Plaintiffs (as defined

16  below) and/or their counsel on the other.

17  7.  "Payload Data" shall mean the information contained within a data frame acquired from

18  an unencrypted wireless network by Google's Street View vehicles operating in the Unit-

19  ed States from January 1, 2007 through May 15, 2010, and shall exclude management,

20  control, and data frames themselves.

21  8.  "Plaintiff" shall refer to the following named plaintiffs: Dean M. Bastilla, Rick Benitti,

22  Matthew Berlage, David Binkley, James Blackwell, Russell Carter, Stephanie Carter, Jef-

23  frey Colman, Bertha Davis, James Fairbanks, Wesley Hartline, Benjamin Joffe, Patrick

24  Keyes, Aaron Linsky, Jennifer Locsin, Lilla Marigza, Eric Myhre, John E. Redstone,

25  Danielle Reyas, Karl H. Schulz, Jason Taylor, Vicki Van Valin.

26  9.  "Street View Data" shall refer to all (i) network traffic from unencrypted wireless net-

27  works and (ii) GPS information associated with or recorded contemporaneously to such

28

data, that was recorded by software (e.g., gstumbir, gslite, or other software performing substantially the same function as these programs) operating on Google Street View vehicles operating in the United States from January 1, 2007 through May 15, 2010.

## PROCESS FOR JURISDICTIONAL DISCOVERY

1. **Selection of the Neutral**

   a. Within 14 days of the Parties' agreement to this Jurisdictional Discovery Process, the Parties shall exchange up to five proposed Neutrals.

   b. Within seven days thereafter, the Parties shall agree as to the selection of a Neutral from among the proposed candidates.

      i. If the Parties are unable to agree as to the selection of a Neutral after meeting and conferring in good faith, they shall jointly submit to the Court a letter identifying each Party's preferred Neutral(s), and the Magistrate Judge will select the Neutral from among those proposed candidates.

   c. Following the selection of the Neutral, either Party may request the removal or replacement of the Neutral for good cause shown.

   d. The Parties shall split all fees and costs associated with the Neutral on a 50/50 basis.

2. **Developing the Neutral's Protocol**

   a. The Neutral's sole charge shall be to develop and execute a protocol for determining whether any Plaintiff's Payload Data was acquired by Google (the "Protocol") and to produce a report as specified in Section 4.  The Neutral shall proceed with all reasonable diligence in performing these duties.

   b. The Neutral shall consult with the Parties in developing the Protocol as provided below, and each Party shall cooperate with the Neutral in its efforts to develop the Protocol and to carry out its charge.

   c. In advance of the Parties depositing the information described in Section 3 with the Neutral, Defendant will provide to Plaintiffs a document that identifies and, to the ex-

tent necessary, describes the various fields that comprise a standard Street View Data file.

d.   In advance of the Parties depositing the information described in Section 3 with the Neutral, Plaintiffs will provide to Defendant:

   i.   The Basic Network Information for any wireless router that any and all Plaintiffs used to maintain an unencrypted Wi-Fi network between January 1, 2007 and May 15, 2010, as alleged in paragraphs 18-38 of the Complaint; and

   ii.   Any other identifying information that Plaintiffs intend to submit to the Neutral in order to help the Neutral determine whether any Plaintiff's Payload Data was acquired by Defendant.

e.   Once the Parties have exchanged this information and the Neutral has received the information specified in Section 3 below, the Neutral will develop the Protocol, with the input and assistance of the Parties as needed.

   i.   The Neutral shall build into the Protocol an iterative process for searching the data and for eliciting feedback from the Parties on the searches to be run.

   ii.   Either Party may communicate *ex parte* with the Neutral during the development and execution of the Protocol.

f.   The Neutral shall begin to execute the Protocol once both Parties have agreed to the Protocol, such agreement not to be unreasonably withheld.

   i.   If the Parties cannot agree as to the Protocol, each Party shall submit a proposed version of the protocol to the Magistrate Judge, who will select the Protocol from among the Parties' proposals.

**3.      Depositing of Information with the Neutral**

a.   No later than fourteen days following selection of the Neutral, Defendant shall deposit with the Neutral the Street View Data in its possession, custody or control, which consists of:

       i.  a copy of the hard drive produced to the Oregon federal district court in MDL member case *Van Valin v. Google Inc.* following that court's order of May 24, 2010, which contains Payload Data removed from Defendant's servers in May 2010 (the "Payload Drive");

      ii.  a copy of the hard drive containing the Basic Network Information previously resident on Defendant's servers (the "BNI Drive"); and

    iii.  any Street View car disk that was in circulation in the United States prior to May 15, 2010 but never processed and therefore may contain Basic Network Information along with Payload Data (the "Car Drives").

b.  No later than fourteen days following selection of the Neutral, Plaintiffs shall deposit with the Neutral the following items in his or her possession, custody, or control:

       i.  any wireless router that Plaintiff used to maintain an unencrypted Wi-Fi network between January 1, 2007 and May 15, 2010, as alleged in paragraphs 18-38 of the Complaint; and

      ii.  any other identifying information that Plaintiffs' believe would help the Neutral determine whether any of the Plaintiffs' Payload Data was acquired by Defendant provided that such information is also disclosed to Defendants.

c.  In conjunction with making these deposits, each Party shall provide declarations attesting to the authenticity of the items deposited with the Neutral. Such declarations shall be provided both to the Neutral and to the opposing Party.

**4.    The Neutral's Report**

a.  Following completion of the Neutral's Protocol described in Section 2, the Neutral shall provide to the Parties a Report setting forth:

       i.  the Protocol the Neutral used;

      ii.  the data security and integrity practices the Neutral employed to safeguard, process, and review the information deposited with it; and

iii. on a per-Plaintiff basis, whether Basic Network Information was collected from each Plaintiff's router and, if so, whether any Payload Data was also collected from that network. The Report shall not contain any additional information.

b. In the event that Basic Network Information or Payload Data were acquired from any Plaintiffs' network, the Neutral shall also provide a copy of that information to the Parties in native form in conjunction with the Report.

5. **Joint Case Status Report Following Neutral's Report**

a. No later than 20 days after issuance of the Neutral's Report, the Parties shall jointly submit to the Court a Joint Case Status Report and jointly request that the Court schedule a Case Management Conference.

6. **Confidentiality**

a. Neither the Parties nor the Neutral shall disclose any Confidential Material to any third party except pursuant to a Court order or by written agreement of the Parties.

b. The Neutral may use and disclose Confidential Material received from the Parties only to the extent such use and disclosure is permitted pursuant to Sections 2 and 4 of this Jurisdictional Discovery Process. The Neutral shall make no other disclosure of any Party's Confidential Material to the opposing Party except pursuant to a Court order or by written agreement of the Parties.

7. **Scope of Jurisdictional Discovery**

a. Unless agreed to by the Parties or specifically ordered by the Court, this Jurisdictional Discovery Process shall be the full extent of jurisdictional discovery conducted by the Parties.

b. The Parties enter into this Jurisdictional Discovery Process without prejudice to whatever arguments they may make regarding standing, and the Parties do not concede that all of the evidence produced or disclosed pursuant to this Jurisdictional Dis-

covery Process is relevant.  The Parties expressly reserve the right to raise such objections after the Neutral's Report has been completed.

DATED: _____, 2014          WILSON SONSINI GOODRICH & ROSATI, P.C.
                                  David H. Kramer
                                  Michael H. Rubin
                                  Dylan J. Liddiard

                                  By: _____

                                  *Attorneys for Defendant Google Inc.*

DATED: _____, 2014          SPECTOR ROSEMAN KODROFF & WILLIS, P.C.
                                  Jeffrey L. Kodroff
                                  John A. Macoretta
                                  Mary Ann Geppert

                                  By: _____

                                  *Plaintiffs' Co-Lead Counsel*

DATED: _____, 2014          COHEN MILSTEIN SELLERS & TOLL PLLC
                                  Daniel A. Small
                                  David A. Young

                                  By: _____

                                  *Plaintiffs' Co-Lead Counsel*

1                           **CERTIFICATE OF SERVICE**

2

3       I, Michael H. Rubin, declare:

4       I am employed in San Francisco County, State of California.  I am over the age of 18

5 years and not a party to the within action.  My business address is Wilson Sonsini Goodrich &

6 Rosati, One Market Plaza Spear Tower, Suite 3300, San Francisco, CA 94105-1126.

7       On this date, I served:

8     **1.**     **DEFENDANT GOOGLE INC.'S AMENDED OBJECTIONS AND**
                **RESPONSES TO PLAINTIFFS' NOTICE PURSUANT TO FED. R. CIV. P.**
9                 **30(B)(2) AND 30(B)(6) AND FIRST SET OF REQUESTS FOR**
                **PRODUCTION OF DOCUMENTS PURSUANT TO RULE 34**
10

11     ☒     By placing the document(s) in a sealed envelope for collection and mailing with
           the United States Postal Service on this date to the following person(s):

12         Jeffrey L. Kodroff
13         John A. Macoretta
          Mary Ann Geppert
14         SPECTOR ROSEMAN KODROFF & WILLS, P.C.
          1818 Market Street
15         Suite 2500
          Philadelphia, PA 19103
16

17         Daniel A. Small
          David A. Young
18         COHEN MILSTEIN SELLERS & TOLL PLLC
          1100 New York Avenue, NW
19         Suite 500W
          Washington, DC 20005
20

21         Elisabeth J. Cabraser
          Michael W. Sobol
22         Nicole D. Sugnet
          LIEFF CABRASWER HEIMANN & BERNSTEIN, LLP
23         275 Batter Street, 29th Floor
          San Francisco, CA 94111-3339
24

25

26

27

28

1

☒    By forwarding the document(s) by electronic transmission on this date to the Internet email address listed below:

2

| | |
|---|---|
| Jeffrey L. Kodroff | jkodroff@srkw-law.com |
| John A. Macoretta | jmacoretta@srkw-law.com |
| Mary Ann Geppert | mgeppert@srkw-law.com |
| Daniel A. Small | dsmall@cohenmilstein.com |
| David A. Young | dyoung@cohenmilstein.com |
| Elizabeth J. Cabraser | ecabraser@lchb.com |
| Michael W. Sobol | msobol@lchb.com |
| Nicole D. Sugnet | nsugnet@lchb.com |

3

4

5

6

7

8      I am readily familiar with Wilson Sonsini Goodrich & Rosati's practice for collection and

9   processing of documents for delivery according to instructions indicated above.  In the ordinary

10  course of business, documents would be handled accordingly.

11

12      I declare under penalty of perjury under the laws of the United States of America that the

13  foregoing is true and correct.  Executed at San Francisco, California on June 12, 2014.

14

15                                 Michael H. Rubin

16

17

18

19

20

21

22

23

24

25

26

27

28