MICHAEL H. RUBIN, SBN 214636
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza, Spear Tower
Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: mrubin@wsgr.com

DAVID H. KRAMER, SBN 168452
DYLAN J. LIDDIARD, SBN 203055
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
        dliddiard@wsgr.com

*Attorneys for Defendant Google Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE INC. STREET VIEW ELECTRONIC COMMUNICATIONS LITIGATION | CASE NO.: 3:10-md-02184-CRB |
| | **GOOGLE INC.'S ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT** |
| | **JURY TRIAL DEMANDED** |

1    Defendant Google Inc. ("Google") hereby answers the Consolidated Class Action

2  Complaint ("Complaint").

3                                **PRELIMINARY STATEMENT**

4    Between 2008 and May 2010, Google's Street View cars used off-the shelf radio

5  antennae and open-source software to passively collect network-identifying information

6  broadcast by Wi-Fi networks as the cars traveled on public streets. Google sought this

7  information because knowing the location of Wi-Fi networks helps Google provide "location

8  aware services," such as directions.

9    In May 2010, Google learned that these cars had also collected data sent over

10  unencrypted Wi-Fi networks ("payload data")—if that data was transmitted to the street at the

11  moment a Street View car happened to drive by. Google had no interest in collecting this data.

12  Nor was it used in any of Google's products or services. Upon learning of this unwanted

13  collection, Google immediately grounded its Street View cars, removed their Wi-Fi software and

14  hardware, segregated and rendered inaccessible the payload data that it had acquired, and

15  committed to never again collect any Wi-Fi data with its Street View vehicles. Subsequently,

16  three federal agencies investigated Google's conduct and all three have declined to take any

17  action against Google.

18    Nonetheless, Plaintiffs have filed more than a dozen putative class action lawsuits

19  seeking a windfall in statutory damages, all without alleging any facts or producing any evidence

20  that plausibly suggests that Google actually acquired the named Plaintiffs' communications, or

21  that Plaintiffs suffered any harm. For these and many other reasons, Plaintiffs' Complaint is

22  without merit.

23                                        **ANSWER**

24    To the extent the Paragraphs of the Complaint ("Paragraphs") are grouped under

25  headings and subheadings, Google responds generally that such headings and subheadings (some

26  of which are repeated below for reference only and which do not constitute admissions) state

27  legal conclusions and pejorative inferences to which no response is required. To the extent a

28

response is necessary, Google denies each and every heading and subheading in the Complaint and incorporates by reference this response in each Paragraph below as if fully set forth herein.

Except as expressly admitted herein, Google denies any and all allegations as set forth in the Complaint. Google expressly reserves the right to amend and/or supplement its Answer as may be necessary. Google also objects to allegations contained in Plaintiffs' Complaint that are irrelevant and violate Rule 8's short and plain statement requirement, including but not limited to the allegations contained in the following: paragraphs 7-11; the fourth sentence of paragraph 39; paragraphs 40-52, 67, 83-109, 121; parts (e)-(h) of paragraph 122; and paragraphs 133-145. Google further answers the numbered Paragraphs in the Complaint as follows:

## NATURE OF THE CASE

1.     Paragraph 1 states legal conclusions to which no response is required. To the extent the allegations in Paragraph 1 require a response, Google denies those allegations.

2.     The first sentence of Paragraph 2 states legal conclusions to which no response is required. To the extent a response is required, Google denies these allegations. Google admits the allegations contained in the second and third sentence of Paragraph 2. To the extent not expressly admitted, Google denies the remaining allegations in Paragraph 2.

3.     Google denies the allegations in Paragraph 3.

4.     Google denies the allegations in Paragraph 4.

5.     The first and third sentences of Paragraph 5 state legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations. Google denies the allegations in the second sentence of Paragraph 5.

6.     Google denies the first sentence of Paragraph 6. The second sentence of Paragraph 6 purports to characterize statements previously made by Google. These statements in their entirety speak for themselves, and do not require a response. To the extent a response is required, Google denies this allegation. The remaining sentences of Paragraph 6 purport to characterize an order by Judge Mosman. This order speaks for itself, and does not require a response. To the extent a response is required, Google admits that on May 24, 2010, Judge Mosman issued an order in response to the plaintiffs' motion for a temporary restraining order in

*Van Valin v. Google, Inc.*, No. 3:10-cv-557 (D. Ore.). Google further admits that Plaintiffs correctly quote snippets from the order. To the extent not expressly admitted, Google denies the remaining allegations in Paragraph 6.

7.      Google admits that on May 14, 2010, it posted a blog entry on the collection of payload data by Street View cars. The remainder of Paragraph 7 purports to characterize the content of this post. The post in its entirety speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that the blog entry was posted after the data protection authority ("DPA") in Hamburg, Germany asked to audit Wi-Fi data that Google's Street View had collected for use in Google's location-based products. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 7.

8.      The first sentence of Paragraph 8 purports to characterize statements previously made by Google officials. These statements in their entirety speak for themselves, and therefore no response is required. To the extent a response is required, Google denies the allegations contained in this sentence. Google denies the remaining allegations in Paragraph 8.

9.      The first two sentences of Paragraph 9 purport to characterize announcements made by certain foreign government officials and agencies. These announcements in their entirety speak for themselves, and therefore no response is required. To the extent a response is required, Google admits that German authorities announced an investigation on May 19, 2010. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 9, and on that basis denies these allegations. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 9.

10.      Google admits Paragraph 10 paraphrases statements made by Australia's Minister for Broadband, Communications, and the Digital Economy. Minister Conroy's allegations speak for themselves, and therefore no response is required. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 10.

11.      Google denies the allegations contained in the first sentence of Paragraph 11. Google admits that the second and third sentence of Paragraph 11 purport to characterize the contents of a *Wall Street Journal* article. This article speaks for itself, and therefore no response

is required. To the extent a response is required, Google admits that Plaintiffs correctly quote snippets from a *Wall Street Journal* article. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 11.

12.   Google denies the allegations contained in Paragraph 12.

13.   The first sentence of Paragraph 13 purports to characterize the contents of the complaints filed by Plaintiffs. These complaints were superseded by the Complaint and speak for themselves, and therefore no response is required. For the second sentence of Paragraph 13, Google admits that Plaintiffs' cases have been consolidated before this Court for pre-trial purposes. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 13.

14.   Paragraph 14 is a statement of Plaintiffs' legal position and contains legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations contained in Paragraph 14.

## JURISDICTION AND VENUE

15.   The first sentence of Paragraph 15 states a legal conclusion to which no response is required. To the extent a response is required, Google denies the allegations contained in this sentence. No response is required to the second sentence of Paragraph 15 because the Court dismissed Plaintiffs' state-law claims.

16.   Google admits for the purpose of this action only that venue is proper in this District. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 16.

17.   Google admits for the purpose of this action only that venue is proper in this District. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 17.

## PARTIES

### A.   Plaintiffs

18.   Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first five sentences of Paragraph 18 of the Complaint and on that

basis denies them. Google denies the allegations contained in the sixth sentence of Paragraph 18. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh sentence of Paragraph 18 and on that basis denies them.

19.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first five sentences of Paragraph 19 of the Complaint and on that basis denies them. Google denies the allegations contained in the sixth sentence of Paragraph 19. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh sentence of Paragraph 19 and on that basis denies them.

20.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first five sentences of Paragraph 20 of the Complaint and on that basis denies them. Google denies the allegations contained in the sixth sentence of Paragraph 20. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh sentence of Paragraph 20 and on that basis denies them.

21.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first five sentences of Paragraph 21 of the Complaint and on that basis denies them. Google denies the allegations contained in the sixth sentence of Paragraph 21. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh sentence of Paragraph 21 and on that basis denies them.

22.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first five sentences of Paragraph 22 of the Complaint and on that basis denies them. Google denies the allegations contained in the sixth sentence of Paragraph 22. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh sentence of Paragraph 22 and on that basis denies them.

23.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first five sentences of Paragraph 23 of the Complaint and on that basis denies them. Google denies the allegations contained in the sixth sentence of Paragraph 23. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh sentence of Paragraph 23 and on that basis denies them.

1    24.    Google is without knowledge or information sufficient to form a belief as to the

2    truth of the allegations in the first five sentences of Paragraph 24 of the Complaint and on that

3    basis denies them. Google denies the allegations contained in the sixth sentence of Paragraph 24.

4    Google is without knowledge or information sufficient to form a belief as to the truth of the

5    allegations in the seventh sentence of Paragraph 24 and on that basis denies them.

6    25.    Google is without knowledge or information sufficient to form a belief as to the

7    truth of the allegations in the first five sentences of Paragraph 25 of the Complaint and on that

8    basis denies them. Google denies the allegations contained in the sixth sentence of Paragraph 25.

9    Google is without knowledge or information sufficient to form a belief as to the truth of the

10   allegations in the seventh sentence of Paragraph 25 and on that basis denies them.

11   26.    Google is without knowledge or information sufficient to form a belief as to the

12   truth of the allegations in the first five sentences of Paragraph 26 of the Complaint and on that

13   basis denies them. Google denies the allegations contained in the sixth sentence of Paragraph 26.

14   Google is without knowledge or information sufficient to form a belief as to the truth of the

15   allegations in the seventh sentence of Paragraph 26 and on that basis denies them.

16   27.    Google is without knowledge or information sufficient to form a belief as to the

17   truth of the allegations in the first five sentences of Paragraph 27 of the Complaint and on that

18   basis denies them. Google denies the allegations contained in the sixth sentence of Paragraph 27.

19   Google is without knowledge or information sufficient to form a belief as to the truth of the

20   allegations in the seventh sentence of Paragraph 27 and on that basis denies them.

21   28.    Google is without knowledge or information sufficient to form a belief as to the

22   truth of the allegations in the first five sentences of Paragraph 28 of the Complaint and on that

23   basis denies them. Google denies the allegations contained in the sixth sentence of Paragraph 28.

24   Google is without knowledge or information sufficient to form a belief as to the truth of the

25   allegations in the seventh sentence of Paragraph 28 and on that basis denies them.

26   29.    Google is without knowledge or information sufficient to form a belief as to the

27   truth of the allegations in the first five sentences of Paragraph 29 of the Complaint and on that

28   basis denies them. Google denies the allegations contained in the sixth sentence of Paragraph 29.

Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh sentence of Paragraph 29 and on that basis denies them.

30.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first five sentences of Paragraph 30 of the Complaint and on that basis denies them. Google denies the allegations contained in the sixth sentence of Paragraph 30. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh sentence of Paragraph 30 and on that basis denies them.

31.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first five sentences of Paragraph 31 of the Complaint and on that basis denies them. Google denies the allegations contained in the sixth sentence of Paragraph 31. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh sentence of Paragraph 31 and on that basis denies them.

32.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first five sentences of Paragraph 32 of the Complaint and on that basis denies them. Google denies the allegations contained in the sixth sentence of Paragraph 32. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh sentence of Paragraph 32 and on that basis denies them.

33.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first five sentences of Paragraph 33 of the Complaint and on that basis denies them. Google denies the allegations contained in the sixth sentence of Paragraph 33. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh sentence of Paragraph 33 and on that basis denies them.

34.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first five sentences of Paragraph 34 of the Complaint and on that basis denies them. Google denies the allegations contained in the sixth sentence of Paragraph 34. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh sentence of Paragraph 34 and on that basis denies them.

35.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first five sentences of Paragraph 35 of the Complaint and on that basis denies them. Google denies the allegations contained in the sixth sentence of Paragraph 35. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh sentence of Paragraph 35 and on that basis denies them.

36.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first five sentences of Paragraph 36 of the Complaint and on that basis denies them. Google denies the allegations contained in the sixth sentence of Paragraph 36. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh sentence of Paragraph 36 and on that basis denies them.

37.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first five sentences of Paragraph 37 of the Complaint and on that basis denies them. Google denies the allegations contained in the sixth sentence of Paragraph 37. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh sentence of Paragraph 37 and on that basis denies them.

38.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first five sentences of Paragraph 38 of the Complaint and on that basis denies them. Google denies the allegations contained in the sixth sentence of Paragraph 38. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh sentence of Paragraph 38 and on that basis denies them.

**B.      Defendant**

39.     Google admits the allegations contained in the first three sentences of Paragraph 39. Google admits that the fourth sentence of Paragraph 39 purports to characterize the contents of a *Fortune* magazine article. This article speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that Plaintiffs have paraphrased portions of a *Fortune* magazine article. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 39.

# FACTUAL ALLEGATIONS

## A.    Defendant's Business and Culture

40.    Paragraph 40 purports to characterize and quote snippets from Google's website. These statements speak for themselves, and therefore no response is required. To the extent a response is required, Google admits that Plaintiffs quote snippets from Google's website. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 40.

41.    Google admits the allegations contained in the first sentence of Paragraph 41. The second sentence of Paragraph 41 purports to characterize statements contained on Google's website. These statements speak for themselves, and therefore no response is required. To the extent a response is required, Google admits that Plaintiffs quote snippets from Google's website. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 41.

42.    Google admits the allegations contained in first sentence of Paragraph 42. The remainder of Paragraph 42 purports to characterize statements contained on Google's website. These statements speak for themselves, and therefore no response is required. To the extent a response is required, Google admits that Plaintiffs quote snippets from Google's website. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 42.

43.    Google is without knowledge or information sufficient to form a belief as to the role engineers play in other companies' daily operations and overall strategy, and on that basis denies the allegations contained in the first sentence of Paragraph 43. The second sentence of Paragraph 43 purports to characterize the comments of unidentified "observers." No comments are identified and therefore no response is required. To the extent a response is required, Google is without knowledge or information sufficient to form a belief as to the truth of the allegations in this sentence and on that basis denies these allegations. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 43.

44.    Google denies the allegations contained in Paragraph 44.

**B.      Privacy Concerns Over Defendant's Practices**

45.      The first two sentences of Paragraph 45 purport to characterize a complaint filed by the Electronic Privacy Information Center ("EPIC"). This complaint speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that EPIC filed a complaint on March 17, 2009, with the Federal Trade Commission ("FTC"). Moreover, Google admits that these two sentences purport to characterize EPIC's complaint. Google denies the allegations contained in the fourth sentence of Paragraph 45. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 45.

46.      For the first sentence of Paragraph 46, Google admits that in February 2010 it unveiled a social networking service called Buzz. Google denies the remaining allegations contained in the first sentence of Paragraph 46. The second and third sentence of Paragraph 46 purports to characterize allegations made by EPIC. These statements speak for themselves, and therefore no response is required. To the extent a response is required, Google admits that EPIC made these allegations in a complaint it filed with the FTC on February 16, 2010. The fourth sentence of Paragraph 46 purports to characterize an announcement made by Google. This announcement speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that it announced on March 30, 2011 that it reached an agreement with the FTC regarding Google Buzz. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 46.

47.      Google denies the allegations contained in the first three sentences of Paragraph 47. The fourth sentence of Paragraph 47 purports to characterize the contents of a *Wall Street Journal* article. This article speaks for itself, and therefore no response is required. To the extent a response is required, Google is without knowledge or information sufficient to form a belief as to whether an October 26, 2010 *Wall Street Journal* article contains the language characterized in Plaintiffs' complaint, and on that basis, denies Plaintiffs' allegations. The fourth sentence of Paragraph 47 also purports to characterize the contents of a *Huffington Post* article. This article speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that the language Plaintiffs quote in their Complaint is contained in the

1  *Huffington Post* article. Google denies the allegations contained in the fifth sentence of

2  Paragraph 47. To the extent not expressly admitted, Google denies the remaining allegations

3  contained in Paragraph 47.

4         48.     Google denies the allegations contained in the first sentence of Paragraph 48. The

5  remainder of Paragraph 48 purports to characterize the contents of an article in *The Australian*.

6  This article speaks for itself, and therefore no response is required. To the extent a response is

7  required, Google is without knowledge or information sufficient to form a belief as to whether

8  the May 26, 2010 edition of *The Australian* contains the snippets quoted by Plaintiffs, and denies

9  these allegations on this basis.

10         49.     Paragraph 49 purports to characterize the contents of a letter issued by privacy

11  authorities. This letter speaks for itself, and therefore no response is required. To the extent a

12  response is required, Google admits that privacy authorities from ten countries issued a letter to

13  Google on April 19, 2010. Moreover, the snippets quoted by Plaintiffs are contained in this

14  letter. Google denies the allegations contained in this letter. To the extent not expressly admitted,

15  Google denies the remaining allegations contained in Paragraph 49.

16         50.     Google denies the allegations contained in Paragraph 50.

17         51.     Google is without knowledge or information sufficient to form a belief as to the

18  truth of the allegations contained in the first sentence of Paragraph 51 and on that basis denies

19  those allegations. For the second sentence of Paragraph 51, Google admits that in 2002 Public

20  Information Research Inc. ("PIR") launched a website called Google Watch. The remainder of

21  this sentence and the remainder of Paragraph 51 purports to characterize the contents of this

22  website. This content speaks for itself, and therefore no response is required. To the extent a

23  response is required, Google is without knowledge or information sufficient to form a belief as to

24  whether the Google Watch website had contained the content alleged by Plaintiffs, and denies

25  these allegations on this basis. To the extent not expressly admitted, Google denies the remaining

26  allegations contained in Paragraph 51.

27         52.     Google is without knowledge or information sufficient to form a belief as to the

28  truth of the allegations contained in the first sentence of Paragraph 52 and on that basis denies

those allegations. The second and third sentence of Paragraph 52 purports to characterize a report by Privacy International ("PI"). The report speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that Plaintiffs purport to summarize this report. Google denies the characterizations contained in this report. The fourth sentence of Paragraph 52 purports to quote snippets of a statement made by PI. These snippets speak for themselves, and therefore no response is required. To the extent a response is required, Google is without knowledge or information sufficient to form a belief as to whether PI made this statement, and on this basis denies this allegation. The remainder of Paragraph 52 purports to quote snippets of the report. This report speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that the snippets are contained in the report. Google denies the allegations contained in the report. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 52.

### C.     Google Street View

53.     Google denies the allegations contained in Paragraph 53.

54.     Google admits the allegations contained in Paragraph 54.

55.     For the first sentence of Paragraph 55, Google admits that it first launched Google Street View in May 2007 in several select cities across the United States. Google admits the allegations contained in the second and third sentences of Paragraph 55. For the fourth sentence of Paragraph 55, Google admits that camera units with nine lenses were placed on top of certain Street View vehicles to capture 360 degree views. Google denies the allegations contained in the fifth sentence of Paragraph 55. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 55.

56.     Google admits the allegations contained in the first sentence of Paragraph 56. The second sentence of Paragraph 56 purports to characterize the contents of this press release. This press release speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that this press release characterized how Google would allow users to view 360-degree street level imagery. The second sentence also contains legal conclusions about what Google allegedly "intended." These allegations require no response. To the extent a

response is required, Google denies these allegations. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 56.

57.     Paragraph 57 contains pictures of Google Street View vehicles. These pictures speak for themselves, and therefore no response is required. To the extent a response is required, Google admits that these appear to be pictures of Google Street View vehicles. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 57.

58.     Google admits the allegations contained in the first sentence of Paragraph 58. Google denies the allegations contained in the second sentence of Paragraph 58. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 58.

59.     The first sentence of Paragraph 59 purports to characterize a Google press release. The press release speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that Plaintiffs quote snippets from a press release. Google denies the second sentence of Paragraph 59 to the extent Plaintiffs make allegations regarding the Trikes' design and operations. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 59.

60.     Google denies the allegations contained in Paragraph 60.

61.     Google denies the allegations contained in Paragraph 61.

62.     Google denies the allegations contained in Paragraph 62.

63.     Google denies the allegations contained in Paragraph 63.

64.     Google denies the allegations contained in Paragraph 64.

65.     Google denies the allegations contained in Paragraph 65.

66.     Google denies the allegations contained in Paragraph 66.

67.     Google denies the allegations contained in Paragraph 67.

68.     Google denies the allegations contained in the first two sentences and the last sentence of Paragraph 68. The third sentence of this Paragraph purports to quote snippets from a version of Google's privacy policy. That document speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that its privacy policy contained the

1    snippets quoted by Plaintiffs from August 7, 2008 until October 2, 2010. To the extent not

2    expressly admitted, Google denies the remaining allegations contained in Paragraph 68.

3                    **D.      Defendant's Admission Regarding Interception of Payload Data**

4        69.      Paragraph 69 purports to characterize a Google blog post. The post speaks for

5    itself and therefore no response is required. To the extent a response is required, Google admits

6    that Plaintiffs summarize portions of this blog post. To the extent not expressly admitted, Google

7    denies the remaining allegations contained in Paragraph 69.

8        70.      Paragraph 70 purports to characterize a Google blog post. The post speaks for

9    itself and therefore no response is required. To the extent a response is required, Google admits

10    that Plaintiffs purport to characterize the accuracy of this blog post. To the extent not expressly

11    admitted, Google denies the remaining allegations in Paragraph 70.

12        71.      Paragraph 71 purports to characterize a May 14, 2010 Google blog post. The post

13    speaks for itself, and therefore no response is required. To the extent a response is required,

14    Google admits that Plaintiffs characterize and quote snippets from a blog that was posted after

15    the German DPA asked to audit Wi-Fi data that Google's Street View had collected for use in

16    Google's location-based products. To the extent not expressly admitted, Google denies the

17    remaining allegations in Paragraph 71.

18        72.      Paragraph 72 purports to characterize a May 14, 2010 Google blog post. The post

19    speaks for itself, and therefore no response is required. To the extent a response is required,

20    Google admits that the post contains the snippets quoted by Plaintiffs. To the extent not

21    expressly admitted, Google denies the remaining allegations in Paragraph 72.

22        73.      Paragraph 73 purports to characterize a *CNET* article. The article speaks for itself,

23    and therefore no response is required. To the extent a response is required, Google admits that

24    the article contains the snippets quoted by Plaintiffs. To the extent not expressly admitted,

25    Google denies the remaining allegations in Paragraph 73.

26        74.      Google denies the allegations contained in Paragraph 74.

27        75.      This Paragraph purports to characterize *Financial Times* and *ZdNet* articles. These

28    articles speak for themselves, and therefore no response is required. To the extent a response is

required, the first sentence of Paragraph 75 purports to characterize the contents of a *Financial Times* article located at http://www.ft.com/intl/cms/s/2/8a23b394-5fab-11dfa67000144feab49a.html?ftcamp=rss. No article currently exists at this link and therefore Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this sentence, and on that basis denies those allegations. For the second and third sentence of Paragraph 75, Google admits that the snippets quoted by Plaintiffs are contained in the second *Financial Times* article cited by Plaintiffs. Google admits that the snippets quoted in the remaining sentences of the Paragraph are contained in the *ZdNet* article cited by Plaintiffs. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 75.

76.     Google denies the allegations contained in Paragraph 76.

77.     Google denies the allegations contained in the first sentence of Paragraph 77. The remaining sentences of Paragraph 77 purport to quote a Google blog post. The post speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that the blog post contains the snippets quoted by Plaintiffs. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 77.

**E.     Governmental Investigations in the United States**

78.     Google denies the allegations contained in Paragraph 78.

79.     Google denies the allegations contained in the first sentence of Paragraph 79. The remainder of Paragraph 79 purports to characterize a letter sent by three Congressmen. The letter speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that the May 26, 2010 letter contains the snippets quoted by Plaintiffs. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 79.

80.     Paragraph 80 purports to characterize a letter sent by Google. The letter speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that the letter contains the snippets quoted by Plaintiffs. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 80.

81.     Paragraph 81 purports to characterize the contents of an article purportedly located at http://www.ct.gov/ag/cwp/view.asp?Q=461862&A=3869. This article speaks for itself, and therefore no response is required. To the extent a response is required, no article currently exists at this link and therefore Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81, and on that basis denies those allegations.

82.     Paragraph 82 purports to characterize the contents of an *L.A. Times* blog post. This post speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that Plaintiffs characterize this post. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 82.

### F.      Foreign Governmental Investigations

83.     Google admits that foreign governmental agencies and authorities have investigated Google's Street View program. Google is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 83 and on that basis denies them. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 83.

84.     Paragraph 84 purports to characterize the contents of *Associated Press* and *Washington Post* articles. These articles speak for themselves, and therefore no response is required. To the extent a response is required, Google admits that the snippets quoted by Plaintiffs are contained in these articles. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 84.

85.     Paragraph 85 purports to characterize the contents of an undated *New York Times* article. This article speaks for itself, and therefore no response is required. To the extent a response is required, Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies those allegations. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 85.

86.     Paragraph 86 purports to characterize the contents of a *New York Times* article. This article speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that this article contains the snippets quoted by Plaintiffs. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 86.

87.     Paragraph 87 purports to characterize the contents of a *New York Times* article. This article speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that the article contains the snippets quoted by Plaintiffs. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 87.

88.     Paragraph 88 purports to characterize the contents of a *NetworkWorld* article. This article speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that Plaintiffs accurately summarize this article. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 88.

89.     Paragraph 89 purports to characterize the contents of a *Garante Privacy* article. This article speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that the article contains the snippets quoted by Plaintiffs. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 89.

90.     Paragraph 90 purports to characterize the contents of a *Garante Privacy* article. This article speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that the article contains the snippets quoted by Plaintiffs, except that the quotation begins with the word "they" rather than "that." To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 90.

91.     Paragraph 91 purports to characterize the contents of an article published in *The Register*. This article speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that Plaintiffs purport to summarize this article. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 91.

92.     Paragraph 92 purports to characterize the contents of a *Yahoo News* article located at http://news.yahoo.com/s/afp/20101018/tc_afp/spaininternetitcourtrightsgoogle. This

1  Article speaks for itself, and therefore no response is required. To the extent a response is

2  required, no article currently exists at this link and therefore Google is without knowledge or

3  information sufficient to form a belief as to the truth of the allegations contained in Paragraph

4  92, and on that basis denies those allegations

5       93.      Google admits the first sentence of Paragraph 93. The second sentence of

6  Paragraph 93 purports to characterize the contents of an article published in *The Register*. This

7  article speaks for itself, and therefore no response is required. To the extent a response is

8  required, Google admits that Plaintiffs quote snippets from the referenced article. To the extent

9  not expressly admitted, Google denies the remaining allegations contained in Paragraph 93.

10      94.      Google admits the first sentence of Paragraph 94. The second sentence of

11  Paragraph 94 purports to characterize the contents of a *NetworkWorld* article. This

12  article speaks for itself, and therefore no response is required. To the extent a response is

13  required, Google admits that Plaintiffs quote the article contains the snippets from the referenced

14  article. To the extent not expressly admitted, Google denies the remaining allegations contained

15  in Paragraph 94.

16      95.      Paragraph 95 purports to characterize the contents of a *BBC News* article. This

17  article speaks for itself, and therefore no response is required. To the extent a response is

18  required, Google denies that Plaintiffs' have accurately characterized the contents of the

19  referenced article.

20      96.      Paragraph 96 purports to characterize the contents of a *BBC News* article. This

21  article speaks for itself, and therefore no response is required. To the extent a response is

22  required, Google admits that Plaintiffs quote snippets from the referenced article. To the extent

23  not expressly admitted, Google denies the remaining allegations contained in Paragraph 96.

24      97.      Paragraph 97 purports to characterize the contents of a *Prague Post* article located

25  at http://www.praguepost.com/business/4531-google-under-investigation-for-stealing-private-

26  data.html. This article speaks for itself, and therefore no response is required. To the extent a

27  response is required, no article currently exists at this link and therefore Google is without

28

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97, and on that basis denies those allegations.

98.     Paragraph 98 purports to characterize the contents of a *Softpedia* article. The article speaks for itself, and therefore no response is required. To the extent a response is required, Google denies Plaintiffs' characterization of the contents of the referenced article.

99.     Paragraph 99 purports to characterize an article located at http://www.privacy.gov.au/materials/a-z?fullsummary=7103. This article speaks for itself, and therefore no response is required. To the extent a response is required, no article currently exists at this link and therefore Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99, and on that basis denies those allegations

100.     Google denies the last sentence of Paragraph 100. The remainder of the allegations contained in Paragraph 100 purport to characterize the contents of a Google blog post. This post speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that Plaintiffs quote snippets from the referenced blog post. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 100.

101.     Paragraph 101 purports to characterize the contents of an article published in *The Guardian*. This article speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that Plaintiffs quote snippets from the referenced article. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 101.

102.     Paragraph 102 purports to characterize the contents of a *Bloomberg News* article located at http://www.bloomberg.com/news/2010-10-19/canada-privacycommissioner-says-google-broke-privacy-laws-with-networks.html. This article speaks for itself, and therefore no response is required. To the extent a response is required, no article currently exists at this link and therefore Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102, and on that basis denies those allegations.

103.    Paragraph 103 purports to characterize the contents of a *Guardian* article located at http://www.guardian.co.uk/technology/2010/oct/19/google-street-view-privacycanada. This article speaks for itself, and therefore no response is required. To the extent a response is required, no article currently exists at this link and therefore Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103, and on that basis denies those allegations.

104.    Paragraph 104 purports to characterize the contents of articles located at http://abiweb.obh.hu/abi/index.php?menu=0/Sajtokozlemenyek&dok=20100604_ABI_2 and http://abiweb.obh.hu/dpc/index.php?menu=aktualis/allasfoglalasok/2010&dok=20090602_ABI_ 1. These articles speak for themselves, and therefore no response is required. To the extent a response is required, no articles currently exist at these links and therefore Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104, and on that basis denies those allegations.

105.    Paragraph 105 purports to characterize the contents of a *Washington Post* article. This article speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that Plaintiffs purport to characterize the contents of the article. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 105.

106.    Paragraph 106 purports to characterize the contents of an article published in *The Korea Herald*. This article speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that Plaintiffs quote snippets from the referenced article. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 106.

107.    Paragraph 107 purports to characterize the contents of a *Daily Tech* article. This article speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that Plaintiffs quote snippets from the referenced article. To the extent not expressly admitted, Google denies the remaining allegations contained in Paragraph 107.

108.    Paragraph 108 purports to characterize the contents of a *Bloomberg News* article located at http://www.bloomberg.com/news/print/2010-08-10/google-s-south-korea-office-raided-by-policein-invasion-of-privacy-probe.html. This article speaks for itself, and therefore no response is required. To the extent a response is required, no article currently exist at this link and therefore Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108, and on that basis denies those allegations.

109.    Paragraph 109 purports to characterize an article located at http://www.privacy.org.nz/mediarelease-google-and-wi-fi-information-collection/. This article speaks for itself, and therefore no response is required. To the extent a response is required, no article currently exist at this link and therefore Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109, and on that basis denies those allegations.

## TOLLING AND FRAUDULENT CONCEALMENT

110.    Google denies the allegations contained in Paragraph 110.

111.    Google denies the allegations contained in Paragraph 111.

112.    Google denies the allegations contained in Paragraph 112.

113.    Google denies the allegations contained in Paragraph 113.

114.    Google denies the allegations contained in Paragraph 114.

115.    Google denies the allegations contained in Paragraph 115.

116.    Google denies the allegations contained in Paragraph 116.

117.    Google denies the allegations contained in Paragraph 117.

118.    Google denies the allegations contained in Paragraph 118.

## CLASS ACTION ALLEGATION

119.    Google denies the allegations contained in Paragraph 119.

120.    Google denies the allegations contained in Paragraph 120.

121.    Google denies the allegations contained in Paragraph 121.

122.    Google denies the allegations contained in Paragraph 122.

123.    Google denies the allegations contained in Paragraph 123.

124.   Google denies the allegations contained in Paragraph 124.

125.   Google denies the allegations contained in Paragraph 125.

126.   Google denies the allegations contained in Paragraph 126.

127.   Google denies the allegations contained in Paragraph 127.

**FIRST CLAIM FOR RELIEF**
**National Class Claims – 18 U.S. C. § 2511, *et seq.***

128.   Google incorporates by reference its response to Paragraphs 1-127.

129.   Google denies the allegations contained in Paragraph 129.

130.   Google denies the allegations contained in Paragraph 130.

131.   Google denies the allegations contained in Paragraph 131.

132.   Google denies the allegations contained in Paragraph 132.

**SECOND CLAIM FOR RELIEF**
**Violation of California Business and Professional Code § 17200, *et seq.***

133.   No response is required to Paragraph 133 because the Court dismissed Plaintiffs' second claim for relief.

134.   No response is required to Paragraph 134 because the Court dismissed Plaintiffs' second claim for relief.

135.   No response is required to Paragraph 135 because the Court dismissed Plaintiffs' second claim for relief.

136.   No response is required to Paragraph 136 because the Court dismissed Plaintiffs' second claim for relief.

137.   No response is required to Paragraph 137 because the Court dismissed Plaintiffs' second claim for relief.

138.   No response is required to Paragraph 138 because the Court dismissed Plaintiffs' second claim for relief.

139.   No response is required to Paragraph 139 because the Court dismissed Plaintiffs' second claim for relief.

**THIRD CLAIM FOR RELIEF**
<u>**State Subclass Claims**</u>

140.    No response is required to Paragraph 140 because the Court dismissed Plaintiffs' third claim for relief.

141.    No response is required to Paragraph 141 because the Court dismissed Plaintiffs' third claim for relief.

142.    No response is required to Paragraph 142 because the Court dismissed Plaintiffs' third claim for relief.

143.    No response is required to Paragraph 143 because the Court dismissed Plaintiffs' third claim for relief.

144.    No response is required to Paragraph 144 because the Court dismissed Plaintiffs' third claim for relief.

145.    No response is required to Paragraph 145 because the Court dismissed Plaintiffs' third claim for relief.

**DEMAND FOR JURY TRIAL**

Google admits that Plaintiffs seek a jury trial as to all issues triable by a jury.

**PRAYER FOR RELIEF**

With respect to Plaintiffs' prayers for relief (articulated in (A)-(L)), Google denies all Plaintiffs' claims for relief.

<u>**AFFIRMATIVE AND OTHER DEFENSES**</u>

Pursuant to Rule 8(c) of the Federal Rules of Civil procedure, Google sets forth the following affirmative and other defenses, and does so on information and belief as to the actions of others. Google does not concede that it bears the burden of proof or persuasion on any of these defenses. Google reserves the right to assert additional defenses in the event that discovery or further investigation demonstrates that any such defense is appropriate or applicable.

**FIRST DEFENSE**

(Lack of Standing)

Plaintiffs lack standing because they have failed to plead facts or produce evidence establishing that they have suffered an injury that is concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling. Among other things, Plaintiffs have failed to plead facts or produce evidence showing that a Street View vehicle actually acquired payload data that Plaintiffs broadcasted.

**SECOND DEFENSE**

(Lack of Standing; No Damages)

Plaintiffs lack standing for the additional reason that they have not sustained any cognizable loss, damage, harm, or detriment as a result of Google's alleged conduct.

**THIRD DEFENSE**

(Failure to State a Claim)

The Complaint fails to state a claim upon which relief may be granted. Among other things, Plaintiffs do not allege facts that plausibly support an inference that 1) Google acquired payload data transmitted from a Wi-Fi network belonging to one or more of the named Plaintiffs; 2) any payload data that Google allegedly acquired from a Wi-Fi network belonging to a named Plaintiff constitutes that Plaintiff's own communications; 3) payload data that Google allegedly acquired revealed to Google the substance, meaning, or import of a communication by a named Plaintiff; 4) Google intended to acquire the contents of Plaintiffs' Wi-Fi communications; 5) Google was not a party to Plaintiffs' Wi-Fi communications and Plaintiffs did not consent to the interception of these communications; 6) Plaintiffs' Wi-Fi communications were not radio communications; 7) Plaintiffs' Wi-Fi communications were not readily accessible to the general public, and 8) Plaintiffs suffered harm as a result of the alleged interception of their Wi-Fi transmissions.

**FOURTH DEFENSE**

(Improper Class Action)

Google alleges that this lawsuit cannot proceed as a class action, that Plaintiffs do not or cannot fairly and adequately represent any class, that there are no common questions of fact or law that predominate over individual questions, that a class action is not superior to other means of resolving the issues presented in this lawsuit, and that the interests of the putative class are inconsistent and conflicting. Many issues in this case are fact specific and unsuitable for resolution in a class action. Google may have additional affirmative defenses to assert against class members and reserves its right to assert those affirmative defenses in a timely fashion.

**FIFTH DEFENSE**

(Waiver, Estoppel, and Other Equitable Defenses)

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, and other applicable equitable defenses. Among other things, Plaintiffs configured their Wi-Fi networks to be open and to broadcast data at least as far as the public street, but now claim that they are entitled to a windfall as a result of that very activity.

**SIXTH DEFENSE**

(Failure to Mitigate)

Plaintiffs' claims are barred in whole or part as a result of their failure to mitigate their alleged damages. Among other things, Plaintiffs configured their Wi-Fi networks to be open and to broadcast data at least as far as the public street, but now claim that they are entitled to a windfall as a result of that very activity.

**SEVENTH DEFENSE**

(Party to the Communication or Prior Consent)

Plaintiffs' claims are barred to the extent their communications were with Google or were communications to which a party to the communication had given consent to its acquisition. *See* 28 U.S.C. §2511(2)(d).

**EIGHTH DEFENSE**

(Excessive Fines)

The Wiretap Act is unconstitutional as violative of the Eighth Amendment to the United States Constitution, which prohibits excessive fines, to the extent it is applied against Google in this case to impose liability that would be grossly disproportional to any actual harm caused by the activity in question. Plaintiffs do not plead any facts establishing that they were harmed by Google's alleged conduct, or that any other member of the putative class was harmed. Yet they allege that Google should be held liable to pay potentially millions of dollars in damages. While Plaintiffs are not entitled to any relief in this case as against Google, and the case is not suitable to proceed as a class action, a class of individuals entitled to statutory damages would impose extraordinary liability upon Google, in the absence of any allegation of actual harm to anyone.

**NINTH DEFENSE**

(Due Process)

The Wiretap Act is unconstitutional as violative of the Fifth Amendment to the United States Constitution to the extent it is applied against Google in this case to impose upon Google liability that would be grossly disproportional to any actual harm caused by the activity in question. While Plaintiffs are not entitled to any relief in this case as against Google, and the case is not suitable to proceed as a class action, a class of individuals entitled to statutory damages would impose extraordinary liability upon Google, in the absence of any allegation of actual harm to anyone. Even the threat of a class action and the attendant disproportionate damages it would claim threatens Google's due process rights by forcing it to expend resources in a manner not commensurate with the lack of merit.

**PRAYER FOR RELIEF**

WHEREFORE, Google prays that the Court determine and adjudge as follows:

1.      That this action cannot be maintained as a class action;

2.      That the Complaint be dismissed, with prejudice and in its entirety;

3.      That Plaintiffs take nothing by the Complaint, and that judgment be entered against Plaintiffs and in favor of Google.

1     4.     That Google be awarded its costs of suit and reasonable attorneys' fees; and

2     5.     That the Court award Google such other and further relief as the Court deems just

3  and proper.

4                                    <u>**JURY DEMAND**</u>

5         Google demands a trial by jury of all issues so triable pursuant to Federal Rule of Civil

6  Procedure 38.

7

8  Dated:  August 8, 2014                    WILSON SONSINI GOODRICH & ROSATI
                                             Professional Corporation
9

10
                                             By: */s Michael H. Rubin*
11                                           _____

12                                           Michael H. Rubin, SBN 214636
                                             WILSON SONSINI GOODRICH & ROSATI
13                                           Professional Corporation
                                             One Market Plaza, Spear Tower
14                                           Suite 3300
                                             San Francisco, CA 94105
15                                           Telephone:  (415) 947-2000
                                             Facsimile:  (415) 947-2099
16                                           Email:  mrubin@wsgr.com

17                                           David H. Kramer, SBN 168452
                                             Dylan J. Liddiard, SBN 203055
18                                           WILSON SONSINI GOODRICH & ROSATI
                                             Professional Corporation
19                                           650 Page Mill Road
                                             Palo Alto, CA 94304-1050
20                                           Telephone:  (650) 493-9300
                                             Facsimile:   (650) 565-5100
21                                           Email:  dkramer@wsgr.com
                                                        dliddiard@wsgr.com
22

23

24                                           *Attorneys for Defendant Google Inc.*

25

26

27

28

GOOGLE'S ANSWER TO PLAINTIFFS'                    -27-
CONSOLIDATED CLASS ACTION COMPLAINT
CASE NO.:  3:10-md-02184-CRB