IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN JOFFE, et al., | No. C10-md-02184 CRB |
| Plaintiffs, | **ORDER ADOPTING IN PART REPORT AND RECOMMENDATION** |
| v. | |
| GOOGLE, INC., | |
| Defendant. | |

Now pending is Plaintiffs' Motion for Relief of Nondispositive Pretrial Order of Magistrate Judge (dkt. 120), in which Plaintiffs seek relief from Magistrate Judge Maria-Elena James's Report and Recommendation (dkt. 119) about the appropriate process by which to search the "Street View Data."[1] Plaintiffs hope to find within the Street View Data "a needle in the haystack"–evidence of Plaintiffs' communications–which would help them to demonstrate standing. See Joint Letter (dkt. 117) at 2. Judge James recommended that this Court appoint a Special Master to conduct the search, and further recommended using "Google's Jurisdictional Discovery Proposal for selection of the special master, development of protocol and depositing of information, and all related matters." Report & Recommendation at 4. Plaintiffs object to the Report & Recommendation, not in so far as it recommends a Special Master (initially a point of contention, see Joint Letter at 1-3), but

---

[1] The Court construes Plaintiff's Motion as an objection to the Report and Recommendation pursuant to Federal Rule of Civil Procedure 72(b)(2).

1 because, they argue, Google's Jurisdictional Discovery Proposal: (1) improperly limits the
2 Special Master's searches of the Street View Data to the point of inception; (2) does not
3 require "the Special Master to provide [Plaintiffs] with each search result to determine
4 whether any of their communications are among those returned by the search" in order to
5 "better formulate follow-up searches"; and (3) "improvidently allow[s] Google to participate
6 in the formulation of the searches." Mot. at 1-2.

       Plaintiffs' first two objections are well-founded. As this case was brought on behalf of "[a]ll persons in the United States whose electronic communications sent <u>or received</u> on wireless internet connections were intercepted by Defendant Google Street View vehicles," CAC (dkt. 54) ¶ 119 (emphasis added), the search should include not only each Plaintiff's network, from which communications might have been sent, but also any other network on which Plaintiffs' communications might have been received. In addition, Plaintiffs have persuasively argued that the Street View Data is "not susceptible to a simple 'keyword' search," and instead requires Plaintiffs "to study the data, review search results, and develop new strategies based on what they find or what they learn about the data." <u>See</u> Joint Letter at 2; Mot. at 4. Accordingly, the Court agrees that Plaintiffs should see the results of the Special Master's searches, in order to provide the Special Master with feedback to aid in subsequent searches.[2]

       The Court rejects Plaintiffs' third objection at this time. Plaintiffs contend that "Google has nothing constructive to add" to the Special Master's search and that its input "will only lead to delay, burden and interference with Plaintiffs' ability to find their intercepted communications." Mot. at 5. If Plaintiffs' predictions bear out, Plaintiffs may raise this issue again with Judge James. In the meantime, the Court has every expectation that the parties will work together to facilitate the Special Master's task and to accomplish the discovery this Court has ordered.

       For the foregoing reasons, the Court ADOPTS IN PART the Report and Recommendation, and ADOPTS IN PART Plaintiffs' Proposed Order as amended (see

---

[2] A protective order can address confidentiality concerns.

attached).

**IT IS SO ORDERED.**

Dated: September 19, 2014

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE