**SPECTOR ROSEMAN KODROFF & WILLS, PC**
Jeffrey L. Kodroff, Esq.
jkodroff@srkw-law.com
John A. Macoretta, Esq.
jmacoretta@srkw-law.com
Mary Ann Geppert, Esq.
mgeppert@srkw-law.com
1818 Market St., Ste. 2500
Philadelphia, PA  19103
Tel. 215-496-0300
Fax. 215-496-6611

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Daniel A. Small, Esq.
dsmall@cohenmilstein.com
David A. Young, Esq.
dyoung@cohenmilstein.com
1100 New York Avenue, NW, Suite 500W
Washington, DC 20005
Tel. 202-408-4600
Fax. 202-408-4699

*Plaintiffs' Co-Lead Counsel*

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Elizabeth J. Cabraser, Esq. (SBN: 083151)
ecabraser@lchb.com
Michael W. Sobol (SBN: 194857)
msobol@lchb.com
Nicole D. Sugnet (SBN: 246255)
nsugnet@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel. 415-956-1000
Fax. 415-956-1008

*Plaintiffs' Liaison Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: GOOGLE INC. STREET VIEW ELECTRONIC COMMUNICATIONS LITIGATION | Case No.  3:10-md-02184-CRB<br><br>**ORDER REGARDING JURISDICTIONAL DISCOVERY** |

# DEFINITIONS

For the purposes of this Jurisdictional Discovery Process, the following definitions shall apply:

1. "Basic Network Information" shall mean unique information identifying a particular router, such as the router's Basic Service Set Identification (BSSID) or media access control (MAC) address.

2. "Complaint" shall refer to the Consolidated Class Action Complaint filed November 8, 2010, Docket No. 54.

3. "Confidential Material" shall refer to information, documents, communications, and things relating to jurisdictional discovery in this action.

4. "Defendant" shall refer to Google Inc.

5. "Special Master" shall refer to a neutral third-party network security firm or individual appointed by the Court pursuant to the process set forth below.

6. "Party" shall refer to Google and/or its counsel on the one hand and Plaintiffs (as defined below) and/or their counsel on the other.

7. "Payload Data" shall mean the information contained within a data frame acquired from an unencrypted wireless network by Google's Street View vehicles operating in the United States from January 1, 2007 through May 15, 2010, and shall exclude management, control, and data frames themselves.

8. "Plaintiff" shall refer to the following named plaintiffs: Dean M. Bastilla, Rick Benitti, Matthew Berlage, David Binkley, James Blackwell, Russell Carter, Stephanie Carter, Jeffrey Colman, Bertha Davis, James Fairbanks, Wesley Hartline, Benjamin Joffe, Patrick Keyes, Aaron Linsky, Jennifer Locsin, Lilla Marigza, Eric Myhre, John E. Redstone, Danielle Reyas, Karl H. Schulz, Jason Taylor, Vicki Van Valin.

9. "Street View Data" shall refer to all (i) network traffic from unencrypted wireless networks and (ii) GPS information associated with or recorded contemporaneously to such data, that was recorded by software (e.g., gstumblr, gslite, or other software performing

1   substantially the same function as these programs) operating on Google Street View
2   vehicles operating in the United States from January 1, 2007 through May 15, 2010.

**PROCESS FOR JURISDICTIONAL DISCOVERY**

1. Selection of the Special Master
   a. Within 14 days of the entry of this Order, the Parties shall exchange the names of up to five proposed Special Masters.
   b. Within 14 days thereafter, the Parties shall attempt to agree as to the selection of a Special Master from among the proposed candidates.
      i. If the Parties are able to agree as to the selection of a Special Master after meeting and conferring in good faith, they shall jointly submit to the Court a letter requesting the appointment of their proposed Special Master.
      ii. If the Parties are unable to agree as to the selection of a Special Master after meeting and conferring in good faith, they shall jointly submit to the Court a letter identifying each Party's preferred Special Master(s), and the Magistrate Judge will select the Special Master from among those proposed candidates.
   c. The Parties shall split all fees and costs associated with the Special Master on a 50/50 basis.
2. Developing the Special Master's Protocol
   a. The Special Master's sole charge shall be to search the Street View Data to determine whether any Plaintiff's communications were acquired by Google and to report on the results of his or her searches. The Special Master shall proceed with all reasonable diligence in performing these duties.
   b. The Special Master shall consult with the parties regarding the Street View Data. The Special Master shall show all searches and search results to Plaintiffs and Google for their review.

1         Each Party shall cooperate with the Special Master in
2         his or her efforts to carry out his or her charge.
3   c.  In advance of the Parties depositing the information described in Section 3 with
4         the Special Master, Defendant will provide to Plaintiffs a document that identifies
5         and, to the extent necessary, describes the various fields that comprise a standard
6         Street View Data file.
7 3.   Depositing of Information with the Special Master
8   a.  No later than fourteen days following selection of the Special Master, Defendant
9         shall deposit with the Special Master the Street View Data in its possession,
10         custody or control, which consists of:
11         i.  a copy of the hard drive produced to the Oregon federal district court in
12             MDL member case Van Valin v. Google Inc. following that court's order
13             of May 24, 2010, which contains Payload Data removed from Defendant's
14             servers in May 2010 (the "Payload Drive");
15         ii.  a copy of the hard drive containing the Basic Network Information
16             previously resident on Defendant's servers (the "BNI Drive"); and
17         iii.  any Street View car disk that was in circulation in the United States prior to
18             May 15, 2010 but never processed and therefore may contain Basic
19             Network Information along with Payload Data (the "Car Drives").
20   b.  No later than fourteen days following selection of the Special Master, Plaintiffs
21         shall deposit with the Special Master the following items in his or her possession,
22         custody, or control:
23         i.  any wireless router that Plaintiff used to maintain an unencrypted Wi-Fi
24             network between January 1, 2007 and May 15, 2010, to the extent they are
25             still in the Plaintiffs' possession, as alleged in paragraphs 18-38 of the
26             Complaint; and
27         ii.  any other identifying information that Plaintiffs' believe would help the
28             Special Master determine whether any of the Plaintiffs' Payload Data was

|   |   |   |   |
|---|---|---|---|
| 1 |   |   | acquired by Defendant provided that such information is also disclosed to |
| 2 |   |   | Defendants. Notwithstanding this submission, Plaintiffs may continue to |
| 3 |   |   | submit information to the Special Master during the course of the Special |
| 4 |   |   | Master's review of the Street View Data. |
| 5 |   | c. | In conjunction with making these deposits, each Party shall provide the Special Master declarations attesting to the authenticity of the items or information deposited with the Special Master. |
| 8 | 4. |   | The Special Master's Report |
| 9 |   | a. | Following completion of the Special Master's searches of the Street View Data, the Special Master shall provide to the Parties a Report setting forth: |
| 11 |   |   | i. an overview of the Special Master's searches; |
| 12 |   |   | ii. any declarations regarding authenticity that were provided to the Special Master by the Parties that are relevant to the information contained in the Report; |
| 15 |   |   | iii. the data security and integrity practices the Special Master employed to safeguard, process, and review the information deposited with it; |
| 17 |   |   | iv. certification that the Special Master's searches remained at all times limited to the issue of Plaintiffs' standing; |
| 19 |   |   | v. on a per-Plaintiff basis, whether Basic Network Information was collected from each Plaintiff's router and, if so, whether any Payload Data was also collected from that network; and |
| 22 |   |   | vi. Any other information the Special Master determines would be relevant and appropriate to include. |
| 24 |   | b. | In the event that Basic Network Information or Payload Data were acquired from any Plaintiff's network, the Special Master shall also provide a copy of that information to the Parties in native form in conjunction with the Report. |
| 27 |   | c. | In the event that Plaintiffs contend that any of the communications returned by the searches are communications of a Plaintiff, the Special Master shall also provide in |

|   |   |   |   |
|---|---|---|---|
| 1 |   |   | native form in conjunction with the Report a copy of each communication |
| 2 |   |   | Plaintiffs contend is a communication of a Plaintiff. |
| 3 | 5. | | Joint Case Status Report Following Special Master's Report |
| 4 |   | a. | No later than 20 days after issuance of the Special Master's Report, the Parties |
| 5 |   |   | shall jointly submit to the Court a Joint Case Status Report and jointly request that |
| 6 |   |   | the Court schedule a Case Management Conference. |
| 7 | 6. | | Confidentiality |
| 8 |   | a. | Neither the Parties nor the Special Master shall disclose any Confidential Material |
| 9 |   |   | to any third party except pursuant to a Court order or by written agreement of the |
| 10 |   |   | Parties. |
| 11 |   | b. | The Special Master may use and disclose Confidential Material received from the |
| 12 |   |   | Parties only to the extent such use and disclosure is permitted pursuant to the terms |
| 13 |   |   | of this Order. The Special Master shall make no other disclosure of any Party's |
| 14 |   |   | Confidential Material to the opposing Party except pursuant to a Court order or by |
| 15 |   |   | written agreement of the Parties. |
| 16 | 7. | | Scope of Jurisdictional Discovery |
| 17 |   | a. | Unless agreed to by the Parties or ordered by the Court, this Order shall be the full |
| 18 |   |   | extent of jurisdictional discovery conducted by the Parties. |
| 19 |   | b. | The Parties enter into this Jurisdictional Discovery Process without prejudice to |
| 20 |   |   | whatever arguments they may make regarding standing, and the Parties do not |
| 21 |   |   | concede that all of the evidence produced or disclosed pursuant to this |
| 22 |   |   | Jurisdictional Discovery Process is relevant. The Parties expressly reserve the right |
| 23 |   |   | to raise such objections after the Special Master's Report has been completed. |

| | | |
|---|---|---|
| 1 | Dated: August 27, 2014 | Respectfully submitted, |
| 2 | | By: /s/ Daniel A. Small |

3   COHEN MILSTEIN SELLERS & TOLL PLLC
    Daniel A. Small, Esq.
4   dsmall@cohenmilstein.com
    David A. Young, Esq.
5   dyoung@cohenmilstein.com
    1100 New York Avenue, NW, Suite 500W
6   Washington, DC 20005
    Tel. 202-408-4600
7   Fax. 202-408-4699
    SPECTOR ROSEMAN KODROFF & WILLS, PC
8   Jeffrey L. Kodroff, Esq.
    jkodroff@srkw-law.com
9   John A. Macoretta, Esq.
    jmacoretta@srkw-law.com
10  Mary Ann Geppert, Esq.
    mgeppert@srkw-law.com
11  1818 Market St., Ste. 2500
    Philadelphia, PA  19103
12  Tel. 215-496-0300
    Fax. 215-496-6611

13
    LIEFF CABRASER HEIMANN & BERNSTEIN,
14  LLP
    Elizabeth J. Cabraser, Esq. (SBN: 083151)
15  ecabraser@lchb.com
    Michael W. Sobol (SBN: 194857)
16  msobol@lchb.com
    Nicole D. Sugnet (SBN: 246255)
17  nsugnet@lchb.com
    275 Battery Street, 29th Floor
18  San Francisco, CA 94111-3339
    Tel. 415-956-1000
19  Fax. 415-956-1008

20  *Plaintiffs' Counsel*

21

22  **IT IS SO ORDERED.**

23  Dated: __September 19, 2014___          _____
                                            Honorable Charles R. Breyer
24