UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE LLC STREET VIEW ELECTRONIC COMMUNICATIONS LITIGATION** | Case No. 3:10-md-02184-CRB<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**Honorable Charles R. Breyer** |

Upon review and consideration of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, and all briefing, arguments, exhibits and other evidence submitted in support thereof, including the Class Action Settlement Agreement ("Agreement"),[1] dated June 11, 2018 and executed by Plaintiffs Dean Bastilla, Rich Benitti, Matthew Berlage, David Binkley, James Blackwell, Stephanie and Russell Carter, Jeffrey Colman, Bertha Davis, James Fairbanks, Wesley Hartline, Benjamin Joffe, Patrick Keyes, Aaron Linsky, Lilla Marigza, Eric Myhre, John Redstone, Danielle Reyas, Karl Schulz, Jason Taylor, and Vicki Van Valin (collectively, "Plaintiffs") and by Defendant Google, LLC ("Google"), (collectively, the "Parties"), it is hereby ORDERED as follows:

---

[1] The Agreement is attached as Exhibit A to the Declaration of Jeffrey L. Kodroff ("Kodroff Decl."), filed simultaneously with Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Motion").

1. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Agreement.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332, and has personal jurisdiction over the Parties. Venue is proper in this District.

3. The Court finds that Plaintiffs allege an injury in fact that is fairly traceable to the challenged conduct of the defendant, and that is likely to be redressed by a favorable judicial decision, and thus have standing under Article III of the United States Constitution to invoke the jurisdiction of this Court.

4. Pursuant to Federal Rule of Civil Procedure Rule 23(e)(1)(b)(ii), the Court will likely be able to certify the following "Class" pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3):

> All persons who used a wireless network device from which Acquired Payload Data was obtained.
>
> "Acquired Payload Data" means the Payload Data acquired from unencrypted wireless networks by Google's Street View vehicles operating in the United States from January 1, 2007 through May 15, 2010.

5. The Court finds that the Class, as defined above, likely meets the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3)—namely (1) the Class Members are sufficiently numerous such that joinder is impracticable; (2) there are common questions of law and fact; (3) the Plaintiffs' claims are typical of those of the Class Members; (4) the Plaintiffs and Class Counsel have adequately represented, and will continue to adequately represent, the interests of the Class Members; and (5) questions of law and fact common to the Class predominate over the questions affecting only individual Class Members and certification of the Class is superior to other available methods for the fair and efficient adjudication of this controversy.

6. Pursuant to Federal Rule of Civil Procedure 23(e)(1)(B)(i), the Court preliminarily approves the proposed Settlement Agreement as likely fair, reasonable, and adequate, entered into in good faith, and free of collusion. Subject to further review at the final approval stage, it appears to the Court that Plaintiffs and Class Counsel have adequately represented the Class, the

1  Settlement Agreement was reached through significant arms-length negotiations assisted by an
2  experienced mediator, Greg Lindstrom of Phillips ADR Enterprises P.C., the relief provided for
3  the Class is adequate, and the Agreement treats Class Members equitably relative to each other.
4       7.     The Court appoints Plaintiffs as class representatives for the Class.
5       8.     The Court appoints the following law firms as Class Counsel for the Class:
6  Spector Roseman & Kodroff, P.C. and Cohen Milstein Sellers & Toll PLLC.   The Court appoints
7  Lieff Cabraser Heimann & Bernstein LLP as Class Counsel and Liaison Counsel for the Class.
8       9.     The Court appoints A.B. Data, Ltd. ("A.B. Data") to serve as the Notice
9  Administrator, and directs AB Data to carry out all duties and responsibilities of the Notice
10 Administrator as specified in the Agreement and herein.
11      10.    The Court approves the Notice Program for disseminating notice to Class
12 Members. *See* Notice Program attached to Kodroff Decl. as Exhibit J-1.
13      11.    The Court approves the form and content of the "Notice of Class Action
14 Settlement" Long Form ("Long Form Notice").  The Court finds that the Long Form Notice is
15 clear and readily understandable by Class Members.  *See* Long Form Notice, attached to Kodroff
16 Decl. as Exhibit J-5.
17      12.    The Court finds that the Notice Program, including the Long Form Notice, is
18 reasonable and appropriate and satisfies the requirements of Due Process and Federal Rule of
19 Civil Procedure 23, and is the only notice to the Class Members of the Settlement that is required.
20      13.    Settlement Website:  As soon as practicable, the Notice Administrator shall create
21 and maintain a Settlement Website until at least thirty days after the Effective Date of the
22 Settlement.  The Settlement Website shall (i) post, without limitation, the Consolidated Class
23 Action Complaint (D. 54), the Settlement Agreement, the Long Form Notice, and the *cy pres*
24 proposals; (ii) notify Class Members of their rights to object or opt-out; (iii) inform Class
25 Members that they should monitor the Settlement Website for developments, including the final
26 proposed *cy pres* distribution; and (iv) notify Class Members that no further notice will be
27 provided to them once the Court enters the Final Order and Judgment, other than updates on the
28 Settlement Website.  Furthermore, the Notice Administrator shall establish an email account and

P.O. Box to which Class Members may submit questions regarding the Settlement. The Notice Administrator will monitor the email account and P.O. Box and respond promptly to administrative inquiries from Class Members and direct new substantive inquiries to Class Counsel.

14. Notice Program: Notice to Class Members shall also include a comprehensive electronic notice and publication plan that satisfies the requirements of Due Process and Rule 23. Publication shall begin within thirty days of entry of this Order and shall include impressions of online advertisements linking to the Settlement Website, including displays on the most trafficked websites on the Internet.

15. Toll-Free Number: As soon as practicable, but no later than one (1) day before the first date that any notices are provided to Class Members, the Notice Administrator shall establish a toll-free telephone number (the "Toll-Free Number") that Class Members can call to receive additional information about the Settlement. The Toll-Free Number shall be operational until at least the Effective Date of the Settlement.

16. As provided in paragraph 41 of the Settlement Agreement, all costs associated with implementing the Notice Program, including fees and costs of the Notice Administrator, up to $500,000, will be paid out of the Settlement Fund.

17. No later than fourteen (14) days before the Final Approval Hearing, the Notice Administrator shall file an affidavit with the Court confirming its implementation of the Notice Program.

18. Any Class Member may comment on, or object to, the Settlement, Class Counsel's application for attorneys' fees and costs, and/or the request for Plaintiff Service Awards. To be considered, an objection shall be in writing, shall be filed with the Court on or before 60 days after Dissemination of Notice, or mailed to the Court and Notice Administrator at the addresses listed in the Long Form Notice, by first-class mail, postmarked no later than 60 days after Dissemination of Notice, and shall contain the information specified in the Long Form Notice.

19. No Class Member may contest the approval of the terms and conditions of the Settlement, the Final Judgment, the request for an award of attorneys' fees and costs to Class

Counsel, or the request for or award of Plaintiff Service Awards, except by filing and serving a written objection in accordance with the provisions set forth above.  Any Class Member who fails to object in the manner prescribed above, shall be deemed to have waived, and shall be foreclosed forever from raising, objections to the Settlement, Class Counsel's application for attorneys' fees and costs, and the application for Plaintiff Service Awards.

20. Any Class Member may request exclusion from the Settlement.  To be excluded from the Settlement, a Class Member shall send a letter by first-class mail to the Notice Administrator at the address listed in the Long Form Notice requesting exclusion; the letter shall be postmarked no later than 60 days after Dissemination of Notice; and the letter shall contain the information specified in the Long Form Notice.

21. The Court directs that the Final Approval Hearing be scheduled for _____, 2019, at ____ a.m., to assist the Court in determining whether the Settlement should be finally approved as fair, reasonable and adequate to the Class Members; whether the Final Judgment should be entered; whether Class Counsel's application for attorneys' fees and costs should be approved; and whether the request for service awards for the Plaintiffs should be approved.

22. By no later than forty-five (45) days after the entry of this Order, Plaintiffs and Class Counsel shall file a Motion for Final Approval of the Settlement and an application for attorneys' fees and expenses and for Plaintiff Service Awards.  Within ninety (90) days after Dissemination of Notice, the Parties shall file any responses to any Class Member objections. Promptly after they are filed, Class Counsel's application for attorneys' fees, costs, and Plaintiff service awards, and Plaintiffs' motion for final approval of the Settlement, shall be posted on the Settlement Website.

23. The Court may, in its discretion, modify the date of the Final Approval Hearing and related deadlines set forth herein.  In the event the Court changes any of the deadlines or dates set forth in this Order, the new date and time shall be posted on the Settlement Website.

24. If the Settlement terminates for any reason, this Action will revert to its previous status in all respects as it existed before the Parties executed the Agreement, and this Order will be vacated.

25. Pending the final determination of whether the Settlement should be approved, all proceedings in this Action, except as are necessary to implement the Settlement or comply with the terms of the Settlement, are hereby stayed.

26. Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement that are not inconsistent with this Order.

27. The following chart summarizes the dates and deadlines set by this Order:

| Event | Date |
| --- | --- |
| Notice of Settlement to be Disseminated | 30 days after entry of the Court's Preliminary Approval Order |
| Deadline for Class Counsel's motions for final approval and for attorneys' fees, costs, and service awards | 45 days after the entry of the Court's Preliminary Approval Order |
| Objection and Opt Out Deadline | 60 days after Dissemination of Notice |
| Deadline for Parties to file a written response to any comment or objection filed by a Class Member | 90 days after Dissemination of Notice |
| Notice Administrator affidavit of compliance with notice requirements | 14 days before Final Approval Hearing |
| Final Approval Hearing | Not less than 130 days after entry of the Preliminary Approval Order, or as soon thereafter as is convenient for the Court |

IT IS SO ORDERED.

Dated: _____, 2019

Hon. Charles R. Breyer