DAVID H. KRAMER, SBN 168452
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com

BRIAN M. WILLEN, *admitted pro hac vice*
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

*Attorneys for Defendant Google LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE LLC STREET VIEW ELECTRONIC COMMUNICATIONS LITIGATION | Case No. 3:10-md-02184-CRB<br><br>**DECLARATION OF BRIAN M. WILLEN REGARDING MOTION FOR PRELIMINARY SETTLEMENT APPROVAL**<br><br>Judge: Hon. Charles R. Breyer |

I, Brian M. Willen, declare:

1.  I am a member of the law firm Wilson Sonsini Goodrich & Rosati P.C. ("WSGR"), counsel of record for Defendant Google LLC ("Google"). I submit this Declaration in response to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and related papers (Dkt. No. 166) (the "Preliminary Approval Motion") and pursuant to Paragraph 8 of the Northern District of California's Procedural Guidance for Class Action Settlements (the "Procedural Guidance"). I have personal knowledge of the facts set forth in this Declaration and can testify competently thereto.

2.  In their Preliminary Approval Motion, Plaintiffs recommend that the following eight organizations receive *cy pres* funds through the proposed settlement: (1) The Center on Privacy & Technology at Georgetown Law; (2) Center for Digital Democracy; (3) Massachusetts Institute of Technology - Internet Policy Research Initiative ("MIT IPRI"); (4) World Privacy Forum; (5) Public Knowledge; (6) Rose Foundation for Communities and the Environment; (7) American Civil Liberties Union Foundation, Inc. ("ACLU"); and (8) Consumer Reports, Inc. (collectively, the "Proposed Recipients"). Preliminary Approval Motion at 6.

3.  The Proposed Recipients were identified and proposed exclusively by Plaintiffs and their counsel. Neither Google nor its counsel made any changes to the list of Proposed Recipients prior to Plaintiffs' filing of their Preliminary Approval Motion to the Court.

4.  Paragraph 8 of the Procedural Guidance provides that if a proposed class action settlement "contemplates a *cy pres* award," the parties should "identify any relationship they or their counsel have with the proposed *cy pres* recipients."

5.  I have reviewed WSGR's records to identify any relationship with the Proposed Recipients, including but not limited to any donations to the proposed recipients by WSGR and board of director roles by WSGR attorneys, both over the last 10 years. These records indicate that WSGR has provided pro bono services to the ACLU and its related entities, and made donations of $10,000 to the ACLU of Southern California in 2013 and $5,000 to the ACLU of Delaware in 2014. I am not aware of any other relationships between WSGR and any other Proposed Recipients.

6. Under my supervision, Google has reviewed its records over the last 10 years to identify any relationship with the Proposed Recipients, including but not limited to any donations made by Google to the Proposed Recipients. Those records identify a relationship between Google and three of the eight Proposed Recipients: (1) World Privacy Forum; (2) Public Knowledge; and (3) MIT IPRI.

7. More specifically, Google's records reflect the following contributions to the three Proposed Recipients identified in Paragraph 6:

   a. Google made unrestricted donations for research totaling $225,000 to World Privacy Forum in the period 2016-2018.

   b. Google made donations for issues unrelated to privacy totaling approximately $1,005,000 to Public Knowledge in the period 2014-2018.

   c. Google has awarded research funding to MIT to support certain members of the faculty associated with the IPRI, including Hal Abelson and David Clark.

8. In addition, Google made two restricted donations (for specific events) totaling $40,000 to the Roger Baldwin Foundation, an affiliate of the ACLU of Illinois, in the period 2016-2018.

9. Other than the donations listed above, I am not aware of any other relationships between Google and the Proposed Recipients.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated: September 4, 2019

By:    */s/ Brian M. Willen*
       Brian M. Willen
       Email: bwillen@wsgr.com

*Attorney for Defendant Google LLC*