**Pages 1 - 9**

           UNITED STATES DISTRICT COURT

         NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Charles R. Breyer, Judge

IN RE GOOGLE LLC STREET VIEW    )   **No. C 10-MD-02184 CRB**
ELECTRONIC COMMUNICATIONS       )
LITIGATION                      )
                                )
_____)

                        San Francisco, California
                        Friday, September 6, 2019

           **TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:
                    SPECTOR ROSEMAN & KODROFF, P.C.
                    2001 Market Street, Suite 3420
                    Philadelphia, Pennsylvania  19103
              **BY:  JOHN A. MARCORETTA, ATTORNEY AT LAW**


                    LIEFF, CABRASER, HEIMANN & BERNSTEIN LLP
                    275 Battery Street, 29th Floor
                    San Francisco, California  94111
              **BY:  MICHAEL W. SOBOL, ATTORNEY AT LAW**
                    **MELISSA GARDNER, ATTORNEY AT LAW**

                    COHEN MILSTEIN
                    1100 New York Avenue, NW, Fifth Floor
                    Washington, D.C.  20005
              **BY:  ROBERT W. COBBS, ATTORNEY AT LAW**

For Defendant:
                    WILSON, SONSINI, GOODRICH & ROSATI
                    1301 Avenue of the Americas, 40th Floor
                    New York, New York  10019
              **BY:  BRIAN WILLEN, ATTORNEY AT LAW**

Also Present:       **ALAN BUTLER, EPIC (Telephonically)**

Reported By:  Ana M. Dub, RDR, CRR, CCRR, CRG, CCG
              Official Reporter, CSR No. 7445

```
 1  Friday - September 6, 2019                          10:22 a.m.
 2                      P R O C E E D I N G S
 3                            ---o0o---
```

4  **THE CLERK:** Calling Civil Action C 10-2184, In Re Google Inc. Street View Electronic Communications Litigation.

6  Counsel, please state your appearances.

7  **MR. MACORETTA:** Good morning, Your Honor. John Macoretta from Spector Roseman & Kodroff here for the plaintiffs today.

10  **MR. SOBOL:** Good morning, Your Honor. Michael Sobol from Lieff Cabraser for the plaintiffs.

12  **MR. COBBS:** Rob Cobbs from Cohen Milstein for plaintiffs.

14  **MS. GARDNER:** Melissa Gardner from Lieff Cabraser for the plaintiffs.

16  **MR. WILLEN:** Good morning. Brian Willen from Wilson Sonsini for defendant Google.

18  **THE COURT:** All right. So this is on --

19  **MR. BUTLER:** Good morning, Your Honor. This is Alan Butler, Electronic Privacy Information Center --

21  **THE COURT:** You have to speak up.

22  **MR. BUTLER:** This is Alan Butler from the Electronic Privacy Information Center appearing telephonically.

24  **THE COURT:** Yes. Okay. So let me get to that first, because I think I can address it quickly.

1   Number one, I did sign the application for you to make the
2   argument that your client should participate in the cy pres.
3   And as I understand, that's your application.  I believe -- and
4   now we'll have some discussion; but assuming that I give
5   preliminary approval to the settlement, I will instruct the
6   parties in their notice to refer to your application as being a
7   potential cy pres recipient.
8   And it is my overall picture here -- overall intention
9   here to invite comments from potential members of the class, of
10  course, as to whether the settlement is appropriate as arrived
11  at between the parties, whether it's fair and reasonable.  And
12  I think that by the notice and by having a hearing, these
13  issues will be developed and the Court will address it; the
14  parties will address it and the Court will address it.
15  I don't want to give short shrift to your application, but
16  I will tell you, it's a part of an overall settlement which has
17  a lot of issues that the parties have addressed, and I would
18  intend to address them during the course of the approval
19  process, the final approval process.
20  Of course, saying the obvious, this is an area in which
21  the law is uncertain.  When I say "uncertain," I think it's
22  uncertain in the sense that we have not heard from the Supreme
23  Court in any definitive way as to the propriety of a settlement
24  of the kind that we have before us.  I don't know that they'll
25  necessarily address that, but it certainly appeared to have

1  been teed up and then not addressed by the Court in the past
2  term.  It may very well come up again.  I guess at some point
3  it will come up again.  I don't know if this will be the
4  vehicle for it or not, but it could be.  I don't know.  I mean,
5  it depends on all the litigation throughout the United States.
6  I have no idea.
7       There are a number of issues that are complicated.
8  Certainly, in a case brought under the statute, what type of
9  injury has to be shown?  Is there standing?  Is there a
10 cognizable injury?  And then what about the propriety of the
11 relief that is being proposed by the parties in which the class
12 members do not get any monetary compensation?
13      What I understand that they get is, of course, an
14 injunction put into place; but the injunction does have certain
15 individualized relief, as I understand it, which is the
16 destruction of the information that was obtained as a result of
17 the mapping protocol, or whatever it was, procedure followed
18 years ago, years ago by Google.  And so I think it does give
19 some individualized relief, I think it gives some collective
20 relief, and I think that will all be -- it's been addressed by
21 the parties.
22       But the purpose of the notice period is to see whether or
23 not other people have views, who may be affected by it, and
24 then see what they have to say about it; and the Court will
25 consider it in arriving at some final decision.

1     As I reviewed the settlement, I think it is an appropriate
2  settlement for preliminary purposes.  I'm approving it for
3  preliminary purposes, with the caveat that I wanted the parties
4  to somehow address that there is an interested party who
5  believes that they should be incorporated into the cy pres
6  award.
7     That would be fine.  Do the parties have any problem with
8  that?
9          **MR. MACORETTA:**  We do not, Your Honor.  We can easily
10 add a line to the settlement that reflects EPIC's motion or
11 request.
12    We do have one question for EPIC today.  We noticed that a
13 few months ago, EPIC's blog had a post that said, "This
14 settlement gives no value or benefit to class members."  So
15 we're trying to understand if EPIC is intending to intend to
16 the settlement -- object to the settlement at the same time
17 it's going to ask for money, just so we can understand how to
18 proceed.  I don't know if their counsel can answer that today
19 or not.
20         **THE COURT:**  It's up to you.
21    Does EPIC -- do you want to respond?
22         **MR. BUTLER:**  Your Honor, EPIC has no intention, as of
23 right now, to object to the settlement.
24         **MR. MACORETTA:**  All right.  That's great.
25         **THE COURT:**  All right.  But I also want you to know

```
 1   that I'm not conditioning your application on your present
 2   position that you may or may not have an objection to the
 3   settlement.  I want to have a full and complete discussion, to
 4   the extent I can have such a discussion, on whether or not this
 5   settlement is a fair and reasonable settlement.  It's just in
 6   an area that I think would benefit from a full record.
 7        I note that, I think, Judge Koh decided a case recently.
 8   How recently was that?
 9             MR. MACORETTA:  I'm not sure.
10             THE COURT:  I have it here.  It was -- oh.  Well, not
11   that recently -- September 23rd, 2016.
12        Of course, in this litigation, what's recent?
13             MR. MACORETTA:  Well, Google stopped the practice
14   we're talking about in 2010; so, yes.
15             THE COURT:  Okay.  Right.
16             MR. MACORETTA:  Your Honor, you may also want to note
17   the Third Circuit's recent opinion a few weeks ago in a
18   different Google case, *Google Cookie Placement*.  The same
19   objections were made.  The Third Circuit found that you can
20   have a cy-pres-only settlement, but they wanted the district
21   court to go into more detail as to how she reached her
22   decisions.
23        I can give you a Westlaw cite, but that's all I have on it
24   so far.
25             THE COURT:  I have it.
```

1    I want to advise the parties that in the event -- well,
2 I think in either event.  In either event, I will ultimately
3 write as detailed an opinion as I can as to why I did what I
4 did, because I think that it can't just be boilerplate here.
5 It has to really identify what the issues are and how I came to
6 the conclusion I've come to so that an appellate court will
7 have at least, as they say, the benefit of my reasoning,
8 because I think that it's important that I cover, as they say,
9 the bases and not listen to some appellate court send it back
10 to me, saying:  Well, the judge didn't address this issue or
11 address this issue.
12    This litigation must come to an end in one way or another.
13 It's now nine years in the making.  I've tried.  Boy, I've
14 tried to get the parties to move ahead on it, and they have.
15 And it's been a long and, understandably, sort of laborious
16 process.  It's lawyer-intensive.
17    I don't know that -- I don't need to comment on, was it
18 all worth it?  I don't know.  I mean, that's always an
19 interesting question.  It may be worth it for reasons that
20 actually look sort of unrelated to this particular litigation.
21    We are now into a whole unexplored, but sensitive, area
22 dealing with privacy in the cyberworld; where I would say ten
23 years ago, it was:  Oh, well, this is a technical issue or who
24 cares?  One of those things about:  Who cares?  Well, I think,
25 basically, people care; individuals care; companies care;

1  governments care.  And so this is an area that will foment

2  practices, litigation, jurisprudence, and I think it's

3  worthwhile.

4      So what I'm saying is that what you have done up to now,

5  while it has not been -- while it's moved slowly and perhaps

6  gone in directions that were not necessarily possible to

7  predict at the outset of the litigation, it is significant

8  litigation, and I want to thank the parties for doing that.  I

9  had to, every now and then -- I certainly didn't yell, but I

10 gave a judicial yell.  But on the other hand, the parties were

11 very responsive, and I think appropriately so, in connection

12 with the ongoing development of jurisprudence in this area.

13     I certainly, for one, can't predict how it's all going to

14 come out.  Maybe you guys can, but I wouldn't.  I don't think

15 so.  Not in this area.

16         **MR. MACORETTA:**  When we filed the case nine years ago,

17 we did not think we would be discussing preliminary approval

18 nine years later.  We thought, in one sense, it was a simple

19 case.  We'll sue them; we'll get the data; and we'll see what

20 happens.  But, yes.

21         **THE COURT:**  Well, sometimes the data doesn't quite --

22         **MR. MACORETTA:**  Yes.

23         **THE COURT:**  -- show exactly what one wants.

24         **MR. MACORETTA:**  It's not just a simple wiretap case,

25 no.

1  **THE COURT:** So I will hereby preliminarily approve the
2  preliminary settlement.
3      You wanted a date and the notice and so forth --
4  **MR. MACORETTA:** Yes.
5  **THE COURT:** -- as amended?
6  **MR. MACORETTA:** We would propose -- we looked at the
7  calendar, Judge. It seems like, giving us enough time to get
8  all the notice out and everybody to object, we would propose
9  Friday, February 14.
10 **THE COURT:** Oh. Valentine's Day. Perfect.
11 **MR. MACORETTA:** My wife may not see it that way, but,
12 yes.
13 **THE COURT:** Perfect. What a great Valentine's gift.
14 Okay. That will be the date.
15 **MR. MACORETTA:** All right. Well, thank you,
16 Your Honor.
17 **THE COURT:** Thank you very much.
18 **MR. WILLEN:** Thank you, Your Honor.
19 **MR. MACORETTA:** Thank you.
20 **MR. WILLEN:** We appreciate it.
21 **THE CLERK:** That concludes CourtCall. Thank you.
22         (Proceedings adjourned at 10:35 a.m.)
23                 ---o0o---
24
25

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   Wednesday, October 30, 2019

*Ana M. Dub* (signature)

Ana M. Dub, CSR No. 7445, RDR, CRR, CCRR, CRG, CCG
Official Reporter, U.S. District Court