Theodore H. Frank (SBN 196332)
HAMILTON LINCOLN LAW INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
1629 K Street NW, Suite 300
Washington, DC 20006
Voice: 703-203-3848
Email: ted.frank@hlli.org

*Attorneys for Objector David Lowery*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE LLC STREET VIEW ELECTRONIC COMMUNICATIONS LITIGATION<br><br>DAVID LOWERY,<br><br>Objector. | Case No. 3:10-md-02184-CRB<br><br>**DECLARATION OF DAVID LOWERY**<br><br>Time: 10:00 A.M.<br>Date: February 28, 2020<br>Judge: Hon. Charles R. Breyer<br>Courtroom: 6, 17th Floor |

I, David Lowery, declare as follows:

1. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. My full name is David Charles Lowery. My current address is 619 Hill Street, Athens, Georgia 30606. My email address is davidclowery@live.com. I am a professional recording and performing artist who, among other things, founded the musical groups Cracker and Camper Van Beethoven, which had eight top-ten Modern Rock/Rock/AAA tracks, and one gold and one platinum album. I founded one of the first artist-owned independent labels, Pitch-A-Tent Records. I've produced platinum albums for the Counting Crows. Additionally, I lecture at the at the University of Georgia Terry College of Business; have testified before the U.S. House of Representatives Subcommittee on the Courts, Intellectual Property and the Internet; and frequently comment on copyright policy and artist rights in a variety of outlets, including at my blog, TheTrichordist.com. *See The Scope of Fair Use: Hearing before the Subcomm. on the Courts, Intellectual Property and the Internet of the H. Comm. on the Judiciary*, 113th Cong. (Jan. 28, 2014). I'm a former systems operator and coder with a degree in mathematics and am familiar with technological issues. I have long complained about Google's lobbying against the interests of creators on copyright issues, and its use of *cy pres* to resolve litigation where the recipients are organizations that support Google on copyright issues. I previously submitted an *amicus* brief in support of the petitioners in the Supreme Court case of *Frank v. Gaos* against Google's abuse of *cy pres*, and plan to submit other *amicus* briefs on copyright issues in other cases.

3. I declare under penalty of perjury that I used an unencrypted wireless network in the United States between January 1, 2007 and May 15, 2010. Specifically, during this class period, I was a member of a partnership that maintained as its office a recording studio, Sound of Music, that at the time used unencrypted WiFi for personal devices because of compatibility issues with wireless recording controllers. At this location, 321 Broad St. in Richmond, Virginia, I used the unencrypted WiFi connections to send and receive various types of private payload data, including usernames, passwords, and personal emails. The office is viewable on Google Maps and Street View during the time I was using the unencrypted WiFi, including photographic captures from April 2009. I did not give permission for Google to collect data from my network. On information and belief, during the class period Google surreptitiously collected, decoded, and stored data from my WiFi connection, including payload data.

4. I am not a director, officer or affiliate of Google or any of the released parties. I am not a judge or member of the judicial staff over seeing this case. I have not exercised my right to be excluded from the class.

5. I intend to appear through my counsel Ted Frank at the fairness hearing currently scheduled for February 28, 2020. His contact information appears in the caption of this document.

6. I bring this objection in good faith. I have no intention of settling this objection for any sort of side payment. Unlike many objectors who attempt or threaten to disrupt a settlement unless plaintiffs' attorneys buy them off with a share of attorneys' fees, it is my understanding and belief that CCAF does not engage in *quid pro quo* settlements and will not withdraw an objection or appeal in exchange for payment.

7. Thus, if contrary to CCAF's practice and recommendation, I agree to withdraw my objection or any subsequent appeal for a payment by plaintiffs' attorneys or the defendant(s) paid to me or any person or entity related to me in any way without court approval, I hereby irrevocably waive any and all defenses to a motion seeking disgorgement of any and all funds paid in exchange for dismissing my objection or appeal.

8. The specific grounds of my objection are identified in the memorandum to be filed by my attorney contemporaneously with this declaration.

9. As a zealous advocate for artists, writers, musicians, and performers, I oppose the work of certain of the proposed *cy pres* recipients and do not wish money that belongs to me and other class members to sustain their programs that often work against the interests of copyright holders. In particular, Public Knowledge has essentially acted as an arm of Google's public policy operation in Washington, D.C. Public Knowledge regularly takes stands on copyright issues that support Google at the expense of musicians like me, and currently opposes proposals for copyright small-claims court that I support. The ACLU and Center for Digital Democracy also take positions that have been helpful to Google on copyright and adverse to my interests.

10. My objection applies to the entire class.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 17, 2020, in Philadelphia, Pennsylvania.



David Lowery