Jeffrey L. Kodroff
SPECTOR ROSEMAN & KODROFF PC
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Daniel A. Small
COHEN MILSTEIN SELLERS & TOLL
1100 New York Avenue NW
Suite 500 West
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

*Class and Co-Lead Counsel*

Michael W. Sobol
LIEFF CABRASER HEIMANN & BERNSTEIN LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1100
Facsimile: (415) 956-1008

*Class and Liaison Counsel*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE LLC STREET VIEW ELECTRONIC COMMUNICATIONS LITIGATION** | Case No.  3:10-md-02184-CRB<br><br>**DECLARATION OF JEFFREY L. KODROFF, DANIEL A. SMALL, AND MICHAEL W. SOBOL IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:        February 28, 2020<br>Time:        10:00 a.m.<br>Judge:      Hon. Charles R. Breyer<br>Courtroom: 6, 17th Floor |

We, JEFFREY KODROFF, DANIEL SMALL, and MICHAEL SOBOL declare:

1. Jeffrey Kodroff is a member in good standing of the Pennsylvania State Bar and a partner in the law firm Spector, Roseman & Kodroff, PC ("SRK"). Daniel Small is a member in good standing of the Maryland State Bar and the Washington, D.C. Bar and a partner in the law firm Cohen, Milstein, Sellers & Toll PLLC ("CMST"). Michael Sobol is a member in good standing of the California State Bar and a partner in the law firm Lieff, Cabraser, Heimann & Bernstein, LLP ("LCHB"). We submit this declaration jointly in support of Plaintiffs' Reply in Support of Final Approval of Class Action Settlement. Except as otherwise noted, we have personal knowledge of the facts set forth herein, and if called to testify thereto, could and would do so competently.

2. SRK and CMST served as Co-Lead Interim Class Counsel, and LCHB served as Interim Class and Liaison Counsel in this consolidated litigation from October 2010 until October 2019, when the Court preliminarily appointed SRK and CMST Co-Lead Class Counsel and appointed LCHB Liaison Class Counsel. In these positions, we have had a primary role in devising the litigation and settlement strategies for the Class, and we have been actively and personally involved in prosecuting and resolving the litigation.

3. SRK, CMST, and LCHB (collectively, "Class Counsel") estimate the size of the Class at approximately 60 million members. This estimate is based on discovery in the case and comparison to a parallel investigation by the Canadian government. Discovery showed that Google's Street View program collected more than 3 billion wireless data packets, including 300 million "Payload Data" frames. An investigation by the Canadian government estimated that Google's Street View program had captured data from about 6 million persons or entities in that country. *See* Office of the Privacy commissioner of Canada, *Preliminary Letter of Findings* (last modified October 19, 2010), https://www.priv.gc.ca/en/opc-news/news-and-announcements/2010/let_101019/. A proportional collection of data in the United States implies a Class size of approximately 60 million members. This is Class Counsel's estimate of the size of the Class.

4. The Settlement Agreement establishes a common fund of $13 million, out of which *cy pres* awards, attorneys' fees and expenses, and administration costs will be paid. *See* Dkt. 166-1, at 6-7. Even presuming agreement by Google and assuming away *all* attorneys' fees, expenses, and administration costs, a settlement that directed the Settlement Fund to payments to Class Members instead of *cy pres* recipients could provide, at most, an estimated entitlement of only $0.22 per Class Member. Should the Court grant Class Counsel's request for fees and expenses, such a settlement would provide at most an estimated entitlement of only $0.15 per Class Member. Even if Class Members could be identified with reasonable efficiency—and they cannot—the costs of mailing checks to Class Members would exceed the awards.

5. No hypothetical claims process that distributes the Settlement Fund directly to Class Members would result in a majority of Class members receiving financial compensation. A claims rate of 1%, for instance, could conceivably direct payments to Class Members of between $15 and $22 (again assuming that Google would agree to the settlement, and assuming away all administration costs and some portion of attorneys' fees and expenses). This hypothetical would leave 99% of Class Members uncompensated. A claims rate of 51% would yield payments between $0.30 and $0.43, less than the cost of standard postage to send the funds to Class members.

6. Because no method of direct payments would direct substantial benefits to a substantial portion of the Class, Class Counsel believe the Settlement Fund is non-distributable under Ninth Circuit law.

7. Class Counsel in their capacity as fiduciaries to the Class believe that the *cy pres* awards agreed to in the Settlement Agreement better serve the interests of the Class. Class Counsel believe the *cy pres* awards will provide a compensatory benefit to the vast majority of Class Members in the form of improved internet privacy. Class Counsel also believe the *cy pres* awards distribute benefit more equitably across the Class, and amplify the deterrence benefits of the settlement over any scheme of direct payment.

I declare under penalty of perjury that the foregoing is true and correct as to all matters of which I have personal knowledge.  Executed this 19th day of February, 2020 in Philadelphia, Pennsylvania.

                                */s/ Jeffrey L. Kodroff*
                                Jeffrey L. Kodroff

I declare under penalty of perjury that the foregoing is true and correct as to all matters of which I have personal knowledge.  Executed this 19th day of February, 2020 in Washington, D.C. .

                                */s/ Daniel A. Small*
                                Daniel A. Small

I declare under penalty of perjury that the foregoing is true and correct as to all matters of which I have personal knowledge.  Executed this 19th day of February, 2020 in San Francisco, California.

                                */s/ Michael W. Sobol*
                                Michael W. Sobol

**ATTESTATION**

I, Daniel Small, am the ECF user whose identification and password are being used to file this Joint Declaration. I hereby attest that Jeffrey Kodroff and Michael Sobol have concurred in this filing.

*/s/ Daniel A. Small*
Daniel A. Small, Esq.

- 5 -

JOINT DECL. OF CLASS COUNSEL ISO MOTION FOR
FINAL APPROVAL
CASE NO.  3:10-MD-02184-CRB