1  JEFFREY L. KODROFF
   JOHN A. MACORETTA
2  MARY ANN GEPPERT
   SPECTOR ROSEMAN & KODROFF PC
3  2001 Market Street
   Suite 3420
4  Philadelphia, PA 19103
   Telephone: (215) 496-0300
5  Facsimile: (215) 496-6611

6  DANIEL A. SMALL
   ROBERT W. COBBS
7  COHEN MILSTEIN SELLERS & TOLL
   1100 New York Avenue NW
8  Suite 500 West
   Washington, DC 20005
9  Telephone: (202) 408-4600
   Facsimile: (202) 408-4699
10
11 *Class and Co-Lead Counsel*

12 ELIZABETH J. CABRASER
   MICHAEL W. SOBOL
13 MELISSA GARDNER
   LIEFF CABRASER HEIMANN & BERNSTEIN LLP
   275 Battery Street, 29th Floor
14 San Francisco, CA 94111
   Telephone: (415) 956-1000
15
16 *Class and Liaison Counsel*

                    UNITED STATES DISTRICT COURT
17
                   NORTHERN DISTRICT OF CALIFORNIA
18
                      SAN FRANCISCO DIVISION
19

20
   IN RE GOOGLE LLC STREET VIEW          Case No.  3:10-md-02184-CRB
21 ELECTRONIC COMMUNICATIONS
   LITIGATION                            **CLASS ACTION**
22
                                         **PLAINTIFFS' RESPONSE TO *AMICUS***
23                                       ***CURIAE* BRIEF OF NINE ATTORNEYS**
                                         **GENERAL**
24
                                         Date:       February 28, 2020
25                                       Time:       10:00 a.m.
                                         Courtroom:  6, 17th Floor
26                                       Judge:      The Hon. Charles R. Breyer

27

28

1   Rather than giving this Court any guidance on how to analyze the proposed Settlement

2   here, the *Amicus Curiae* Brief submitted by nine state attorneys general (the "Objecting AGs") is

3   simply a generalized rant about *cy pres* only settlements. The Objecting AGs argue that the *cy*

4   *pres* distributions provide "nothing" to absent class members,[1] when in fact *cy pres* distributions

5   are the *best* way to ensure benefits to the class.  *Cy pres* distributions here are by intention, and by

6   legal requirement, fashioned to advance class members' interests when a direct distribution to the

7   class members is impossible or impractical.  The proposed *cy pres* awards will strengthen

8   organizations committed to guarding class members' internet privacy.  These benefits are

9   meaningful, and they are fully tethered to the goals of this litigation and the interests of the class

10   as required by Ninth Circuit authority.[2]

11   The Objecting AGs' position is further undercut by the fact that the Objecting AGs either

12   settled claims regarding the exact same Google conduct for *less consideration* than Class Counsel

13   has obtained, or never even sought to redress this conduct at all.  In 2013, a group of state AGs

14   (including six of the nine Objecting AGs here, the other three Objecting AGs being noticeably

15   absent) entered into an Assurance of Voluntary Compliance ("AVC") with Google relating to the

16   collection of certain data by Google Street View vehicles from unencrypted WiFi networks.[3]

17   Through the AVC, Google paid $7 million to those state AGs, and agreed to undertake certain

18   privacy measures, with many of these obligations ceasing after two years.  The $13 million

19   Settlement fund here almost *doubles* the monetary relief in the AVC, while the corrective and

20   forward-looking injunctive relief in the proposed Settlement not only requires Google to destroy

21   payload data but also extends *by at least two years* Google's obligations to maintain certain

22   privacy programs, and *expands* Google's obligations to host and maintain educational webpages

23   to inform users about WiFi security. A comparison between the proposed Settlement here and the

24   relief obtained by the various state AGs demonstrates that this Settlement is not only fair,

---

[1] Objecting AG Br., ECF No. 189-1, at 3.

[2] *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011) (appropriately tethered *cy pres* is "the next best compensation use" of settlement funds where circumstances do not permit direct compensation).

[3] The AVC is attached to Class Counsel's Joint Declaration in support of Final Approval, ECF No. 186, as Exhibit F.

1    reasonable, and adequate, but a good result for the class and should be approved.

2        Rather than giving this Court any guidance on how to analyze the proposed Settlement

3    here, the Objecting AGs' brief tries to mount an ideologically motivated challenge to *cy pres*

4    settlements while ignoring the real value of the distributions to class members. The Objecting

5    AGs Brief provides no value to this Court and should be disregarded.

6    **I.        THE OBJECTING AGs' BRIEF IS OF NO HELP TO THIS COURT**

7        The Objecting AGs' *Amicus* Brief is clearly intended for an audience other than this

8    Court.  Nowhere do the Objecting AGs mention, let alone analyze, the appropriate standard this

9    Court must use in determining whether to approve the proposed class Settlement.  The Objecting

10   AGs' Brief is silent on the  Ninth Circuit's ruling *In re Google Referrer Header Privacy*

11   *Litigation,* 869, F.3d 737 (9th Cir. 2017) (vacated on other grounds), which approved a *cy pres*

12   only settlement and identified the criteria a District Court should apply when considering

13   approval of a *cy pres* distribution (such as the one proposed here).  This guidance from the Ninth

14   Circuit is not even considered by the Objecting AGs.

15       Nor do the Objecting AGs address the well-settled principles that *cy pres* distributions

16   provide a benefit to class members, further the goals of class litigation, and secure the deterrence

17   objectives of underlying laws and statutes.  *See* American Law Institute, Principles of the Law of

18   Aggregate Litigation § 3.07, cmt. b (2010) (noting that without *cy pres*, defendants could retain

19   the funds otherwise distributed to charities, and that such an outcome "would undermine the

20   deterrence function of class actions and the underlying substantive-law basis of the recovery by

21   rewarding the alleged wrongdoer"); 4 William B. Rubinstein, *Newberg on Class Actions* § 12:26

22   (5th ed. 2019 update) ("[C]*y pres* distributions provide indirect compensation to the plaintiff class

23   by funding activities that are in the class's interest.  Indeed, large multimillion-dollar

24   contributions to charities related to the plaintiffs' causes of action arguably do more good for the

25   plaintiffs than would a miniscule sum of money distributed directly to them.").

26       The Objecting AGs also ignore the most recent Court of Appeals opinion on *cy pres* only

27   settlements: the Third Circuit's rejection of many of the same arguments against *cy pres*

28   settlements made here in *In re Google Inc. Cookie Placement Consumer Privacy Litigation*, 934

1   F.3d 316 (3d Cir. 2019) (The court "disagree[s] with Frank that *cy pres*-only settlements are

2   unfair *per se* under Rule 23(e)(2). In some cases a *cy pres*-only settlement may be proper."). Nor

3   do the AGs discuss other Courts of Appeals that have considered and approved class settlements

4   that gave no direct monetary relief to class members, such as *Zimmerman v. Bell,* 800 F.2d 386,

5   391 (4th Cir. 1986) (non-monetary settlement relief adequate); *Maher v. Zapata Corp.,* 714 F.2d

6   436, 466 (5th Cir. 1983) (non-monetary relief adequate settlement relief) and *New York v. Reebok*

7   *Int'l Ltd.*, 96 F.3d 44, 49 (2d Cir. 1996).

8          The Objecting AGs' brief is simply a screed against "*cy pres* only" settlements, containing

9   snippets of rulings from cases and statements of individual judges. Of course, such statements are

10  not precedent, and are certainly not binding on this Court. The Objecting AGs' brief makes clear

11  that they have a strong philosophical bias against *cy pres* settlements, but it does not cite any case

12  supporting the flat prohibition on *cy pres* settlements they advocate, nor does it address the facts

13  of this case that make a *cy pres* settlement appropriate here. Putting aside the injunctive relief,

14  the realistic alternative to the proposed *cy pres* distributions in this case is no relief to all or the

15  vast majority of the class.

16         The Objecting AGs ignore the fact that no court has taken the position they now advocate.

17  They propose "sending the parties back to divide the settlement proceeds" among class members,

18  but offer no factual support for their bald assertion that a distribution to class members is even

19  possible in this case, an assertion that contradicts the record and the experience of the parties after

20  a decade of contested litigation.[4]  The Objecting AGs offer no reason why this Court should

21  deviate from the recent Ninth Circuit precedent in *Google Referrer Header Privacy Litigation*.

22  As detailed in the approval papers, this Settlement is fair, reasonable and adequate and fully

23  complies with the Ninth Circuit's requirements and Rule 23. Therefore, the Settlement should be

24  approved.

25  **II.      THE IRONY OF THE OBJECTING AGs**

26         The Objecting AGs' positions are particularly weak when considered in relation to their

27  own prior actions relating to their investigations of Google's Street View vehicles. To begin, of

28  ------
    [4] Objecting AG Br., ECF No. 189-1, at 2.

the nine Objecting AGs, six of them previously entered into the AVC settlement with Google over the same subject matter.[5]  In the AVC the state attorneys general obtained less monetary relief from Google ($7 million for the AGs versus $13 million in the Class Settlement) and similar injunctive relief (though much of the relief obtained by those state AGs has expired or is about to expire).  By comparison, the proposed Settlement here is almost twice as large as what 6 of the 9 Objecting AGs viewed as fair and reasonable to resolve the government action. Secondly, their argument that Plaintiffs' Settlement is inadequate because there is no distribution to class members is specious considering that: (1) three of the Objecting AGs (Alabama, Idaho and Indiana) chose not to join the AVC and therefore did not pursue any claim against Google at all; and (2) the other six Objecting AGs that were part of the AVC that settled with Google for only $7 million chose not to distribute any of these funds to class members in their own states. Thus, while they challenge this Settlement for not attempting the infeasible feat of distributing funds directly to class members, most of the Objecting AGs agreed to a settlement that put all of the settlement money into their own state coffers.  None of the Objecting AGs made distributions to their citizens or used any funds to support guardians of their citizens' privacy.

Finally, in addition, the AVC stated, "[t]he Payload Data collection occurred without the knowledge of Google executives."[6] This language drastically undercut Class Plaintiffs' ability to collect damages in this case since both criminal and civil liability under the Wiretap Act are subject to good faith defenses. Thus, the AGs' agreement that class members' data was collected without Google executives' knowledge was available to support Google's good faith defense, thereby potentially eliminating Class Plaintiffs' ability to obtain damages for the class.

It is preposterous and hypocritical for the Objecting AGs to suggest that this Court reject a settlement that provides more and better relief than they themselves obtained from Google over the same conduct.

---

[5] Alaska, Arizona, Arkansas, Louisiana, Missouri and Ohio are all parties to the AG Settlement with Google.  *See* AVC, ECF No. 186, Ex. F at 1.

[6] AVC, ECF No. 186, Ex. F, at 2 ¶ 10.

**A.      The Objecting AGs Raise Phantom Issues**

The Objecting AGs mention several potential dangers of *cy pres* only settlements, but fail to explain why the Court should fear those phantom ills under the facts of this Settlement.  Those ills have not materialized.  Indeed, the terms of this Settlement ensure that the Objecting AGs' phantoms create no basis to deny approval of this Settlement.

The Objecting AGs suggest that a *cy pres* only settlement can cause the interests of class members and class counsel to "diverge" because of counsel's interest in obtaining a fee.[7]  Here, as discussed in the accompanying reply brief, class counsel believe the best way to provide a benefit to all class members is through the proposed *cy pres* distribution, in light of the circumstances here.  Moreover, in this case, class counsel has asked for the benchmark award of 25% of the Settlement award as attorney's fees.  *See* Motion for Attorneys' Fees, ECF No. 185, at 1.  Of course, as in every class action settlement, the ultimate decision on what fees class counsel will receive is up to this Court.  *See In re Hyundai & Kia Fuel Econ. Litig.,* 926 F.3d 539, 570 (9th Cir. 2019).  The Court can award less than class counsel has requested, if the Court believes it is appropriate.  As detailed in class counsel's Motion for Attorneys' Fees, even an award of 25% will be significantly below class counsel's lodestar and will not result in a windfall for counsel.  ECF No. 185, at 14-17.  The facts of class counsel's fee application in this case, and class counsel's diligent representation of the class to obtain this Settlement, are completely ignored by the Objecting AGs.

The Objecting AGs' suggestion that Google may actually prefer a *cy pres* settlement for purported public relations benefits or because its preferred charities may receive funds[8] also ignores the facts of this case and the details of the proposed Settlement.  Here, it is the Court who will make the ultimate decision as to what entities receive the *cy pres* funds, not Google nor class counsel.  Plaintiffs' counsel proposed eight charities who could receive *cy pres* funds.  *See* Motion for Preliminary Approval, ECF No. 166, at 6.  One additional charity, Electronic Privacy Information Center ("EPIC"), has filed its own application for a portion of the *cy pres* funds.

---

[7] Objecting AG Br., ECF No. 189-1, at 10.
[8] Objecting AG Br., ECF No. 189-1, at 10.

Pursuant to the settlement, the Court has full discretion to award any amount of the *cy pres* funds to any of the institutions seeking the awards, or to make an award to different organizations the Court believes appropriate.  Settlement Agreement, ECF No. 166-1, Ex. A, at ¶¶ 11, 29-32.

By contrast, Google played no role in identifying or selecting the proposed *cy pres* recipients.  Google did disclose what charitable contributions it had previously made to these organizations.  One of the potential *cy pres* recipients, EPIC, has actively opposed Google in several situations.  It is simply wrong (and wholly without foundation) to suggest that Google perceived a public relations benefit from a *cy pres* settlement when the Settlement was agreed to or today.

### III.    <u>CONCLUSION</u>

The Objecting AGs here are not friends of the Court, in that nothing they offer is helpful in analyzing the proposed class Settlement and deciding whether to approve it under existing Ninth Circuit precedent.  Generalized complaining about *cy pres* settlements, especially from parties who previously chose not to pursue claims against Google, or entered into settlements of lesser value over the same subject matter, are of no value to this Court's consideration, and therefore the Objecting Attorney Generals' Brief should be ignored in its entirety.

1    Dated: February 19, 2020        Respectfully submitted,

2

3                             By:          *Jeffrey L. Kodroff*
                                         Jeffrey L. Kodroff

4                             COHEN MILSTEIN SELLERS & TOLL

5                             Daniel A. Small
                            Robert W. Cobbs

6                             1100 New York Avenue NW
                            Suite 500 West

7                             Washington, DC 20005
                            Telephone: (202) 408-4600

8                             Facsimile: (202) 408-4699
                            Email: dsmall@cohenmilstein.com

9                             rcobbs@cohenmilstein.com

10                           SPECTOR ROSEMAN & KODROFF PC
                          Jeffrey L. Kodroff

11                           John A. Macoretta
                          Mary Ann Geppert

12                           2001 Market Street
                          Suite 3420

13                           Philadelphia, PA 19103
                          Telephone: (215) 496-0300

14                           Facsimile: (215) 496-6611
                          Email: jkodroff@srkattorneys.com

15                           jmacoretta@srkattorneys.com
                          mgeppert@srkattorneys.com

16                           *Class and Co-Lead Counsel*

17

18                           Elizabeth J. Cabraser (State Bar No. 083151)
                          Michael W. Sobol (State Bar No. 194857)

19                           Melissa Gardner (State Bar No. 289096)
                          LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

20                           275 Battery Street, 29th Floor
                          San Francisco, CA 94111-3339

21                           Telephone: 415.956.1000
                          Facsimile: 415.956.1008

22                           ecabraser@lchb.com
                          msobol@lchb.com

23                           mgardner@lchb.com

24                           *Class and Liaison Counsel*

25

26

27

28

1

## **ATTESTATION**

2      I, Daniel Small, am the ECF user whose identification and password are being used to file

3 this Response. I hereby attest that Jeffrey Kodroff and Daniel Small have concurred in this filing.

4                          */s/ Daniel A. Small*
                          Daniel A. Small, Esq.
5

6

## **CERTIFICATE OF SERVICE**

7      I hereby certify that on February 19, 2020, I electronically filed the foregoing document

8 with the Clerk of the Court using the CM/ECF system, which will automatically send notification

9 of the filing to all counsel of record.

10

11                          */s/ Daniel A. Small*
                          Daniel A. Small, Esq.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28